1   Robert B. Jobe (Cal. State Bar #133089)
    LAW OFFICE OF ROBERT B. JOBE
2   550 Kearny Street, Suite 200
    San Francisco, CA 94108
3   (415) 956-5513 (phone)
    (415) 840-0308 (fax)
4
    Attorney for Petitioner,
5   Jose Guido.

6

7                   UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10
    JOSE GUIDO,                          )     No.    C 07-3873 MJJ
11                                       )
                                         )
12            Petitioner,                )
                                         )
13        v.                             )
                                         )
14  LT. DAVID SEPULVEDA, JAIL            )     EXHIBITS TO PETITION FOR WRIT
    ADMINISTRATOR, SANTA CLARA           )     OF HABEAS CORPUS PURSUANT
15  COUNTY DEPARTMENT OF                 )     TO 28 § U.S.C. § 2241
    CORRECTION; ET AL.,                  )
16                                       )
              Respondents.               )
17  _____ )

18  •    Exh. 1 (Notice to Appear);

19  •    Exh. 2 (IJ's Amended Memorandum and Order, April 20, 2007);

20  •    Exh. 3 (BIA Decision);

21  •    Exh. 4 (Criminal Docket Sheet);

22  •    Exh. 5 (Information);

23  •    Exh. 6 (Criminal Docket Sheet);

24  •    Exh. 7 (Petition for Alien Relative); and

25  •    Exh. 8 (Pearson Memo)(reproduced from 76 No. 27 Interpreter Releases 1077, 1099).

26

27

28  Exhibits to Petition for Writ of Habeas Corpus
    C 07-3873 MJJ

# Exhibit
# 1

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A041 840 419
Case No: SFR0603001220

In the Matter of:

Respondent: Jose GUIDO-Ruiz _____ currently residing at:

~~none provided~~            *ICE Custody*            _____
(Number, street, city state and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

   **See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

   **See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
_____
(Complete Address of Immigration Court, Including Room Number, if any)

on  a date to be set     at  a time to be set  to show why you should not be removed from the United States based on the
     (Date)                   (Time)
charge(s) set forth above.                     *Mitchell Ruiz*
                                         *Group Supervisor*
                                         (Signature and Title of Issuing Officer)

Date: 3/19/07                          *Oakland California*
                                         (City and State)

### See reverse for important information

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form **I-862**

| Alien's Name | File Number | Date |
|---|---|---|
| Jose GUIDO-Ruiz | Case No: SFR0603001220 A041 840 419 | 3/19/07 |

**The Service alleges that you:**

1) You are not a citizen or national of the United States; A

2) You are a native of MEXICO and a citizen of MEXICO; A

3) You were admitted to the United States at San Ysidro, California on or about August 12, 1987 as a permanent resident on a conditional basis, under section 201 (b); A

4) Your status was adjusted to that of an IR1 - Lawful permanent resident on August A 1, 1989.

5) You were, on April 30, 1992, convicted in the in the Superior Court of California, in and for the County of Sonoma, for the offense of Lewd and D Lascivious Acts with a Child Under 14 Years of Age, in violation of Section 288(A) of the Penal Code.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the Act, a law relating to Sexual Abuse of a Minor.

| Signature | Title |
|---|---|
| *Michell Rio* | *Group Supervisor* |

_3_ of _3_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

REFUSED TO SIGN
_____
(Signature of Respondent)

Before: _____  SPECIAL AGENT    Date: 03/19/2007
(Signature and Title of INS Officer)

## Certificate of Service

This Notice to Appear was served on the respondent by me on _03/19/07_ , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

REFUSED TO SIGN
_____
(Signature of Respondent if Personally Served)

_____  SPECIAL AGENT
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Custody Determination

Jose GUIDO-Ruiz

No Address Provided

Case No: SFR0603001220
File No: A041 840 419

Date: ~~03/28/2006~~
3/19/2007

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.  *NO BOND*

☐ released under bond in the amount of $_____.

☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

237 (a)(2)(A)(iii)

_Mitchell Ross_
(Signature of authorized officer)

_Group Spenser_
(Title of authorized officer)

_Oakland, California_
(INS office location)

☐ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☐ I acknowledge receipt of this notification.

REFUSED TO SIGN
(Signature of respondent)

03/19/07
(Date)

1420
(C-Time)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ District Director     ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to _____

☐ Release-Order of Recognizance
☐ Release-Personal Recognizance
☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

Exhibit
2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

In re:                                   )
                                         )
    Jose Guido Ruiz,                     )          **File Number:  A 41 840 419**
                                         )
        Respondent.                  )          <u>In Bond Proceedings</u>
                                         )
——————————————————————— )

<u>On Behalf of the Respondent:</u>
Gloria Lopez, Esq.
703 Market Street, Suite 306
San Francisco, CA 94103

<u>On Behalf of DHS:</u>
Patricia Spaletta, Esq.
Office of the Chief Counsel, DHS
P.O. Box 26449
San Francisco, CA 94126-6449

## <u>AMENDED MEMORANDUM AND ORDER</u>

The Memorandum and Order entered on April 16, 2007 is **WITHDRAWN**.  The following is substituted for that disposition.

The respondent is charged as a native and citizen of Mexico who entered the United States in 1987 and who became a lawful permanent resident in 1989.  In 1992 respondent was convicted for Lewd and Lascivious Acts with a Child Under 14 Years of Age in violation of California Penal Code section 288(a).  This crime is categorically an aggravated felony under INA section 101(a)(43)(A).  He does not contest that he was arrested and convicted in 2003 for Failure to Register as a Sex Offender in violation of California Penal Code section 290.  *See* Bond Exhibit 2;  Respondent's Brief Regarding Bond Eligibility.  The government seeks removal under INA 237(a)(2)(A)(iii) (conviction for an aggravated felony).  Respondent has moved for bond while proceedings are pending.

