Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorney for Petitioner,
Jose Guido.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JOSE GUIDO, | ) | No.    C 07-3873 MJJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LT. DAVID SEPULVEDA, JAIL | ) | APPLICATION FOR ISSUANCE OF |
| ADMINISTRATOR, SANTA CLARA | ) | ORDER TO SHOW CAUSE |
| COUNTY DEPARTMENT OF | ) | |
| CORRECTION; ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Jose Guido, hereby requests the Court to grant his Petition for Writ of Habeas

Corpus or, alternatively, to issue an order directing Respondents to show cause why his petition

should not be granted. This request is based on the following grounds:

1.      28 U.S.C. § 2243 requires that "[a] court, justice, or judge entertaining an

application for a writ of habeas corpus shall forthwith award the writ or issue an order directing

the respondent to show cause why the writ should not be granted, unless it appears from the

application that the application or person detained is not entitled thereto."

2.      On July 27, 2007, Mr. Guido filed a Petition for Writ of Habeas Corpus, in which

he alleged that he was being unlawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(B) and *In re*

*Joseph*, 22 I & N Dec. 799 (BIA 1999).  In *Joseph*, the Board of Immigration Appeals ("the

BIA") concluded that ICE's allegation that an alien "is deportable" for reasons that would justify

mandatory detention is entitled to great deference and that *"the Immigration Judge must have very substantial grounds to override [ICE's] decision to charge the alien with a ground that subjects the alien to [mandatory] detention."* 22 I & N Dec. at 800 (emphasis added). "Thus," according to the BIA, "a lawful permanent resident will not be properly included in a mandatory detention category *only* when an Immigration Judge is convinced that [ICE] is substantially unlikely to establish . . . the charge or charges that subject the alien to mandatory detention." *Id.* (emphasis added).

3.    Citing Judge Tashima's concurring opinion in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), Mr. Guido contends "that individual liberty is one of the most fundamental rights protected by the Constitution" and that the *Joseph* decision "gives that right little or no weight." *Tijani*, 430 F.3d at 1244 (Tashima, J., concurring). "Instead, [the *Joseph* decision] establishes a system of 'detention by default' by placing the burden fully on the alien to prove that he should not be detained." *Id.* "When such a fundamental right is at stake, the Supreme Court has "insisted on heightened procedural protections to guard against the erroneous deprivation of that right." *Id.* "In particular, the Supreme Court has time and again rejected laws that place on the individual the burden of protecting his or her fundamental rights." *Id.* "In light of [these precedents]," Judge Tashima has opined, "the *Joseph* standard is not just unconstitutional, it is egregiously so" because it "not only places the burden on the [alien] to prove that he should not be physically detained, it makes that burden all but insurmountable." 430 F.3d at 1246 (Tashima, J., concurring).

4.    To avoid these serious constitutional concerns, Mr. Guido argues that 8 U.S.C. § 1226(c)(1)(B) must be construed as applying only to those aliens who have no substantial arguments that they are not deportable on grounds that would trigger mandatory detention.

5.    In addition, Mr. Guido argues that because Respondents did not take him into custody within a reasonable period of his release from criminal custody and because he was sentenced only to probation, 8 U.S.C. § 1226(c) does not apply to him. Substantial precedent supports these contentions.

6.    For the reasons set forth in Mr. Guido's petition, the Court should immediately

1   order Respondents to show cause why the Writ should not be granted, within the next ten (10)

2   days.  28 U.S.C. § 2243.

3

4       Date:   August 2, 2007                Respectfully submitted,

5                                             LAW OFFICE OF ROBERT B. JOBE

6                                             /s/ Robert B. Jobe
                                              _____
7                                             Robert B. Jobe
                                              Counsel for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Application for Issuance of Order to Show Cause
    C 07-3873 MJJ

1 | Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
2 | 550 Kearny Street, Suite 200
San Francisco, CA 94108
3 | (415) 956-5513 (phone)
(415) 840-0308 (fax)
4 |
Attorney for Petitioner,
5 | Jose Guido.

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8 | SAN FRANCISCO DIVISION

9 |
JOSE GUIDO,                                  )    No.    C 07-3873 MJJ
10 |                                          )
                                             )
11 |        Petitioner,                       )
                                             )
12 |        v.                                )
                                             )
13 | LT. DAVID SEPULVEDA, JAIL               )    [PROPOSED] ORDER TO SHOW CAUSE
ADMINISTRATOR, SANTA CLARA                   )
14 | COUNTY DEPARTMENT OF                     )
CORRECTION; ET AL.,                          )
15 |                                          )
        Respondents.                         )
16 | _____)

17 |        Based upon the Application for Issuance of Order to Show Cause, IT IS HEREBY

18 | ORDERED that Respondents show cause within the next ten (10) days as to why

19 | Petitioner's Writ should not be granted.

20 |
        Dated this_____day of_____, 2007.
21 |

22 |

23 |

24 |
                                    _____
25 |                                 MARTIN J. JENKINS
                                    UNITED STATES DISTRICT JUDGE
26 |

27 |

28 | [Proposed] Order to Show Cause
C 07-3873 MJJ