The government's position is that the respondent has committed two crimes of moral turpitude, one of which occurred after the expiration of the Transition Period Custody Rules (TPCR) on October 8, 1998 and he is therefore subject to mandatory detention under INA 236(c)(1)(B).  The respondent's position is that section 290 does noes not describe a crime of moral turpitude, and that as a result respondent's release from custody for committing that offense does not bring him within the ambit of section 236(c).

1

1. The court cannot agree with the government that, under California law, failure to register as a sex offender is a crime of moral turpitude. In *People v. Barker*, 34 Cal 4th 345, 18 Cal. Rptr. 3d 260 (2004), the California Supreme Court held that a defendant cannot assert as a defense to a section 290 charge that he forgot to register. In substance the court held that some things are so important that the failure to take steps to ensure that they are done is itself a crime. By eliminating the defense of forgetfulness, the court held that forgetting to register is a "willful" violation of section 290. *Id.* at 352-53.

The California Supreme Court could have held that a jury could properly infer an intent not to register from the combination of notice of the registration requirement and the fact of the failure to register. But the actual holding of the case embraces a kind of strict liability for failing to register unless, perhaps, a person is physically or mentally incapable of doing so. *Id.* at 358 n.3.

While it is reprehensible for a sex offender to fail to take steps to ensure that he registers as required by law, forgetting to take those steps does not necessarily require evil intent, a corrupt mind, or a willingness to commit acts of baseness or depravity. Thus, the full range of conduct prohibited by the statute is broader than conduct that would be turpitudinous.

2. The court also cannot agree with the respondent that the circumstances of his release from criminal custody exempt him from mandatory detention. Section 236(c), as modified by the TPCR, directs that aliens who have committed specified criminal offenses be taken into custody and detained pending removal proceedings. This is to be done, among other things, "without regard to whether the alien may be arrested or imprisoned for the same offense." Under the Double Jeopardy Clause and the Due Process Clause of the federal constitution a person cannot be lawfully arrested and imprisoned a second time for an offense after a conviction for that same offense. Thus, section 236(c) appears to contemplate detention for a person who has committed an enumerated offense in the past and who, after the TPCR, has been arrested, not convicted, and released. If that is true, it is immaterial whether the subsequent arrest relates to a removable offense, and immaterial what proceedings take place in state court. The dispositive question becomes simply whether the respondent was in the physical custody of the state on criminal charges after the expiration of the TPCR.

The BIA has noted that in enacting section 236(c) "Congress was frustrated with the ability of aliens, and particularly criminal aliens, to avoid deportation if they were not actually in service custody when their proceedings were completed" and that "Congress was not simply concerned with detaining and removing aliens coming directly out of criminal custody; it was concerned with detaining and removing *all* criminal aliens." *In re Rojas*, 23 I&N Dec. 117, 122 (BIA 2001) (emphasis in original). The Board has also held that the word "release" in the context of section 236(c) "can also refer to release from physical custody following arrest. . . ." *In re West*, 22 I&N Dec. 1405, 1410 (BIA 200); *see also In re Kotilar*, 24 I&N Dec.124 (BIA 2007).

Because respondent has been convicted of a crime specified in INA 236(c)(1)(B), and he was

lawfully arrested and released from criminal custody after the expiration of the Transition Period Custody Rules, he is subject to mandatory detention.

Respondent's motion for bond redetermination is **DENIED**.


Dated: April 20, 2007


_Anthony S. Murry_
Anthony S. Murry
Immigration Judge

# Exhibit
# 3



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Lopez, Gloria, Esquire
703 Market St., Suite 306
San Francisco, CA 94103-0000

**Office of the District Counsel/SFR**
P.O. Box 26449
San Francisco, CA 94126-6449


Name: GUIDO-RUIZ, JOSE                        A41-840-419


<u>D</u>ate of this notice: 05/22/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk


Enclosure


Panel Members:
    HESS, FRED

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A41 840 419 - San Francisco

Date:

In re: JOSE GUIDO-RUIZ

MAY 2 2 2007

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Gloria Lopez, Esquire

APPLICATION:   Redetermination of custody status


ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated April 5, 2007. On April 20, 2007, the Immigration Judge issued a bond memorandum setting forth the reasons for his April 5, 2007, decision. The Immigration Judge found that he lacked jurisdiction to redetermine the conditions of the respondent's custody status, inasmuch as the respondent falls within the classes of aliens subject to section 236(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). *See* 8 C.F.R. § 1003.19(h)(2)(i)(D). We affirm the Immigration Judge's decision pursuant to our authority at 8 C.F.R. § 1003.1(e)(5). We are not convinced that it is substantially unlikely that the Department of Homeland Security will establish that the respondent was convicted of an aggravated felony, as defined in section 101(a)(43)(A) of the Act (sexual abuse of a minor). *See* 8 C.F.R. § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I&N Dec. 799, 802 (BIA 1999). The record reflects that the respondent was convicted for the offense of Lewd and Lascivious Acts with a Child under 14 years of age in violation of California Penal Code section 288(a) in 1992. *See United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (holding that a violation of California Penal Code section 288(a) is an aggravated felony).

Furthermore, the record reflects that the respondent was released from custody following the expiration of the Transition Period Custody Rules, inasmuch as the respondent was taken into custody by the DHS after being released from state custody for a 2003 offense of Failure to Register as a Sex Offender under California Penal Code section 290. *See Matter of West*, 22 I&N Dec. 1405 (BIA 2000). While the respondent argues that his 2003 offense does not render him removable, we note that the relevant inquiry with regard to his 2003 offense is the date of release from physical custody and not whether his 2004 offense resulted in a conviction that would support a removability charge. Moreover, we note that the Board recently held in *Matter of Tobar-Lobo*, 24 I&N Dec. 143 (BIA 2007), that willful failure to register by a sex offender who has been previously apprised of the obligation to register, in violation of section 290(g)(1) of the California Penal Code, is a crime involving moral turpitude. Since the respondent was convicted of an aggravated felony and was released from criminal custody after the expiration of the Transition Period Custody Rules on October

A41 840 419

8, 1998, he is subject to mandatory detention under section 236(c)(1) of the Act. *See Matter of West,* 22 I&N Dec. 1405 (BIA 2000).  Accordingly, the respondent's appeal is dismissed.

FOR THE BOARD

# Exhibit
# 4

```
SCR-19377      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page    1
MCR-178569              CRIMINAL DOCKET            Printed  3/17/2006   14:57
```

Docket of
```
DE 1    RUIS, JOSE GUIDO                        Offense Date: 05/01/1991
DOB 05/10/1962 DLN CA C5916512                       DA #: DAR-242354
```

Filed Charges
```
F PC 288(a) 4 Counts Cert            F PC 289(j) Cert
F PC 288(a) Convicted Amended
```

```
Arresting Agency: SONOMA COUNTY SHERIFF'S DEPT        Agency #: SCY-91092434
Box Number: 37029 (MCR-178569),   61197 (SCR-19377)    DA Location: 34404
========================================================================
```

10/11/1991 DE 1
    CHARGES AMENDED
    COMPLAINT FILED
    F PC 288(a) 4 Counts          F PC 289(j)
    DECLARATION IN SUPPORT OF WARRANT OF ARREST FILED
    WARRANT #5051676 SIGNED AND ISSUED IN THE AMOUNT OF $25,000

10/19/1991 DE 1
    AUTOMATED 8715 SUSPENSION ISSUED

10/21/1991 DE 1
    Warrant #5051676 Recalled Defendant Bailed To Appear
    CONTINUED TO - 11/04/1991 at 8:30am MCD2 ,BTA/WARRANT
    BAIL BOND #RB25-00273747 REC'D AND FILED IN THE AMOUNT OF $25,000.00
     DEFENDANT TO APPEAR ON 11-4-91

11/04/1991 DE 1    Courtroom Minutes of Department MCD2

    HON: F PASSALACQUA  DDA: RAPHEAL E. DONNELLY   REP: F SANDERS   CLK: DG   INT: A
    Defendant present
    Defendant duly arraigned, advised of charges & rights
    Defendant handed copy of complaint
    Defendant requests 3 week continuance for counsel
    Defendant informed of Right to Counsel
    CONTINUED TO - 11/25/1991 at 8:30am MCD2 ,FOR COUNSEL
    Do not annoy, harass, threaten, harm, or have any contact with
     victim or victim's family



I HEREBY CERTIFY THAT THE WITHIN INSTRU-
MENT IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST  MAR 1 7 2006

Clerk of the Superior Court of California
County of Sonoma
BY C. Padgett  Deputy Clerk



SCR-19377    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 2

11/25/1991 DE 1    Courtroom Minutes of Department MCD2

    HON: F PASSALACQUA  DDA: KAY E. HUFF  REP: F SANDERS  CLK: KA
      INT: elva Murillo-Nunez
    Defendant present
    Counsel Martin M. Woods appearing
    Defendant duly arraigned, advised of charges & rights
    Stipulated to arraignment & advisement of rights / waives reading
    CONTINUED TO - 12/05/1991 at 8:30am MCD2 ,PLEA

12/05/1991 DE 1    Courtroom Minutes of Department MCD2

    HON: F PASSALACQUA  DDA: CLIFF HARRIS  REP: J MYERS  CLK: RPL
    Defendant not present
    Counsel Martin M Woods appearing
    $50,000.00 Warrant Stayed
    CONTINUED TO - 12/10/1991 at 8:30am MCD2 ,PLEA, AT ATTORNEY'S
      REQUEST

12/10/1991 DE 1    Courtroom Minutes of Department MCD2

    HON: F PASSALACQUA  DDA: GORDON B. SCOTT  REP: A MERTLE  CLK: AN  INT: ADG
    Defendant present
    Counsel Martin M Woods appearing
    Reassumption of Liability filed
    CONTINUED TO - 12/12/1991 at 8:30am MCD2 ,PLEA,TO SET

12/12/1991 DE 1    Courtroom Minutes of Department MCD2

    HON: F PASSALACQUA  DDA: RAPHEAL E. DONNELLY  REP: J MYERS  CLK: AN
    Interpreter waived for today
    Defendant present
    Counsel Martin M Woods appearing
    Defendant Waived Time for Preliminary Hearing
    Defendant pleads Not Guilty to count I
    Defendant pleads Not Guilty to count II
    Defendant pleads Not Guilty to count III
    Defendant pleads Not Guilty to count IV
    Defendant pleads Not Guilty to count V
    Preliminary Examination set
    CONTINUED TO - 01/13/1992 at 1:30pm MCD5 ,PRELIMINARY

SCR-19377    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 3

01/13/1992 DE 1    Courtroom Minutes of Department MCD5

 HON: MARK TANSIL  DDA: KATHLEEN A. KNOTTS  REP: S. M. COMBS  CLK: CM
  INT: EVA FISCHER - SPANISH
 Defendant present
 Counsel Martin M Woods appearing
 Defendant informed of Right to Preliminary
 Defendant Waived Right to Preliminary
 Defendant will waive preliminary as to all five counts
 In Superior Court, defendant to plea to one count, agreed no state
  prison, 1 year Sonoma County Jail maximum exposure
 District Attorney will not oppose Electronic Home Confinement
 Other counts to be dismissed
 Maximum sentence with 8 year exposure
 If Superior
 Court Judge does not accept agreement, case may go to trial in
  Superior Court
 Preliminary Examination vacated
 Preliminary Examination waived
 Def. Certified to Superior Court - Count I
 Def. Certified to Superior Court - Count II
 Def. Certified to Superior Court - Count III
 Def. Certified to Superior Court - Count IV
 Def. Certified to Superior Court - Count V
 Certification to be filed on 1-27-92 at 9:00 a.m., Department 1 in
  Superior Court

01/15/1992 DE 1
 CRIMINAL HEARING - 01/27/1992 at 9:00am SCD1 ,INFORMATION TO BE
  FILED
 BAIL BOND #RB25-00273747 Bailbond Amt: $25000.; Type: B; Agency:
  JUSTIN BAIL BONDS   ; Receipt #NA    ; Company: RANGER INSURANCE;
  Bond #250273747

01/22/1992 DE 1
 PERTINENT PAPERS DELIVERED TO COUNTY CLERK; RECEIPT FILED # 19377

01/27/1992 DE 1    Courtroom Minutes of Department SCD1

 HON: J GALLAGHER  DDA: LARRY J. SCOUFOS  REP: MERLIN COMBS  CLK: CA
 Defendant present
 FIRST APPEARANCE - SUPERIOR COURT
 Martin Woods appearing for Defendant
 INFORMATION FILED

 Defendant waives reading
 Defendant's true name is as shown on Information
 Defendant stipulates to due and proper arraignment

;CR-19377      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA      Page 4

)1/27/1992 DE 1     Courtroom Minutes of Department SCD1 (continued)
  Defendant advised  of charges/allegations
  WAIVER OF PRELIMINARY HEARING FILED
  Defendant waives time to  2-3-92 + 60 days
  CONT'D FROM 1-27-92 - 02/03/1992 at 9:00am SCD1 ,PLEA

)2/03/1992 DE 1     Courtroom Minutes of Department SCD1

  HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: R MCCONNELL  CLK: CA
  Defendant present
  Martin woods appearing for Defendant
  Elva Rivera sworn as Interpreter
  Defendant waives time to  2-18-92 + 60 days
  CONT'D FROM 2-3-92 - 02/18/1992 at 9:00am SCD1 ,PLEA

02/18/1992 DE 1     Courtroom Minutes of Department SCD1

  HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: MERLIN COMBS  CLK: CA
  Defendant present
  Martin Woods appearing for Defendant
  Probation Officer Larry Ornell present
  Defendant pleads NOT GUILTY to count I
  Defendant waives time to  4-6-92 + 30 days
  SET FOR JURY TRIAL-MASTER CALENDAR - 04/06/1992 at 9:30am SCD1
    ,JURY TRIAL
  PRE-TRIAL CONFIRMATION - 03/27/1992 at 9:00am SCD1 ,PRETRIAL
    CONFIRMATION

03/27/1992 DE 1     Courtroom Minutes of Department SCD1

  HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: MERLIN COMBS  CLK: CA
  Defendant present
  Martin Woods appearing for Defendant
  e Rivera sworn as Interpreter
  Defendant stipulates to due and proper arraignment on amendment
  Information amended on face to change date of offense to 11-23-91
  Defendant advised of maximum penalty and constitutional rights
  Defendant withdraws plea of not guilty and enters plea of GUILTY to
    count I
  CONVICTED TO COUNT I - PLEA OF GUILTY
  Court finds factual basis for plea
  Court finds Defendant knowingly, intelligently, freely and
    voluntarily waives rights
  People recommend  1192.5 PC plea
  Referred to Probation for presentence; report due  4-24-92

3CR-19377    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 5

03/27/1992 DE 1    Courtroom Minutes of Department SCD1 (continued)
    Trial date vacated - 04/06/1992 at 9:30am SCD1 ,JURY TRIAL
    CONT/D FROM 3-27-92 - 04/30/1992 at 9:00am SCD1 ,RPO/SENTENCE
    Dr. Dr Alvarez appointed.  Report due  4-17-92

04/30/1992 DE 1
    Order for Probation filed
    ALIENIST'S REPORT FILED (ALVAREZ)
    PRESENTENCE REPORT FILED

04/30/1992 DE 1    Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: KB  REP: MERLIN COMBS  CLK: CA
    Defendant present
    Martin Woods appearing for Defendant
    Probation Officer Larry Ornell present
    Defendant convicted by plea of guilty of Count 1
    DEFENDANT SENTENCED
    Imposition of Judgment Suspended
    Formal Probation Granted  3 year(s)
    Serve 9 month(s) in Sonoma County Jail
    CTS total  1 days ( 1 actual/ 0 conduct)
    Jail sentence stayed; self-surrender to NCDF on 6-8-92 at  7:00 pm
    Participate/complete programs of assistance and counseling as
     directd by Probation Officer
    Complete 150 hrs. volunteer work thru So. Co. Volunteer Bureau by as
     P O directs
    Not contact victim directly or indirectly
    Not associate with minors unless immediately accompanied by another
     responisble adult; Def's own children exempted.
    Register pursuant to 290 PC
    Provide two blood and saliva samples
    Submit to warrantless search and seizure of person, property,
     personal business or vehicle at any time day or night;
    Maintain employment or enroll in educational program
    Pay restitution fine $ 100
    Pay fine $100 per 290.3 PC
    Pay report preparation fee $ 150
    at $20 per mo.
    PROBATION HEARING

05/04/1992 DE 1
    RECEIPT FROM JAIL

05/06/1992 DE 1
    STATEMENT PAYMENT ALVAREZ, PH.D. $400

:CR-19377     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 6

)5/28/1992 DE 1
    AUTOMATED 8715 REPORT ISSUED

)8/12/1992 DE 1
    BAIL EXONERATED; REFERENCE # Prior to Automated Bail

)3/16/1993 DE 1
    ADDED TO CALENDAR - 03/17/1993 at 9:00am SCD8 ,MODIFICATION OF
        PROBATION

)3/17/1993 DE 1
    Probation report filed RE MODIFICATION

)3/17/1993 DE 1     Courtroom Minutes of Department SCD8

    HON: A ROSENFIELD   DDA: BMB   REP: KAREN THOMPSON   CLK: BB
    Defendant present
    S. Hannon appearing for Defendant
    E. Fischer sworn as Interpreter
    SENTENCE AMENDED
    FORMAL PROBATION MODIFIED
    All other terms and conditions remain in full force and effect
    Court orders the previously imposed volunteer service hours
      converted to a fine in the amount of $750.00 to be paid at the rate
      of $50.00 per month commencing April 1, 1993.  A $30.00 collection
      fee is also ordered.
    PROBATION HEARING

03/19/1993 DE 1
    MODIFIED ORDER OF PROBATION FILED

04/30/1995 DE 1
    Formal Probation Term Expired

05/18/1999 DE 1
    APPLICATION FOR EXPUNGEMENT

06/22/1999 DE 1
    ORDER DENYING EXPUNGEMENT PURSUANT TO SECTION 1203.4 PC

06/22/2005 DE 1
    AUTOMATED 8715 SUBSEQUENT ACTION ISSUED


                    *****   End of Docket   *****

# Exhibit
# 5

116

FILED

JAN 27 1992

SONOMA COUNTY CLERK
BY _____
Deputy Clerk

GENE L. TUNNEY, DISTRICT ATTORNEY
County of Sonoma
212J Hall of Justice
P.O. Box 1964
Santa Rosa, CA  95402
(707) 527-2311
BY:  KATHY A. KNOTTS, DEPUTY
Attorney for the People

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

THE PEOPLE OF THE STATE OF CALIFORNIA, )    COURT NO. 19377
                            Plaintiff, )    D.A. NO.    242354
               vs.                      )    DEPT. NO.   I
JOSE GUIDO RUIS                         )    INFORMATION
                                        )    §288(a) PC – Count I
                            Defendant   )
_____ )
                            COUNT I

        The said JOSE GUIDO RUIS is accused by the District

Attorney of and for the County of Sonoma, State of California, by

this Information, of a felony, in that on or about ~~the month of May,~~ 11-23-91

~~1991 thru the month of May, 1991~~, in the County of Sonoma, State of

California, the said defendant did violate Section 288(a) of the

Penal Code, in that the said defendant did wilfully and unlawfully

and lewdly commit a lewd and lascivious act, to wit, touch the chest

area of victim through the clothing, upon and with the body and

certain parts and members thereof of ANNA ISOL, a child under the

age of fourteen years, with the intent of arousing, appealing to,

and gratifying the lust, passions, and sexual desires of the said

defendant and the said child.

        Contrary to the form, force and effect of the Statute in

such case made and provided and against the peace and dignity of the

People of the State of California.

                        GENE L. TUNNEY, DISTRICT ATTORNEY
                        County of Sonoma, State of California

                        BY: _____
                            Kathy A. Knotts
                            Deputy District Attorney

sw

1

Exhibit
6

```
MCR-422457     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page    1
                         CRIMINAL DOCKET         Printed  4/10/2006     9:02
```

Docket of
DE 1    RUIS, JOSE GUIDO                         Offense Date: 05/16/2003
DOB 05/10/1962 DLN CA C5916512                        DA #: DAR-466515

   Filed Charges
   M PC 290(a)(1)(d) Convicted Amende

Arresting Agency: SANTA ROSA POLICE DEPARTMENT          Agency #: SRO-0310448
Box Number: 110503                                    DA Location: 09808
================================================================================

06/06/2003 DE 1
    ADDED TO CALENDAR BY JAIL - 06/10/2003 at 8:30am M13, ON VIEW

06/07/2003 DE 1
    CALENDAR DROPPED BY JAIL - 06/10/2003 at 8:30am M13

06/18/2003 DE 1
    COMPLAINT FILED
    F PC 290(a)(1)(d)

06/19/2003 DE 1
    DECLARATION IN SUPPORT OF WARRANT OF ARREST FILED

06/20/2003 DE 1
    BAIL BOND REFERENCE #A100146998 REC'D AND FILED IN THE AMOUNT OF
    $10000
    CALENDAR ITEM - 06/23/2003 at 8:30am S2, BAILED TO APPEAR

06/23/2003 DE 1    Courtroom Minutes of Department S2

    HON: ELLIOT LEE DAUM   DDA: TROYE K. SHAFFER    REP: KAREN THOMPSON   CLK: VL
         INT: M OBERTI - SPANISH
    No File
    Defendant present
    Counsel W. Marioni, Public Defender, appearing
    Public Defender appointed
    Defense provided with copy of complaint
    Defendant advised of charges/allegations
    Stipulates to arraignment
    Defendant advised of constitutional rights
    Defendant waives reading of Complaint
    Defendant advised of Public Defender registration fee
    Defendant pleads Not Guilty to count I PC 290(a)(1)
    Defendant waived time for Preliminary Hearing
    Defendant Waived Time for Preliminary Hearing including 10 day
```

I HEREBY CERTIFY THAT THE WITHIN INSTRU-MENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST  APR 10 2006

Clerk of the Superior Court of California County of Sonoma
by
Deputy Clerk

MCR-422457    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA             Page 2

06/23/2003 DE 1    Courtroom Minutes of Department S2   (continued)
    rule
    Defendant Waived Time for Preliminary Hearing, including 60 day
    rule
    Preliminary Examination set - 07/17/2003 at 9:30am S2, PRELIMINARY
    Warrant #5280236 deleted

07/17/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: JAMES PATRICK CASEY  REP: E POPOVICH  CLK: LA
      INT: GENEVIEVE NAVAR - SPAN/FRENCH
    Defendant present
    Public Defender relieved
    Defense Counsel Public Defender appearing
    Defense Counsel appearing generally
    Defendant Waived Time for Preliminary Hearing, including 10 day
    rule
    Defendant Waived Time for Preliminary Hearing, including 60 day
    rule
    Preliminary Examination set - 08/21/2003 at 9:30am S2, PRELIMINARY
    1050 PC Motion Granted - Defense's

08/21/2003 DE 1
    FINE PAID IN FULL-DATE 08/21/2003 REC #2106722 $100.00 (IBM)

08/21/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: C A Martinez  CLK: LA
    Defendant present
    Defense Counsel J. Passalacqua appearing
    Defendant Advised of Maximum Penalties/Constitutional Rights
    Defendant advised of Future Consequences
    Defendant understands and waives each right
    Defense Counsel joins in Waiver of rights
    Tahl Waiver filed
    Defendant withdraws plea of not guilty and enters plea of NO
    CONTEST to count I PC 290(a)(1)(d)
    CONVICTED TO COUNT I PC 290(a)(1)(d)
    Court finds factual basis for plea
    Court finds Defendant knowingly, intelligently, freely and
    voluntarily waives rights
    Court finds Defendant guilty
    Preliminary hrg vacated
    Imposition of sentence suspended
    Conditional Sentence Granted 24 Month(s)
    Be of good conduct and obey all laws
    Restitution fine of $100 due 11-19-2003 pursuant to Penal Code
    1202.4(b)

MCR-422457    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 3

08/21/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    Fine payable thru Clerk's Office
    Defendant to register per 290 PC
    Bail Exonerated; Reference #A100146998

09/04/2003 DE 1
    AUTOMATED 8715 REPORT ISSUED

08/21/2005 DE 1
    Conditional Sentence Term Expired




*****    End of Docket    *****

Exhibit
7

U.S. Department of Justice
Immigration and Naturalization Service

OMB #1115-0054
**Petition for Alien Relative**

| DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY | | |
|---|---|---|
| **A#** | **Action Stamp** | **Fee Stamp** |

**Section of Law/Visa Category**
- [ ] 201(b) Spouse - IR-1/CR-1
- [ ] 201(b) Child - IR-2/CR-2
- [ ] 201(b) Parent - IR-5
- [ ] 203(a)(1) Unm. S or D - F1-1
- [ ] 203(a)(2)(A)Spouse - F2-1
- [ ] 203(a)(2)(A) Child - F2-2
- [ ] 203(a)(2)(B) Unm. S or D - F2-4
- [ ] 203(a)(3) Married S or D - F3-1
- [ ] 203(a)(4) Brother/Sister - F4-1

Petition was filed on: _____ (priority date)
- [ ] Personal Interview
- [ ] Pet. [ ] Ben. " A" File Reviewed
- [ ] Field Investigation
- [ ] 203(a)(2)(A) Resolved
- [ ] Previously Forwarded
- [ ] I-485 Filed Simultaneously
- [ ] 204(g) Resolved
- [ ] 203(g) Resolved

**Remarks:**

## A: Relationship    You are the petitioner; your relative is the beneficiary.

| 1. I am filing this petition for my: | 2. Are you related by adoption? | 3. Did you gain permanent residence through adoption? |
|---|---|---|
| [ ] Husband/Wife  [✓] Parent  [ ] Brother/Sister  [ ] Child | [ ] Yes  [✓] No | [ ] Yes  [✓] No |

## B. Information about you

**1. Name** (Family name in CAPS) (First) (Middle)
GUIDO    Abel

**2. Address** (Number and Street) (Apt.No.)
1542 Surrey Dr.

(Town or City) (State/Country) (Zip/Postal Code)
Santa Rosa    Ca  US  95401

**3. Place of Birth** (Town or City) (State/Country)
Santa Rosa,    CA   USA

**4. Date of Birth** (Month/Day/Year)
12-04-1984
**5. Gender** [✓] Male [ ] Female
**6. Marital Status** [ ] Married [✓] Single [ ] Widowed [ ] Divorced

**7. Other Names Used** (including maiden name)
n/a

**8. Date and Place of Present Marriage** (if married)
n/a

**9. Social Security Number** (if any)
558 83 9639
**10. Alien Registration Number**
USC

**11. Name(s) of Prior Husband(s)/Wives(s)**
n/a
**12. Date(s) Marriage(s) Ended**

**13. If you are a U.S. citizen, complete the following:**
My citizenship was acquired through (check one):
- [✓] Birth in the U.S.
- [ ] Naturalization. Give certificate number and date and place of issuance.

_____

- [ ] Parents. Have you obtained a certificate of citizenship in your own name?
  - [ ] Yes. Give certificate number, date and place of issuance.  [ ] No

**14a. If you are a lawful permanent resident alien, complete the following:** Date and place of admission for, or adjustment to, lawful permanent residence and class of admission.

**14b. Did you gain permanent resident status through marriage to a United States citizen or lawful permanent resident?**
[ ] Yes  [ ] No

## C. Information about your relative

**1. Name** (Family name in CAPS) (First) (Middle)
GUIDO RUIZ,    Jose

**2. Address** (Number and Street) (Apt. No.)
1542 Surrey Dr.

(Town or City) (State/Country) (Zip/Postal Code)
Santa Rosa    Ca US   95401

**3. Place of Birth** (Town or City) (State/Country)
Mexico

**4. Date of Birth** (Month/Day/Year)
05-17-1962
**5. Gender** [✓] Male [ ] Female
**6. Marital Status** [ ] Married [ ] Single [ ] Widowed [✓] Divorced

**7. Other Names Used** (including maiden name)
Jose Guido Ruis, Armando Ruiz Guido

**8. Date and Place of Present Marriage** (if married)
n/a

**9. Social Security Number** (if any)
556 99 6661
**10. Alien Registration Number**
41 84 0419

**11. Name(s) of Prior Husband(s)/Wives(s)**
Evelia Aguilar
**12. Date(s) Marriage(s) Ended**
9/25/2002

**13. Has your relative ever been in the U.S.?**
[✓] Yes  [ ] No

**14. If your relative is currently in the U.S., complete the following:**
He or she arrived as a:: returning
(visitor, student, stowaway, without inspection, etc.)

**Arrival/Departure Record (I-94)** | | | ▬ | | n/a | | |
**Date arrived** (Month/Day/Year)  2006

**Date authorized stay expired, or will expire, as shown on Form I-94 or I-95**  n/a

**15. Name and address of present employer** (if any)
various, Santa Rosa Ca

**Date this employment began** (Month/Day/Year)  2006

**16. Has your relative ever been under immigration proceedings?**
[✓] No [ ] Yes  Where _____  When _____
[ ] Removal [ ] Exclusion/Deportation [ ] Recission [ ] Judicial Proceedings

| INITIAL RECEIPT | RESUBMITTED | RELOCATED: Rec'd | Sent | COMPLETED: Appv'd | Denied | Ret'd |
|---|---|---|---|---|---|---|

Form I-130 (Rev. 06/05/02) Y

## C. Information about your alien relative (continued)

**17. List husband/wife and all children of your relative.**

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| Ximena Guido | daughter | 03-01-05 | US |
| Diana Guido | " | 05-04-03 | US |
| Bianca Guido | " | 08-31-96 | US |
| Lily Guido | " | 06-06-90 | US |
| Roberto Guido | Son | 09-07-91 | US |
| Abel Guido | son | 12-04-84 | US |

**18. Address in the United States where your relative intends to live.**

| (Street Address) | (Town or City) | (State) |
|---|---|---|
| 1542 Surrey Dr. | Santa Rosa | CA |

**19. Your relative's address abroad.** (Include street, city, province and country)     Phone Number (if any)

Domicilio Conocido Rancho La Tzitzamba Municipio de Villa Escalante Michoacan, Mexico 61800

**20. If your relative's native alphabet is other than Roman letters, write his or her name and foreign address in the native alphabet.**

(Name)    n/a    Address (Include street, city, province and country):

**21. If filing for your husband/wife, give last address at which you lived together.** (Include street, city, province, if any, and country):

n/a

From: (Month) (Year)    To: (Month) (Year)

**22. Complete the information below if your relative is in the United States and will apply for adjustment of status**

Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident at the office of the Immigration and Naturalization Service in San Francisco CA . If your relative is not eligible for adjustment of status, he or she

(City)    (State)

will apply for a visa abroad at the American consular post in

(City)    (Country)

NOTE: Designation of an American embassy or consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that post. Acceptance is at the discretion of the designated embassy or consulate.

## D. Other information

**1. If separate petitions are also being submitted for other relatives, give names of each and relationship.**

n/a

**2. Have you ever filed a petition for this or any other alien before?**  ☐ Yes  ☑ No

If "Yes," give name, place and date of filing and result.

**WARNING:** INS investigates claimed relationships and verifies the validity of documents. INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**PENALTIES:** By law, you may be imprisoned for not more than five years or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws. In addition, you may be fined up to $10,000 and imprisoned for up to five years, or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**YOUR CERTIFICATION:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

## E. Signature of petitioner.

X _(signature)_    Date 2-27-07    Phone Number    707 566 0792

## F. Signature of person preparing this form, if other than the petitioner.

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name  Gloria Lopez, Esq.    Signature _(signature)_    Date 2-27-07

Address  703 market st. 306 S.F.CA94103    G-28 ID or VOLAG Number, if any.

Form I-130 (Rev. 06/05/02) Y Page 2

# Exhibit

# 8

Appendix I



U.S. Department of Justice
Immigration and Naturalization Service

HQOPS (DDP) 50/10

*Office of the Executive Associate Commissioner*          *425 I Street NW*
*Washington, D.C. 20536*

JUL 1 2 1999

MEMORANDUM FOR REGIONAL DIRECTORS

FROM:      Michael A. Pearson
           Executive Associate Commissioner for Field Operations
           Headquarters

SUBJECT:   Field Guidelines for Applying Revised Interpretation of Mandatory Custody
           Provisions

Effective July 13, 1999, the INS will apply a new interpretation of Section 303(b)(2) of IIRIRA,
which pertains to the application of mandatory detention provisions for criminal aliens.[1]  This
section of law provided that the mandatory detention provisions of Section 236(c) of the
Immigration and Nationality Act shall apply to aliens "released" after the expiration of the
Transition Period Custody Rules (TPCR) on October 8, 1998.  INS has previously interpreted
"released" as meaning the alien's release from INS custody.  The effect was that an alien was
deemed subject to mandatory detention regardless of when he completed his criminal sentence.
However, federal courts have consistently rejected the INS position.  As a result, the Office of
Immigration Litigation has recommended a reinterpretation of the statute.  Pursuant to OIL's
recommendation and a subsequent decision by the INS Policy Council, the new interpretation of
"released" will be release from the alien's criminal sentence.

The reinterpretation will now only mandate detention of those criminal aliens listed in 236(c)
who completed their criminal sentences on or after October 9, 1998.  The change in
interpretation now requires a custody determination to be made in certain cases where detention
was previously deemed to be mandatory.

---

[1] This reinterpretation has no effect on the detention of terrorists under INA Section 236(c).  No criminal
conviction is required to subject a terrorist to mandatory detention.



Appendix I, continued

Page 2:  MEMORANDUM FOR REGIONAL DIRECTORS
Subject: Field Guidelines for Applying Revised Interpretation of Mandatory Custody Provisions

Put simply, this new interpretation of 303(b)(2) means:

1.  Any alien, regardless of status, who (a) completed a criminal
    sentence, *on or before 10/8/98*, based on a conviction which
    constitutes a removable offense; (b) is currently in INS custody or
    comes into INS custody in the future; and (c) has not yet been
    issued a final order of removal, is eligible for a custody
    determination.

2.  Any alien, regardless of status, who (a) completed a criminal
    sentence,[2] *on or after 10/9/98*, based on a conviction which
    constitutes a removable offense, regardless of the date of such
    conviction, and (b) is currently in INS custody or comes into INS
    custody in the future, regardless of whether or not the INS has
    taken custody immediately upon his release from criminal
    incarceration, remains subject to mandatory detention under
    Section 235(c) of the INA.[3]

3.  Any alien, regardless of status, who (a) is in proceedings based on
    a criminal conviction that is not described under Section 236(c),
    and (b) is currently in INS custody or comes into INS custody in
    the future, is eligible for a custody determination regardless of the
    date when he completed his sentence. This does not represent a
    change in policy.

The operational impact of this change in policy will require an immediate review of records
identified in the Deportable Alien Control System (DACS) under the Category 2 (aliens in
proceedings –no final order) detained cases. In applying the above definitions, INS officers must
apply close scrutiny to the dates on which aliens completed their criminal sentences. There will
likely be some cases which will require consultation with District Counsel for determination of
the applicability of this new interpretation (some deferred adjudication cases, diversion
sentences, cases of completed or pending habeas corpus, etc). After identifying a case in which a
custody determination should now be made, INS officers must complete a Form I-286, Notice of

---

[2]  Note that an alien may still be subject to mandatory detention even if he never served his entire sentence or never
served time in prison at all. Section 101(a)(48)(B) of the INA provides that an alien is deemed to have served the
full term of imprisonment ordered by a court, regardless of any suspension of that term of imprisonment in whole or
in part. This provision is important when an alien is charged with removability based on an aggravated felony that
requires a minimum prison term. For example, if a court imposes a term of imprisonment of two years for a crime
of violence but suspends the requirement that the alien must serve the sentence in jail, the alien is still deemed to
have served the full sentence. He is an aggravated felon and may be subject to mandatory detention under Section
236(c). Since the alien served no time in prison, the date of the court's sentence would be the date of "release" for
the purposes of 236(c). For an alien who served time in prison but whose sentence was suspended in part, the date
the alien was released from physical incarceration would be the date of "release" for purposes of 236(c).

[3]  Aggravated felons in old exclusion proceedings are still subject to mandatory detention under old INA 236(e).
They never fell under the TPCR, and therefore IIRIRA 303(b)(2) — and thus new INA 236(c) — do not apply to
those cases.

Appendix I, continued

Subject: Field Guidelines for Applying Revised Interpretation of Mandatory Custody Provisions

Custody Determination. This new I-286 should be annotated as a new custody determination review based on the change in interpretation of Section 303(b)(2). INS officers shall apply normal factors to determine bond conditions, such as an individual's likelihood of danger to the public, flight risk, health factors, equities, family ties, etc. The alien shall be personally served with the I-286 and provided the opportunity to request a redetermination of custody conditions by the Executive Office for Immigration Review (EOIR). If the alien is represented and a Form G-28, Notice of Legal Representation, is on file, the INS shall provide a copy of the Form I-286 to the representative without delay.

This reinterpretation may impact EOIR by requiring immigration courts to schedule redetermination hearing times into calendars already filled. While EOIR has been alerted to this potential, the DDP managers should work closely with EOIR and local District Counsel to afford redetermination hearings resulting from this change in policy as quickly as possible.

These reviews should be completed by July 19, 1999. Each District office shall provide a memorandum to Regional Directors attesting to the completion of review for all cases affected by this change in policy. Regional Directors shall forward a report to HQDDP/Operations summarizing the field reports. Statistical information should be maintained by each office on the following:

> number of cases reviewed,
> number of cases released on recognizance by District Director,
> number of cases where bond set by District Director
> number of cases set for EOIR redetermination hearing
> number of cases where EOIR released on recognizance
> number of cases where EOIR set bond
> number of cases where alien is releases on bond

Other than the cases that are affected by the change in interpretation under Section 303(b)(2), the procedures and guidelines contained in the October 7, 1998 memo entitled INS Detention Use Policy, and other guiding memorandums remain in effect. As an added measure of guidance, we have attached to this memo a number of scenarios which we hope are useful in determining the application of this policy change to individual cases.

Attachment

Appendix I, continued

### Field Guidelines for Applying Revised Interpretation of Mandatory Custody Provisions

## SAMPLE SCENARIOS

1. An alien who has been a lawful resident since 1965 appears before an INS Adjudicator in a naturalization interview. The alien freely admits to, and the record reveals, convictions for battery, criminal trespass and grand theft auto in 1969, for which he was sentenced to 18 months incarceration. These are his only convictions. The INS issues a Notice to Appear. Is the alien eligible for a custody determination or is he subject to mandatory detention?

   *The alien is eligible for a custody determination. Although his convictions fall within Section 236(c), his sentence was completed prior to 10/9/98.*

2. An alien comes to INS' attention as a referral from a local police officer who stopped the alien on a traffic violation and discovered numerous outstanding traffic warrants. The alien has a 1975 conviction for assault with a weapon for which he was sentenced to 2 years, served 6 months, and completed the remaining time on parole. He has no other criminal convictions but for the traffic violations he is currently being arrested for. The alien is turned over to INS custody from the local police officer. Is the alien eligible for a custody determination or is he subject to mandatory detention?

   *The alien is eligible for a custody determination. Although his removable conviction for an aggravated felony falls within Section 236(c), his sentence was completed prior to 10/9/98.*

3. An LPR alien is encountered by INS agents in the course of an investigation. The alien has a 1996 arrest and conviction for drug trafficking for which he was sentenced to 5 years incarceration. He served 3 years and was released on June 2, 1999. Is the alien eligible for a custody determination or is he subject to mandatory detention?

   *The alien is subject to mandatory detention. Although he was convicted prior to October 9, 1998, his sentence was not completed before that date.*

4. An LPR alien is encountered by INS agents in the course of an investigation for marriage fraud. It has been revealed that the alien has a March 17, 1999 conviction for possession of narcotics (cocaine) and Driving Under the Influence, for which he was given a suspended sentence of 18 months. Other than his initial arrest, he was not in jail for these offenses. The agents arrest him and place him in proceedings for the removable offense of a conviction for possession of a controlled substance. Is the alien eligible for a custody determination or is he subject to mandatory detention?

   *The alien is subject to mandatory detention without any eligibility for redetermination. His conviction falls within Section 236(c), and he was sentenced on or after October 9, 1998. Note: If the same alien had been convicted and sentenced on October 1, 1998 instead, he would not be subject to mandatory detention because of the actual sentencing date.*

