SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JOSE GUIDO, | ) | No. C07-3873 MJJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LT. DAVID SEPULVEDA, Jail | ) | GOVERNMENT'S RETURN |
| Administrator, Santa Clara County | ) | |
| Department of Correction; EDWARD | ) | |
| FLORES, Chief of Correction, Santa Clara | ) | |
| County Department of Correction; | ) | |
| ANTHONY M. AIELLO, Assistant Field | ) | |
| Office Director, San Francisco District | ) | |
| Office, U.S. Immigration and Customs | ) | |
| Enforcement; JULIE MYERS, Assistant | ) | |
| Secretary, U.S. Immigrations and Customs | ) | |
| Enforcement; MICHAEL CHERTOFF, | ) | |
| Secretary, Department of Homeland | ) | |
| Security; PETER D. KEISLER,* Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I.  INTRODUCTION

Petitioner Jose Guido ("Petitioner") asks the Court to order his release from immigration

custody, arguing that he is not subject to mandatory detention.  Petitioner also argues that in

affirming the immigration judge's bond determination, the Board of Immigration Appeals ("BIA")

*Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto
Gonzales, as the United States Attorney General.

applied an incorrect legal standard, and violated his rights under the Fifth Amendment of the United States Constitution. To the extent Petitioner challenges his removability, his claims are barred by the REAL ID Act of 2005. Contrary to Petitioner's assertions, he is subject to mandatory detention as an aggravated felon. Furthermore, the BIA's decision complied with Due Process. Accordingly, the Petition for a Writ of Habeas Corpus should be denied.

## II. FACTS

On April 30, 1992, Petitioner was convicted of committing a lewd and lascivious act upon a child under the age of fourteen. See Exh. A. On June 23, 2003, Petitioner was convicted of failure to register as a sex offender. See Exh. B. For that offense, the trial court suspended imposition of a twenty-four month conditional sentence.[1] Id. On March 19, 2007, Immigration and Customs Enforcement ("ICE") detained Petitioner, and initiated removal proceedings by filing a Notice to Appear with the immigration court in San Francisco, California. See Exh. C. ICE alleged that Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Id. ICE determined that Petitioner was subject to the mandatory detention provisions set forth at 8 U.S.C. § 1226, and advised him of his right to seek custody redetermination. See Exh. D.

On March 20, 2007, Petitioner filed a motion for bond redetermination. See Exh. E. He argued only that his detention constituted an extreme hardship on his family, that he was eligible for relief under former 8 U.S.C. § 1182(c), and that he was not a risk to society. Id. On April 20, 2007, the immigration judge ("IJ") denied Petitioner's motion. See Exh. F. The IJ determined that Petitioner was subject to mandatory detention, regardless of whether the removable offense occurred before the expiration of the Transition Period Custody Rules ("TPCR").[2] Id.

Petitioner appealed this determination the Board of Immigration Appeals ("BIA"). See Exh.

---

[1] 8 U.S.C. § 1101(a)(48)(B) states that "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."

[2] Subsequent to the IJ's decision, the BIA determined that failure to register is a crime involving moral turpitude. Matter of Tobar-Lobo, 24 I&N Dec. 143 (BIA 2007).

1  G. There, he argued that because his 2003 conviction did not render him removable, he was not

2  subject to mandatory detention. Id.  On May 22, 2007, the BIA denied Petitioner's bond appeal.

3  See Petition, Exh. 3. The BIA rejected his contention that the fact his aggravated felony conviction

4  occurred prior to the expiration of the TPCR exempted him from detention, and noted that it had

5  recently ruled that failure to register was a crime involving moral turpitude. Id.  On July 6, 2007,

6  in an amended order, the IJ denied Petitioner's application for adjustment of status and ordered him

7  removed to Mexico. See Exh. H. Petitioner's appeal of this order remains pending.

## III.  ANALYSIS

A.    THE COURT'S REVIEW IS CONFINED TO PURE ISSUES OF DETENTION

10  On May 11, 2005, the President signed into law the "Emergency Supplemental

11  Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No.

12  109-13, 119 Stat. 231.  Division B of the Act consists of the "REAL ID Act."  Section 106 of the

13  REAL ID Act amends a portion of 8 U.S.C. § 1252, and clarifies the scope of judicial review of

14  removal orders.  Pursuant to section 106, a petition for review to the court of appeals is the exclusive

15  means of review of an administrative order of removal, deportation, or exclusion.  REAL ID Act

16  § 106(a).  In this case, there is not yet a final order of removal; however, the REAL ID Act allows

17  habeas review only over challenges to detention that are independent of challenges to removal.  See

18  H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would

19  not preclude habeas review over challenges to detention that are independent of challenges to

20  removal orders. Instead, the bill would eliminate habeas review only over challenges to removal

21  orders.") (emphasis added).  Accordingly, this Court's decision is confined to the issue of whether

22  Petitioner's detention is lawful under Demore v. Kim, 538 U.S. 510 (2003) and Tijani v. Willis, 430

23  F.3d 1241 (9th Cir. 2005).

24  Here, Petitioner has been found removable as an alien convicted of an aggravated felony. See

25  Exh. H. To the extent he challenges his detention as an alien convicted of two or more crimes

26  involving moral turpitude, his claims are barred  because a decision in his favor would effectively

27  be a ruling on Petitioner's removability.  See Petition, p. 23.  Under the REAL ID Act, such

28  decisions are beyond the bounds of the Court's jurisdiction.  REAL ID Act § 106.

B.    PETITIONER HAS RECEIVED THE PROCESS HE IS DUE

Petitioner challenges the legal standard applied by the BIA.  See Petition, p. 16.  He argues that the process set forth in Matter of Joseph "is exactly the opposite of what due process requires." See Petition, p. 17.  Petitioner has been provided with a "Joseph" hearing, notwithstanding his contention that he has thus far been denied a bond hearing.  See Petition, p. 2; Exh. F.  Thus, he asks this Court to reach the question left unanswered in Demore v. Kim, 538 U.S. 510, 514 n.3 (2003): whether the procedure set forth by the BIA is adequate.  The Ninth Circuit has not addressed this issue in a published opinion,[3] except through a dissent in Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005) (Tashima, J., dissenting).  Even if this Court were to be persuaded by a lone dissent, the facts here are starkly distinguishable from those in Tijani.

Here, Petitioner's removal proceedings are moving at a rapid clip.  See Exhs. C, H. Proceedings were initiated March 19, 2007; by July 6, 2007, the immigration judge ordered him removed.  Id.  Further, unlike Tijani, Petitioner has clearly been convicted of at least one removable offense–lewd conduct with a child under the age of fourteen.  United States v. Baron-Medina, 187 F.3d 1144, 1145 (9th Cir. 1999).  In addition, the BIA has determined that his second offense also renders him removable.  Tobar-Lobo, 24 I&N Dec. 143 (BIA 2007).  Thus, it seems unlikely that the courts will take an unduly long period of time to resolve his case.  Tijani, 430 F.3d at 1244 (Tashima, J., dissenting).

Petitioner contends that because he does not concede that his convictions render him subject to mandatory detention, his case is distinguishable from Kim.  See Petition, p. 23.  Although he implies otherwise, Petitioner concedes that he has been convicted of at least one removable offense. Petition, p. 7.  Here, Petitioner's argument rests not on the issue of removability, but rather, whether his interpretation of the "when released" language should prevail.  As discussed below, this argument is foreclosed by Petitioner's failure to exhaust his administrative remedies.

---

[3]However, on January 25, 2007, the Ninth Circuit addressed the procedures followed for discretionary detention under § 1226, and found that where the alien was provided an individualized bond hearing and individualized custody review, the alien's detention did not violate procedural due process requirements.  Beqir v. Clark, 220 Fed. Appx. 469, 471 (9th Cir. 2007).

Moreover, Petitioner's argument appears to be that because his appellate efforts may take nearly two years, he should not be subject to detention during that time. Petition, p. 24. However, should he seek a stay of removal from the Ninth Circuit, Petitioner's continued detention would be voluntary. Cruz-Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670, at *1 (9th Cir. Feb. 22, 2007); see also Bernal v. Chertoff, No. 06cv2184 JAH, slip op. (S.D. Cal. August 22, 2007) (finding that because alien voluntarily chose to remain in detention while pursuing his appeal, he was not entitled to release) (attached as Exh. I).

### C.    PETITIONER IS SUBJECT TO MANDATORY DETENTION

#### 1.    Petitioner's Convictions Subject Him to Mandatory Detention

The Immigration and Nationality Act, codified at 8 U.S.C. § 1101, et seq., provides that certain criminal aliens shall be taken into custody. 8 U.S.C. § 1226(c)(1). As pertains to Petitioner, § 1226(c)(1) provides that the Department of Homeland Security ("DHS") shall detain any alien who is inadmissible by reason of having committed any offense covered in § 1182(a)(2). Id.

In Kim, the United States Supreme Court examined the history behind the mandatory detention provisions of 8 U.S.C. § 1226. Kim, 538 U.S. at 518-20. The Court found that "Congress adopted this provision against a backdrop of wholesale failure by the INS to deal with increasing rates of criminal activity by aliens." Id. at 518. In addition, "Congress [] had before it evidence that one of the major causes of the INS' failure to remove deportable criminal aliens was the agency's failure to detain those aliens during their deportation proceedings." Id. at 519. Indeed, the statistics demonstrated that "[o]nce released, more than 20% of deportable criminal aliens failed to appear for their removal hearings." Id. Thus, the Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." Id. at 531.

The application of Kim is not affected by the Ninth Circuit's recent decision in Tijani. In that mere three paragraph majority opinion, the appellate court declined to set any precise limit on the Government's detention authority under 8 U.S.C. § 1226(c) and Kim, but rather ruled that under the circumstances of his protracted proceedings, Tijani's detention of two years and eight months required that he be granted a bond hearing before an immigration judge. Tijani, 430 F.3d at 1242. Here, Petitioner has been detained for just over five months. See Exh. C. Thus, he has been

1  detained for a fraction of the time contemplated by <u>Tijani</u>. Furthermore, within four months of his

2  detention, the IJ concluded the first stage of removal proceedings. <u>See</u> Exh. H. Accordingly, it is

3  evident that the length of Petitioner's detention under § 1226 will not reach the period contemplated

4  in <u>Tijani</u>.

5      Plaintiff protests that the plain language of the statute limits mandatory detention to aliens

6  who have been released after October 8, 1998 from state custody for an offense that renders him

7  inadmissible or deportable. <u>See</u> Petition, p. 11. His argument ignores the fact that his 2003

8  conviction places him squarely within the categories of aliens subject to mandatory detention. On

9  April 23, 2007, the BIA held that failure to register as a sex offender is a crime involving moral

10  turpitude. <u>Matter of Tobar-Lobo</u>, 24 I&N Dec. 143 (BIA 2007). Petitioner is therefore subject to

11  mandatory detention as an alien who has been convicted of a crime involving moral turpitude.

12  8 U.S.C. § 1226(c)(1)(A). Indeed, the BIA affirmed the IJ on this ground. <u>See</u> Petition, Exh. 3.

13  Furthermore, the BIA and the IJ correctly determined that even if Petitioner's 2003 crime did not

14  render him removable, the post-1998 sentence places him in the category of aliens subject to

15  detention. <u>See</u> Exh. F; Petition, Exh. 3. Nothing in the statute requires that the post-1998

16  incarceration relate to a removable offense.

17          2.   <u>Petitioner Has Failed to Exhaust Administrative Remedies</u>

18      Petitioner next argues that first, because he was not detained promptly after his 2003

19  conviction, and second, that because he was not sentenced to time in state custody for his 2003

20  conviction, he is not subject to mandatory detention. <u>See</u> Petition at 11-15. However, Petitioner

21  failed to exhaust these claims. In addition, the law is clear that a suspended sentence is considered

22  incarceration for immigration purposes. 8 U.S.C. § 1101(a)(48)(B).

23      An alien seeking release from immigration detention must seek a bond hearing in front of

24  an immigration judge; if he is dissatisfied with that result, he must appeal to the BIA. 8 C.F.R.

25  §§ 1003.19, 1236.1(d). Here, although Petitioner sought a bond hearing before an IJ, and

26  subsequently appealed the IJ's decision to the BIA, he raised entirely different claims before the

27  BIA. <u>See</u> Exh. G.

28      It is axiomatic that a petitioner should exhaust administrative remedies before challenging

1  government actions through the vehicle of a habeas petition.  Castro-Cortez v. INS, 239 F.3d 1037,

2  1047 (9th Cir. 2001).  Here, where Petitioner raises new arguments in his habeas petition, it cannot

3  be held that his administrative remedies have been exhausted.  The Ninth Circuit has declared:

> District courts are authorized by 28 U.S.C. § 2241 to consider petitions for habeas
> corpus.  That section does not specifically require petitioners to exhaust direct
> appeals before filing petitioners for habeas corpus.  However, we require, as a
> prudential matter, that petitioners exhaust available judicial and administrative
> remedies before seeking relief under section 2241.

7  Id.; see also Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004).  The appellate court

8  has explained that "[t]he exhaustion requirement avoids 'premature interference with the agency's

9  processes' and helps compile a full judicial record."  Liu v. Waters, 55 F.3d 421, 424 (9th Cir.

10  1995), quoting Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir. 1985).  Thus, "lower courts

11  are...not free to address the underlying merits without first determining the exhaustion requirement

12  has been satisfied or properly waived."  Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

13       Petitioner's new argument involves an issue of statutory construction, which falls squarely

14  within the jurisdiction of the BIA.[4]  8 C.F.R. § 1003.1(b)(ii).  Because his case is still pending before

15  the agency, the IJ still has jurisdiction to consider the merit of his argument.  See 8 C.F.R.

16  § 1236.1(d)(1) (stating that until an order of removal becomes final under 8 C.F.R. § 1240, the IJ

17  has authority to consider appeals from DHS custody determinations).  Here, where Petitioner asks

18  the Court to reject a precedential BIA decision, it is especially appropriate to allow the agency the

19  first opportunity to consider the merit of his argument.  See, e.g., Najjar v. Ashcroft, 257 F.3d 1262,

20  1283 (11th Cir. 2001) (holding that court was precluded from considering new legal arguments on

21  appeal); Young v. Reno, 114 F.3d 879, 881-82 (9th Cir. 1997) ("a party may not seek judicial review

22  of an adverse administrative decision until the party first pursues all possible relief within the

23  agency.").       Raising his new argument before the agency would not necessarily be futile, such that

24  exhaustion should not be required.  Since the BIA issued Matter of Rojas, 23 I&N Dec. 117 (BIA

25  2001), a number of district courts have had the opportunity to consider the issue.  See, e.g., Zabadi

26  v. Chertoff, No. C05-3335 WHA, 2007 WL 3157377, at *4 (N.D. Cal. Nov. 22, 2005) (finding that

27

28       [4]Although the IJ cited Matter of Rojas, 23 I&N Dec. 117 (BIA 2001), the text of his decision
and that of the BIA establish that Petitioner did not argue that his detention was unlawful because
he was not detained in 2003.

1  where alien was taken into custody years after incarceration, he was not subject to mandatory

2  detention); Quezada-Bucio v. Chertoff, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004) (same);

3  Serrano v. Estrada, No. 01cv1916-M, 2002 WL 485699, at *3 (N.D. Tex. Mar. 6, 2002) (deferring

4  to BIA interpretation of mandatory detention statute).     The BIA should be given the first

5  opportunity to consider Petitioner's argument.     Because Petitioner failed to exhaust his

6  administrative remedies, his petition should be denied.

7              3.     The Court Should Defer to the Agency's Interpretation of the Statute

8         Even had Petitioner exhausted his administrative remedies, his argument fails.  According

9  to Petitioner's interpretation of the statute, mandatory detention under § 1226(c) applies only where

10 there is no lapse in time between the alien's release from state custody and the time he is detained

11 by DHS.   Petitioner's erroneous interpretation would preclude DHS from detaining a violent

12 criminal alien simply because local authorities failed to notify DHS of the alien's impending release.

13        The BIA has rejected the interpretation of 8 U.S.C. § 1226(c) that petitioner advances here,

14 and this Court, giving due deference to the agency's decision, should likewise reject it.  Petitioner

15 argues that § 1226(c) does not apply to aliens who are released from incarceration on their

16 underlying criminal offenses prior to being taken into DHS custody for removal.  However, the BIA

17 has held that § 1226(c) applies to criminal aliens who were released from incarceration prior to

18 being taken into ICE custody.  In a 2004 BIA decision, for example, the Board criticized a case

19 holding the opposite, and explained:

20        The Immigration Judge cited Quezada-Bucio v. Ridge, 317 F. Supp. 2d 1221 (W.D.
          Wash. 2004), for the proposition that the "when released" language of [§ 1226(c)]
21        applies to aliens who were released from incarceration and immediately taken into
          DHS's custody.
22
          Contrary to the Immigration Judge's determination, we find that the respondent is
23        subject to mandatory detention.  The respondent was incarcerated in 2001 on the
          probation violation and thus was released from criminal custody after the 1998
24        TPCR expiration date.  The fact that the respondent was not put into DHS custody
          until 2004 is irrelevant and does not change the result pursuant to [§ 1226] . . .
25

26 Hector Eliseo Padilla-Vargas, A43 281 648 – Boston (BIA Nov. 15, 2004) (unpublished), available

27 ///

28 ///

at 2004 WL 2943509;[5] see also Matter of Kotliar, 24 I&N Dec. 124 (BIA 2007); Matter of Rojas, 23 I&N Dec. 117 (BIA 2001) ("we read the 'upon release' clause as a direction pertaining to when the duty arises to take the alien into custody); Matter of Noble, 21 I&N Dec. 672 (BIA 1997) (interpreting similar language in the transitional rules and reaching the same conclusion).

Section 1226(c) provides for mandatory detention of aliens deportable on certain grounds, including aggravated felony convictions under 8 U.S.C. § 1227(a)(2)(A)(iii), the section under which Petitioner was placed in removal proceedings. The statute also subjects aliens who have been convicted of crimes involving moral turpitude, such as Petitioner's 2003 conviction, to mandatory detention. In construing the language of the statute, the Court must give effect to Congress' intent in enacting the statute, if that intent is clear. See Chevron v. Natural Resources Defense Council, 467 U.S. 837, 843-44 (1984). If that intent is unclear, the Court must defer to the reasonable interpretation of the agency charged with implementing it, in this case, the BIA and DHS. Id. at 844. The agency's interpretation is reasonable so long as it is not "arbitrary, capricious, or manifestly contrary to law." Id.

At least two courts have relied on the BIA's decisions and held that § 1226(c) applies to criminal aliens who were taken into ICE custody some time after their release from incarceration. Okeke v. Pasquarell, 80 F. Supp. 2d 635, 638 (W.D. Tex. 2000); Saucedo-Tellez v. Perryman, 55 F. Supp. 2d 882, 885 (N.D. Ill. 1999). In Saucedo-Tellez, the court agreed that the language of § 1226(c) was not "unequivocally clear," and found, therefore, that the court was "obligated to defer to the [BIA's] ruling" as set forth in Noble. Saucedo-Tellez, 55 F. Supp. at 885.

Notably, in a case involving claims against the United States, the Ninth Circuit has ruled that there is agency discretion as to when to detain aggravated felons under the mandatory detention statute. In California v. United States, 104 F.3d 1086 (9th Cir. 1997), the State of California brought suit against the United States, claiming that the INS had failed in its statutory duties under the predecessor to § 1226(c) in that "INS violated the terms of this section by failing to take into custody aliens convicted of aggravated felonies upon their release from state incarceration pending

---

[5] Citation of unpublished, nonprecedential BIA decisions is discouraged but permitted. BIA Practice Manual, rev. ed. June 15, 2004, at p. J-2.

determination of deportability." Id. at 1094. Citing the agency's absolute discretion, the Ninth Circuit dismissed the claim because it was not subject to judicial review. This decision compels a finding that DHS has the discretion to decide when to arrest criminal aliens under the mandatory detention statute. See Okeke, 80 F. Supp. 2d at 639, interpreting California in this manner. The Saucedo-Tellez court found that the BIA decision was not arbitrary and capricious and was, therefore, entitled to deference. This Court should likewise find that the relevant BIA decisions are entitled to deference and that their reasoning is sound.

## IV.    CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny the Petition for a Writ of Habeas Corpus.

Dated: September 27, 2007                          Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney

1   SCOTT N. SCHOOLS (SC 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   MELANIE L. PROCTOR (CSBN 228971)
    Melanie.Proctor@usdoj.gov
4   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
6       Telephone: (415) 436-6730
        FAX: (415) 436-6927
7
    Attorneys for Respondents
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12
    JOSE GUIDO,                         )      No. C07-3873 MJJ
13                                      )
                       Petitioner,      )
14                                      )
            v.                          )      DECLARATION OF MELANIE
15                                      )      PROCTOR
    LT. DAVID SEPULVEDA, Jail           )
16  Administrator, Santa Clara County   )
    Department of Correction; et al.,   )
17                                      )
                       Respondents.     )
18  _____ )

19  I, Melanie Proctor, declare and state as follows:

20          1.      I am employed by the United States Attorney's Office, Northern District of

21  California, as an Assistant United States Attorney.  My current employment address is 450 Golden

22  Gate Avenue, Box 36055, San Francisco, California, 94102.  I am the attorney assigned to the

23  above-captioned matter.

24          2.      I prepared the Government's Return on the basis of the pleadings filed in this case,

25  as well as the administrative record.  Deportation and Removal Officer Yakov Grinberg scanned the

26  DHS administrative file ("A-File") for Petitioner, and provided an electronic copy to me.  The

27  documents attached as Exhibits A-H are from the A-file.

28

    PROCTOR DECLARATION
    No. C07-3873 MJJ

A true copy of said documents accompanies the Government's Return in this case.

Signed this 27th day of September, 2007, in San Francisco, California.

_____/s/_____
MELANIE L. PROCTOR

EXHIBIT A

116

# FILED

GENE L. TUNNEY, DISTRICT ATTORNEY
County of Sonoma

JAN 27 1992

212J Hall of Justice
P.O. Box 1964
Santa Rosa, CA  95402
(707) 527-2311
BY:  KATHY A. KNOTTS, DEPUTY
Attorney for the People

SONOMA COUNTY CLERK
BY _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

THE PEOPLE OF THE STATE OF CALIFORNIA, )   COURT NO. 19377
                                Plaintiff, )   D.A. NO.    242354
                  vs.                      )   DEPT. NO.   I
JOSE GUIDO RUIS                            )   INFORMATION
                                           )   §288(a) PC - Count I
                              Defendant    )
                              COUNT I

        The said JOSE GUIDO RUIS is accused by the District

Attorney of and for the County of Sonoma, State of California, by

this Information, of a felony, in that on or about 11-23-91 ~~the month of May,~~

~~1991 thru the month of May, 1991,~~ in the County of Sonoma, State of

California, the said defendant did violate Section 288(a) of the

Penal Code, in that the said defendant did wilfully and unlawfully

and lewdly commit a lewd and lascivious act, to wit, touch the chest

area of victim through the clothing, upon and with the body and

certain parts and members thereof of ANNA ISOL, a child under the

age of fourteen years, with the intent of arousing, appealing to,

and gratifying the lust, passions, and sexual desires of the said

defendant and the said child.

        Contrary to the form, force and effect of the Statute in

such case made and provided and against the peace and dignity of the

People of the State of California.

                        GENE L. TUNNEY, DISTRICT ATTORNEY
                        County of Sonoma, State of California

                        BY: _____
                              Kathy A. Knotts
                              Deputy District Attorney
SW                                    1

I HEREBY CERTIFY THAT THE WITHIN INSTRUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST MAR 17 2006

Clerk of the Superior Court of California
County of Sonoma
BY _Padgett_ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**FILED**

APR 30 1992

SONOMA COUNTY CLERK
BY _Cadlins_
Deputy Clerk

Date: 4-30-92  Hon. JOHN J. GALLAGHER
Dept. No.: ONE        FORREST FASIG

. Judge · CAROLYN ADKINS . Deputy Clerk
. Bailiff · MERLIN COMBS . Reporter

THE PEOPLE OF THE STATE OF CALIFORNIA,
                    Plaintiff

vs.

JOSE GUIDO RUIS
                    Defendant.

District Attorney: _Kathleen Knotts_

(DC) Defense Counsel: _Martin Woods_

(108) Probation Officer: _Larry Arnell_

Charges: 288(a) PC

NATURE OF PROCEEDINGS: SENTENCING—PROBATION ORDER                SCR-19377

---

Defendant (01) present [ 02 ] not present [ 03 ] present in custody [ 05 ] _____ sworn as interpreter
[ 09 ] Criminal proceedings reinstated [ C5 ] Bench warrant recalled [ C8 ] Bail forfeiture vacated [ C9 ] Bail reinstated

Court has read and reviewed report(s) and other documents. Defendant waives formal arraignment. No legal cause why judgment should not be pronounced. Defendant having been convicted on **3-27-92** by plea of (K1A) guilty **TO CT. I OF INFO FILED 1-27-92** [K1B] nolo
[ K2A ] court trial of _____
[ K2B ] jury trial of _____

[ K3 ] Defendant violated probation on _____
[ F1 ] Probation revoked [ F3 ] terminated
[ K4 ] Sentence heretofore imposed to execute

**COURT PRONOUNCES SENTENCE:**
(S27) Defendant sentenced [ K5 ] State Prison for:

| Case # | Ct. | Violation | F/M | Prior | Enhancement | L/M/U | Base Term | Total Term |
|---|---|---|---|---|---|---|---|---|
| SCR-19377 | I | 288(a) PC | F | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

TOTAL AGGREGATE TERM

[ L1 ] Ct. _____ is principal term; [ L2 ] Ct.(s) _____ is subordinate term(s).
[ L3 ] Ct(s)/Case _____ consecutive to Ct(s)/Case _____
[ L4 ] Ct(s)/Case _____ concurrent with Ct(s)/Case _____
[ ] all but ⅓ midterm of Ct.(s) _____ stayed.
[L5A] Term prescribed by law [L5B] _____ years to life [L5C] Life with parole [L5D] Life without parole [L5E] Death penalty

Factors/mitigation: _____

Factors/aggravation: _____

[ ] Circumstances balanced [ ] Mitigation/Aggravation factors outweigh those in mitigation/aggravation.
Defendant advised re: [L6A] appeal/parole [L6C] 1191.3 PC [ ] Other_____

[M1] EXECUTION OF SENTENCE SUSPENDED (S7) IMPOSITION OF SENTENCE SUSPENDED
Probation [ F2 ] reinstated [ F3 ] terminated [ F8 ] modified [ F9 ] extended to _____
(S24) Defendant granted FORMAL PROBATION **3** years. DEFENDANT SHALL:

[ ✓ ] Report to your Probation Officer immediately upon release from custody and furnish him/her with requested information regarding yourself including place of residence, exact post office address and contemplated or actual place of employment.
[ ✓ ] Keep your Probation Officer informed of your whereabouts at all times and immediately notify him/her of any change of address or employment.

[ ✓ ] While under probation, remain in the custody of the Probation Officer and whenever notified to do so, report in person to him/her or to this Court at the time and place designated in the notice. A written notice mailed at least five days prior to your appearance date, sent to you at the last post office address furnished by you, is sufficient notice.



[ ✓ ] Diligently seek employment, accept the first honorable employment offered you and as far as possible, remain employed during the term of probation.

[ ✓ ] Obey all laws.

[ ✓ ] Report to your Probation Officer monthly in writing on forms provided by him/her.

[ P1 ] Serve ____9____ months/days in Sonoma County Jail.

[ L8 ] CTS total ___1___ days ( ___1___ actual ___0___ conduct)

[ P2 ] Jail sentence stayed; self-surrender to North County Detention Facility, 2254 Airport Blvd., Santa Rosa, on ___6-5-92___ by ___7:00 p.m.___

[ P3 ] Probation terminates upon release from custody.

[ P4 ] Upon completion of sentence, remain in custody until authorized representative of _____ appears to place defendant in residential treatment program.

[ P5 ] If bed space is available prior to completion of sentence, defendant may be released to authorized representative of _____ for placement in residential treatment program.

[ ] Participate/complete residential drug rehabilitation program and not leave without prior written consent.

[ P7 ] Although not a condition of probation, defendant waives all custody credits (A) while in residential treatment program (B) while awaiting placement.

[ P8 ] Defendant waives time previously served.

[ ✓ ] Participate/complete programs of assistance and counselling as directed by Probation Officer.

[P10A] Pay fine $_____ [P10B] plus assessment $_____

[ P11 ] Pay collection fee $_____ .

[ P12 ] Complete ___150___ hrs. volunteer work thru Sonoma County Volunteer Bureau by ___AS P.O. DIRECTS___

[ P13 ] Pay restitution $_____ in manner to be determined.

[ P14 ] Pay restitution in amount and manner to be determined.

[ P15 ] Pay restitution $_____ jointly and severally with co-defendant in manner to be determined.

[ P16 ] Pay restitution jointly and severally with co-defendant; amount and manner to be determined.

[ P17 ] Restitution advisement given per 1214 PC.

[ ✓ ] Not contact victim directly or indirectly.

[ ✓ ] Not associate with minors. UNLESS IMMED. ACCOMPANIED BY ANOTHER RESPONSIBLE ADULT.

[ ] Not contact co-defendant. DEFENDANT'S OWN CHILDREN EXEMPTED

[ P21 ] Register pursuant [ A ] 290 PC [ B ] 457.1 PC [ C ] 11590 H&S

[ ✓ ] Provide two blood and saliva samples.

[ ✓ ] Submit to warrantless search and seizure of person, property, personal business or vehicle at any time day or night; residence at any time of day or reasonable hour of night by any Probation or law enforcement officer.

[ ] Submit to random chemical testing.

[ P25 ] Not possess any weapon.

[ ] Not possess or use controlled substances or associated paraphernalia without valid prescription.

[ ] Complete DRUG ABUSE & HIV EPIDEMIC course.

[ ] Not consume or possess alcohol.

[ ] Not be where alcohol is primary item of sale.

[ ] Not drive unless properly licensed and insured.

[ P31 ] Not accept job handling checks/cash without first advising employer of this conviction.

[ ] Not possess any check not payable to defendant.

[ ] Not open any checking account.

[ ✓ ] Maintain employment or enroll in educational program.

[P35A] Pay restitution fine $___100___ [P35B] Stayed pending successful completion of probation per 1202.4 PC.

[ P36 ] Pay [ A ] Drug [ B ] Alcohol prevention program fee $_____

[ P37 ] Pay fine per 290.3 PC (Habitual Offender) $___100___

[P38A] Pay report preparation fee $___150___ [P38B] at $___20___ per mo.

[ L6B ] Not own, possess, have under custody or control any firearm pursuant to Federal and State law.

[P39A] Pay $_____ attorney fees thru Central Collections [P39B] at $_____ per mo.

[ P40 ] Advisements given [ A ] 1203.2 PC [ B ] 1203.4 PC.

[ P41 ] Defendant referred for work release.

[ ] Pay cost of probation supervision at $_____ /mo.

[ ] Defendant advised DMV will revoke/suspend license for _____ yrs.

[ ] Court does not object to [ ] electronic surveillance
[ ] Sheriff's parole [ ] work furlough.

[ C10 ] BAIL EXONERATED

[ L9 ] Cts. dismissed w/reasons _____

_____

[ ] Pursuant plea negotiations _____

OTHER: _____

Dated _____ APR 3 0 1992

_____
JUDGE OF THE SUPERIOR COURT

Dated _____

_____
Probation Officer

_____
Probationer

CC: [ ✓ ] Jail [ ✓ ] Probation [ ] Arresting Agency [ ] _____

[ M10 ] Probation Hearing Held)

```
SCR-19377      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page    1
MCR-178569                  CRIMINAL DOCKET            Printed  3/17/2006   14:57
```

Docket of
```
DE 1    RUIS, JOSE GUIDO                         Offense Date: 05/01/1991
DOB 05/10/1962 DLN CA C5916512                   DA #: DAR-242354
```

   Filed Charges
```
F PC 288(a) 4 Counts Cert            F PC 289(j) Cert
F PC 288(a) Convicted Amended
```

```
Arresting Agency: SONOMA COUNTY SHERIFF'S DEPT      Agency #: SCY-91092434
Box Number: 37029 (MCR-178569),   61197 (SCR-19377)    DA Location: 34404
===============================================================================
```

10/11/1991 DE 1
```
   CHARGES AMENDED
   COMPLAINT FILED
   F PC 288(a) 4 Counts                  F PC 289(j)
   DECLARATION IN SUPPORT OF WARRANT OF ARREST FILED
   WARRANT #5051676 SIGNED AND ISSUED IN THE AMOUNT OF $25,000
```

10/19/1991 DE 1
```
   AUTOMATED 8715 SUSPENSION ISSUED
```

10/21/1991 DE 1
```
   Warrant #5051676 Recalled Defendant Bailed To Appear
   CONTINUED TO - 11/04/1991 at 8:30am MCD2 ,BTA/WARRANT
   BAIL BOND #RB25-00273747 REC'D AND FILED IN THE AMOUNT OF $25,000.00
    DEFENDANT TO APPEAR ON 11-4-91
```

11/04/1991 DE 1     Courtroom Minutes of Department MCD2
```
   HON: F PASSALACQUA  DDA: RAPHEAL E. DONNELLY  REP: F SANDERS  CLK: DG  INT: A
   Defendant present
   Defendant duly arraigned, advised of charges & rights
   Defendant handed copy of complaint
   Defendant requests 3 week continuance for counsel
   Defendant informed of Right to Counsel
   CONTINUED TO - 11/25/1991 at 8:30am MCD2 ,FOR COUNSEL
   Do not annoy, harass, threaten, harm, or have any contact with
    victim or victim's family
```



I HEREBY CERTIFY THAT THE WITHIN INSTRU-
MENT IS A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST   MAR 1 7 2006

Clerk of the Superior Court of California
County of Sonoma
BY  C. Padgett  Deputy Clerk

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SCR-19377      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 2

<u>11/25/1991 DE 1      Courtroom Minutes of Department MCD2</u>

   HON: F PASSALACQUA  DDA: KAY E. HUFF  REP: F SANDERS  CLK: KA
     INT: elva Murillo-Nunez
   Defendant present
   Counsel Martin M. Woods appearing
   Defendant duly arraigned, advised of charges & rights
   Stipulated to arraignment & advisement of rights / waives reading
   CONTINUED TO - 12/05/1991 at 8:30am MCD2 ,PLEA

<u>12/05/1991 DE 1      Courtroom Minutes of Department MCD2</u>

   HON: F PASSALACQUA  DDA: CLIFF HARRIS  REP: J MYERS  CLK: RPL
   Defendant not present
   Counsel Martin M Woods appearing
   $50,000.00 Warrant Stayed
   CONTINUED TO - 12/10/1991 at 8:30am MCD2 ,PLEA, AT ATTORNEY'S
    REQUEST

<u>12/10/1991 DE 1      Courtroom Minutes of Department MCD2</u>

   HON: F PASSALACQUA  DDA: GORDON B. SCOTT  REP: A MERTLE  CLK: AN  INT: ADG
   Defendant present
   Counsel Martin M Woods appearing
   Reassumption of Liability filed
   CONTINUED TO - 12/12/1991 at 8:30am MCD2 ,PLEA,TO SET

<u>12/12/1991 DE 1      Courtroom Minutes of Department MCD2</u>

   HON: F PASSALACQUA  DDA: RAPHEAL E. DONNELLY  REP: J MYERS  CLK: AN
   Interpreter waived for today
   Defendant present
   Counsel Martin M Woods appearing
   Defendant Waived Time for Preliminary Hearing
   Defendant pleads Not Guilty to count I
   Defendant pleads Not Guilty to count II
   Defendant pleads Not Guilty to count III
   Defendant pleads Not Guilty to count IV
   Defendant pleads Not Guilty to count V
   Preliminary Examination set
   CONTINUED TO - 01/13/1992 at 1:30pm MCD5 ,PRELIMINARY

SCR-19377    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 3

01/13/1992 DE 1    Courtroom Minutes of Department MCD5

    HON: MARK TANSIL  DDA: KATHLEEN A. KNOTTS  REP: S. M. COMBS  CLK: CM
       INT: EVA FISCHER - SPANISH
    Defendant present
    Counsel Martin M Woods appearing
    Defendant informed of Right to Preliminary
    Defendant Waived Right to Preliminary
    Defendant will waive preliminary as to all five counts
    In Superior Court, defendant to plea to one count, agreed no state
     prison, 1 year Sonoma County Jail maximum exposure
    District Attorney will not oppose Electronic Home Confinement
    Other counts to be dismissed
    Maximum sentence with 8 year exposure
    If Superior
    Court Judge does not accept agreement, case may go to trial in
     Superior Court
    Preliminary Examination vacated
    Preliminary Examination waived
    Def. Certified to Superior Court - Count I
    Def. Certified to Superior Court - Count II
    Def. Certified to Superior Court - Count III
    Def. Certified to Superior Court - Count IV
    Def. Certified to Superior Court - Count V
    Certification to be filed on 1-27-92 at 9:00 a.m., Department 1 in
     Superior Court

01/15/1992 DE 1
    CRIMINAL HEARING - 01/27/1992 at 9:00am SCD1 ,INFORMATION TO BE
       FILED
    BAIL BOND #RB25-00273747 Bailbond Amt: $25000.; Type: B; Agency:
     JUSTIN BAIL BONDS   ; Receipt #NA    ; Company: RANGER INSURANCE;
     Bond #250273747

01/22/1992 DE 1
    PERTINENT PAPERS DELIVERED TO COUNTY CLERK; RECEIPT FILED # 19377

01/27/1992 DE 1    Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: LARRY J. SCOUFOS  REP: MERLIN COMBS  CLK: CA
    Defendant present
    FIRST APPEARANCE - SUPERIOR COURT
    Martin Woods appearing for Defendant
    INFORMATION FILED

    Defendant waives reading
    Defendant's true name is as shown on Information
    Defendant stipulates to due and proper arraignment

SCR-19377      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA      Page 4

01/27/1992 DE 1      Courtroom Minutes of Department SCD1 (continued)
    Defendant advised  of charges/allegations
    WAIVER OF PRELIMINARY HEARING FILED
    Defendant waives time to  2-3-92 + 60 days
    CONT/D FROM 1-27-92 - 02/03/1992 at 9:00am SCD1 ,PLEA

02/03/1992 DE 1      Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: R MCCONNELL  CLK: CA
    Defendant present
    Martin woods appearing for Defendant
    Elva Rivera sworn as Interpreter
    Defendant waives time to  2-18-92 + 60 days
    CONT/D FROM 2-3-92 - 02/18/1992 at 9:00am SCD1 ,PLEA

02/18/1992 DE 1      Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: MERLIN COMBS  CLK: CA
    Defendant present
    Martin Woods appearing for Defendant
    Probation Officer Larry Ornell present
    Defendant pleads NOT GUILTY to count I
    Defendant waives time to  4-6-92 + 30 days
    SET FOR JURY TRIAL-MASTER CALENDAR - 04/06/1992 at 9:30am SCD1
      ,JURY TRIAL
    PRE-TRIAL CONFIRMATION - 03/27/1992 at 9:00am SCD1 ,PRETRIAL
      CONFIRMATION

03/27/1992 DE 1      Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: KATHLEEN A. KNOTTS  REP: MERLIN COMBS  CLK: CA
    Defendant present
    Martin Woods appearing for Defendant
    e Rivera sworn as Interpreter
    Defendant stipulates to due and proper arraignment on amendment
    Information amended on face to change date of offense to 11-23-91
    Defendant advised of maximum penalty and constitutional rights
    Defendant withdraws plea of not guilty and enters plea of GUILTY to
      count I
    CONVICTED TO COUNT I - PLEA OF GUILTY
    Court finds factual basis for plea
    Court finds Defendant knowingly, intelligently, freely and
      voluntarily waives rights
    People recommend  1192.5 PC plea
    Referred to Probation for presentence; report due  4-24-92

SCR-19377     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 5

03/27/1992 DE 1     Courtroom Minutes of Department SCD1 (continued)
    Trial date vacated - 04/06/1992 at 9:30am SCD1 ,JURY TRIAL
    CONT/D FROM 3-27-92 - 04/30/1992 at 9:00am SCD1 ,RPO/SENTENCE
    Dr. Dr Alvarez appointed.  Report due  4-17-92

04/30/1992 DE 1
    Order for Probation filed
    ALIENIST'S REPORT FILED (ALVAREZ)
    PRESENTENCE REPORT FILED

04/30/1992 DE 1     Courtroom Minutes of Department SCD1

    HON: J GALLAGHER  DDA: KB  REP: MERLIN COMBS  CLK: CA
    Defendant present
    Martin Woods appearing for Defendant
    Probation Officer Larry Ornell present
    Defendant convicted by plea of guilty of Count 1
    DEFENDANT SENTENCED
    Imposition of Judgment Suspended
    Formal Probation Granted  3 year(s)
    Serve 9 month(s) in Sonoma County Jail
    CTS total  1 days ( 1 actual/ 0 conduct)
    Jail sentence stayed; self-surrender to NCDF on 6-8-92 at  7:00 pm
    Participate/complete programs of assistance and counseling as
     directd by Probation Officer
    Complete 150 hrs. volunteer work thru So. Co. Volunteer Bureau by as
     P O directs
    Not contact victim directly or indirectly
    Not associate with minors unless immediately accompanied by another
     responisble adult; Def's own children exempted.
    Register pursuant to 290 PC
    Provide two blood and saliva samples
    Submit to warrantless search and seizure of person, property,
     personal business or vehicle at any time day or night;
    Maintain employment or enroll in educational program
    Pay restitution fine $ 100
    Pay fine $100 per 290.3 PC
    Pay report preparation fee $ 150
    at $20 per mo.
    PROBATION HEARING

05/04/1992 DE 1
    RECEIPT FROM JAIL

05/06/1992 DE 1
    STATEMENT PAYMENT ALVAREZ, PH.D. $400

SCR-19377     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 6

05/28/1992 DE 1
  AUTOMATED 8715 REPORT ISSUED

08/12/1992 DE 1
  BAIL EXONERATED; REFERENCE # Prior to Automated Bail

03/16/1993 DE 1
  ADDED TO CALENDAR - 03/17/1993 at 9:00am SCD8 ,MODIFICATION OF
    PROBATION

03/17/1993 DE 1
  Probation report filed RE MODIFICATION

03/17/1993 DE 1     Courtroom Minutes of Department SCD8

  HON: A ROSENFIELD   DDA: BMB   REP: KAREN THOMPSON   CLK: BB
  Defendant present
  S. Hannon appearing for Defendant
  E. Fischer sworn as Interpreter
  SENTENCE AMENDED
  FORMAL PROBATION MODIFIED
  All other terms and conditions remain in full force and effect
  Court orders the previously imposed volunteer service hours
   converted to a fine in the amount of $750.00 to be paid at the rate
   of $50.00 per month commencing April 1, 1993.  A $30.00 collection
   fee is also ordered.
  PROBATION HEARING

03/19/1993 DE 1
  MODIFIED ORDER OF PROBATION FILED

04/30/1995 DE 1
  Formal Probation Term Expired

05/18/1999 DE 1
  APPLICATION FOR EXPUNGEMENT

06/22/1999 DE 1
  ORDER DENYING EXPUNGEMENT PURSUANT TO SECTION 1203.4 PC

06/22/2005 DE 1
  AUTOMATED 8715 SUBSEQUENT ACTION ISSUED


               *****   End of Docket   *****

T2PD0611

T2PD0634

QUEUE TYPE:   PERSONAL          QUEUE NAME:   QNWA          A41-840-419
                                MSG STATUS:   NACK

******************* TEXT OF MESSAGE *************** PAGE 02 **************

*************************************************************************
FOR CALIFORNIA AGENCIES ONLY - COLLECT DNA. THE DNA
SAMPLE PREVIOUSLY SUPPLIED IS EITHER INADEQUATE OR NOT
VERIFIABLE BY FINGERPRINTS. REQUEST KITS AND INFO AT
(510) 620-3300 OR PC296.PC296@DOJ.CA.GOV.
*************************************************************************
** III MULTIPLE SOURCE
CII/A09920547
DOB/19620510    SEX/M  RAC/HISPANIC
HGT/509  WGT/198  EYE/BLK  HAI/BRO  POB/MM
NAM/01 RUIS,JOSE GUIDO
  MNU/FBI-449443PA5
      DOB-19620517
      CDL-C5916512
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)  PF18=(REROUTE)

USE PF KEYS TO CONTINUE
(PF1=HELP) (PF3=MAIN MENU) (PF4=PREV MENU) (PF7=PREV PAGE) (PF8=NEXT PAGE)


*Gloria Lopez atty*
*703 Market St Suite 306*
*94103*

EXHIBIT B

**FILED**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA     JUN 1 8 2003

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By_____ DEPUTY CLERK

THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                      vs.           )      WARRANT

                                 )

                                 )      MCR 422457

                                 )      FELONY COMPLAINT

JOSE GUIDO RUIS                  )      Section 290(a)(1)(d) PC

                                 )

_____ Defendant  )

 

        THE UNDERSIGNED, being duly sworn, deposes and says, upon information and belief, that the said defendant, **JOSE GUIDO RUIS,** did, in the County of Sonoma, State of California, on or about the **16th day of May, 2003 through the 2nd day of June, 2003**, violate Section **290(a)(1)(d)** of the PENAL CODE, a ~~felony~~, in that he being a person required to update his or her registration annually, within 5 working days of his or her birthday, based on a felony conviction, juvenile adjudication, and for a second PC 290 violation based on a misdemeanor conviction, did willfully and unlawfully violate the provision of Penal Code section 290 requiring an annual update of registration.

        Complainant therefore prays that a warrant issue and that said defendant be dealt with according to law.

                                _____

                                SANTA ROSA POLICE DEPARTMENT

Subscribed and sworn to before me this ___18___ day of ___June___, 20_03_

                                _____

                                Clerk of the Superior Court

6/17/2003
BMC/MB
SRO 0310448
DAR-466515

THE WITHIN INSTRUMENT IS A CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE.

ATTEST:    **JUN 2 6 2007**

Clerk of the Superior Court of California
County of Sonoma
By_____ Deputy Clerk

MCR-422457    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page    1
                    CRIMINAL DOCKET          Printed  6/26/2007   12:31

Docket of
  DE 1    RUIS, JOSE GUIDO                        Offense Date: 05/16/2003
  DOB 05/10/1962 DLN CA C5916512                       DA #: DAR-466515

    Filed Charges
    M PC 290(a)(1)(d) Convicted Amende

Arresting Agency: SANTA ROSA POLICE DEPARTMENT        Agency #: SRO-0310448
  Box Number: 110503                                   DA Location: 09808
=============================================================================

06/06/2003 DE 1
    ADDED TO CALENDAR BY JAIL - 06/10/2003 at 8:30am M13, ON VIEW

06/07/2003 DE 1
    CALENDAR DROPPED BY JAIL - 06/10/2003 at 8:30am M13

06/18/2003 DE 1
    COMPLAINT FILED
    F PC 290(a)(1)(d)

06/19/2003 DE 1
    DECLARATION IN SUPPORT OF WARRANT OF ARREST FILED

06/20/2003 DE 1
    BAIL BOND REFERENCE #A100146998 REC'D AND FILED IN THE AMOUNT OF
    $10000
    CALENDAR ITEM - 06/23/2003 at 8:30am S2, BAILED TO APPEAR

06/23/2003 DE 1    Courtroom Minutes of Department S2

    HON: ELLIOT LEE DAUM  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: VL
      INT: M OBERTI - SPANISH
    No File
    Defendant present
    Counsel W. Marioni, Public Defender, appearing
    Public Defender appointed
    Defense provided with copy of complaint
    Defendant advised of charges/allegations
    Stipulates to arraignment
    Defendant advised of constitutional rights
    Defendant waives reading of Complaint
    Defendant advised of Public Defender registration fee
    Defendant pleads Not Guilty to count I PC 290(a)(1)(d)
    Defendant waived time for Preliminary Hearing
    Defendant Waived Time for Preliminary Hearing, including 10 day

THE WITHIN INSTRUMENT IS A CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE.
ATTEST:  JUN 2 6 2007
Clerk of the Superior Court of California
County of Sonoma
By _____  Deputy Clerk

MCR-422457    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 2

06/23/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    rule
    Defendant Waived Time for Preliminary Hearing, including 60 day
    rule
    Preliminary Examination set - 07/17/2003 at 9:30am S2, PRELIMINARY
    Warrant #5280236 deleted

07/17/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: JAMES PATRICK CASEY  REP: E POPOVICH  CLK: LA
        INT: GENEVIEVE NAVAR - SPAN/FRENCH
    *Defendant present*
    Public Defender relieved
    Defense Counsel Public Defender appearing
    Defense Counsel appearing generally
    Defendant Waived Time for Preliminary Hearing, including 10 day
    rule
    Defendant Waived Time for Preliminary Hearing, including 60 day
    rule
    Preliminary Examination set - 08/21/2003 at 9:30am S2, PRELIMINARY
    1050 PC Motion Granted - Defense's

08/21/2003 DE 1
    FINE PAID IN FULL-DATE 08/21/2003 REC #2106722 $100.00 (IBM)

08/21/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: C A Martinez  CLK: LA
    Defendant present
    Defense Counsel J. Passalacqua appearing
    Defendant Advised of Maximum Penalties/Constitutional Rights
    Defendant advised of Future Consequences
    Defendant understands and waives each right
    Defense Counsel joins in Waiver of rights
    Tahl Waiver filed
    Defendant withdraws plea of not guilty and enters plea of NO
    CONTEST to count I PC 290(a)(1)(d)
    CONVICTED TO COUNT I PC 290(a)(1)(d)
    Court finds factual basis for plea
    Court finds Defendant knowingly, intelligently, freely and
    voluntarily waives rights
    Court finds Defendant guilty
    Preliminary hrg vacated
    Imposition of sentence suspended
    Conditional Sentence Granted 24 Month(s)
    Be of good conduct and obey all laws
    Restitution fine of $100 due 11-19-2003 pursuant to Penal Code
    1202.4(b)

MCR-422457    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 3

08/21/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    Fine payable thru Clerk's Office
    Defendant to register per 290 PC
    Bail Exonerated; Reference #A100146998

09/04/2003 DE 1
    AUTOMATED 8715 REPORT ISSUED

08/21/2005 DE 1
    Conditional Sentence Term Expired

***** End of Docket *****

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6/23/03

| Case # MCR-422457    7 | Date: 8/21/03 Time: 0930a Courtroom # S2 | 1st App: _____ Target: _____ |

Judge: RAIMA BALLINGER
Deputy D.A.: TROYE K. SHAFFER

Reporter: C A Martinez
Clerk: L. Albertson

Sworn Interpreter: _____ INT
[I12] _____ Interpreter needed next date
[A32] Probation Officer present _____
[A] gives oral report to court

PEOPLE VS.
RUIS, JOSE GUIDO          [DE 1]

Probation #          97688

Agency # SRO-0310448          DDL: CA C5916512          DOB: 5/10/62

Charges: 1) F 290(a)(1)(d) PC

## N  NATURE OF PROCEEDINGS:  PRELIMINARY

**DEFENDANT** [1] present [2] not present [3] present in custody [4] not present in custody [A] pro per [5] waiver of personal appearance filed
[6] Pub. Def. _____ [7] appointed [8] relieved [22] True name is _____
[9] Defense Csl. J. PASSALACQUA [10] generally [11] relieved [23] Defendant advised of charges/allegations [24] Stipulates to arraignment
[12] Conflict Csl. _____ [14] appointed [15] relieved [25] Advised of constitutional rights [26] Waives reading of Information
[16] Complaint [17] Information [A] filed [B] _____ amended [A] Complaint [B] Constitutional rights [C] Alien advisement given per 1016.5 PC
[18] Defense provided with [A] Complaint [B] Discovery          **Complaint not filed** [27] Defendant discharged [28] Continued for complaint
[19] Complaint amended to _____ [29] Mutual discovery granted by _____ [30] Judge recuses self per 170.1 CCP
[20] Charge(s) amended to _____ [31] 170.6 CCP filed re: Judge _____ by [A] DA [B] Defense
[21] Ct(s). _____ / _____ deemed misd. per [A] 17b4 PC [B] 17b5 PC [32] Defendant advised of [A] PD reg fee [B] possible fee assessment for counsel

## O  BAIL/CUSTODIAL STATUS

**DEFENDANT** [1] REMANDED [2] RELEASED FROM CUSTODY
**BAIL** [3] forfeited [4] reinstated [5] exonerated
[6] Reassumption of liability filed [7] Bail reinstated and exonerated
[8] Bench warrant to issue per _____ Bail $ _____
[9] D.A. to prepare declaration & warrant          [10] EXECUTION STAYED

**WARRANT** [15] RECALLED [18] remains out
[19] Bail set $ _____ [A] as set [20] NO BAIL
Bail [21] increased to _____ [22] reduced to _____
Mtn. for [24] OR [25] Sup. OR [A] granted [B] denied [C] conditions attached
[26] OR [27] Sup. OR [A] reinstated [B] revoked [C] terminated [D] continued
[28] Summary judgment extended to _____

## P  DEF. PLEADS

[1] Not Guilty [2] NGI [3] Not guilty plea w/drawn
[4] Prior(s) denied [5] Enhancements/allegations denied
Advised of [6] max. penalties [7] future consequences [8] understands &
waives each right [9] Defense Csl joins in waiver [10] TAHL waiver filed
[11] GUILTY [12] NO CONTEST 1) in 290 (a)(1)(d) PC
[13] Priors _____ dated _____ [A] admitted [B] stricken
[14] Prison Priors _____ dated _____ [A] admitted [B] stricken
[15] Enhancements _____ dated _____ [A] admitted [B] stricken
[16] Strikes _____ dated _____ [A] admitted [B] stricken
[17] Spec. circumstances _____ [A] admitted [B] stricken
Def. stipulates to [18] factual basis for plea [A] probable cause for arrest

**COURT FINDS** [19] factual basis for plea [20] admission [21] Def.
knowingly, intelligently, freely, voluntarily waives rights [22] Defendant guilty
[23] People's motion to dismiss counts remaining of sentencing granted
[24] Plea per 1192.5 PC [25] Fingerprint form filed
[26] Defendant to be booked, fingerprinted, and released forthwith
[27] People recommend _____
[28] Court indicates _____
[29] Def. enters [A] Arbuckle [B] Harvey waiver re: _____
[30] VC Priors _____ found constitutionally [A] valid [B] invalid
[31] Motor vehicle used in the commission of a felony (for DMV reporting)

## E  PROBATION

[1] Referred to Prob. Dept. for RPO [2] re-referral [A] OR Bail Reduction [B] Presentence [C] VOP [D] NBRC [E] Post Sentence [F] Other
[7] Cont. to _____ Ctrm _____ [9] Report due _____ [10] Transcript due _____ [11] Prob. Report filed

## R  CALENDAR SETTINGS/WAIVERS

**DEFENDANT** [1] waives time to _____ [A] plus _____ days
[2] does not waive time [3] withdraws time waiver
Waives time for [4] sentencing [5] referral [6] prelim [A] 10 [B] 60 days
[7] advised of right to prelim [8] waives same [9] People waive prelim          **HELD**
[10] Prelim. hrg. set VACATED _____ Ctrm _____ [A]
[11] The **Complaint** will be deemed the **Information** for all purposes
[12] Cert per 1368 PC for hrg. _____ Ctrm _____ [A]
[13] Proceeding suspended & case Certified to Juvenile Court
[14] Cert. to Trial Dept. for hrg. _____ Ctrm _____ [A]
[15] Jury Trial set _____ Ctrm _____ [A]
[16] Pretrial set _____ Ctrm _____ [A]
[17] Readiness THE WITHIN INSTRUMENT IS A CORRECT COPY _____ [A]
[18] Hearing set OF THE ORIGINAL ON FILE IN THIS OFFICE _____ [A]
[19] Trial date confirmed _____ [20] Time estimate _____
[21] VACATED ATTEST: JUN 2 6 2007
[22] Criminal Protective Order [A] issued & filed [B] vacated [C] served
[23] Cont to _____ Ctrm _____

Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

Bail transferred to [XFRS] SCR case [XFRM] MCR case

**MOTION** [24] 1538.5 PC [25] 995 PC [26] 1050 PC [27] 1275 PC Bail Source
[28] Change Venue [29] Vacate judgment [30] Marsden [31] Other _____
[A] Filed [B] Set _____ Ctrm _____ [C] HELD
[D] granted [E] denied [F] taken under submission [G] withdrawn
[33] Dr. _____ appointed to examine defendant
at expense of [A] Court [B] DA [C] Defense [D] Conflict Counsel
[34] Report due _____ ; appointment per _____
**DEF.** [35] committed to [A] CDC for 90 day diagnostic per 1203.03 PC
[B] CYA for 90 day observation per 707.2 W&I
[36] found mentally [A] competent [B] incompetent [37] Refer to Mental Health
[38] committed to _____ State Hosp. [A] contested [B] uncontested
[39] If sentenced to prison, term would be _____ yrs/mos. Credits _____
**CRIMINAL PROCEEDINGS** [40] suspended [41] reinstated
[42] Refer to Project Intercept - contact within 48 hrs. [43] Report filed
[44] P.I. [45] NBRC on ct(s) _____ [A] accepted [B] denied [C] vacated
Terminate [46] successfully [47] unsuccessfully [A] P.I. [B] NBRC
[48] Guilty plea for deferred entry of judgment on ct(s) _____
[49] Referral for HIV test per [A] 1524.5 PC [B] 1202.1 PC ordered & filed
[50] Plea of guilty/conviction set aside [51] Case dismissed per 1203.4 PC
[52] Case [53] Cts. _____          DISMISSED [A] Peoples's motion
[54] _____          [55] Booking Fee $ 223 / BFI

FELONY ARRAIGNMENT          [X SEE NEXT PAGE]

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SONOMA**

Case # MCR-422457    Date: 8/28/03    Time: 9:30    Courtroom # 52

PEOPLE VS. RUIS JOSE GUIDO [DE/ ]

[G] No legal cause why jdgmt. should not be pronounced [1] Imposition of sentence suspended [2] Probation denied [3] Probation summarily imposed [4] CONDITIONAL SENTENCE    [5] FORMAL PROBATION    [6] SENTENCE MODIFIED
[A] Granted 24 mos. [7] Extended ____ mos. [A] from today's date [B] to _____ [8] Modified [9] Revoked [10] Reinstated
Convert to [11] formal probation [12] conditional sentence [A] upon _____
To [17] terminate [13] successfully [14] unsuccessfully [A] upon payment of fine [B] upon completion of jail time [C] On date: _____
[15] Terminated [A] successfully [B] unsuccessfully    [16] All other terms & conditions remain in full force & effect

[H] [1] Commence & continue education, counsel, other rehab. programs | Do not own, possess or use any [22] firearms [23] weapons [A] ammunition
as directed including [A] residential treatment at _____ | [24] firearms for 10 yrs or any weapons for 3 yrs. Per 12021(c)(1) PC
[B] 52-session Batterer's program [C] and do not leave any program | [25] Stay out of places where alcohol is the primary item of sale
without prior written consent [2] ____ meetings as directed | [26] Do not drive with any alcohol in system
[3] Make all court appearances & appointments (including intake) | [27] Do not drive without valid California license & insurance in effect
[4] Report to Prob. Officer as directed [5] Observe curfew as directed | [28] FODDP referral [A] vacated [29] MODDP referral [A] vacated
[6] Complete ____ hrs. work thru Sonoma Co. Volunteer Center | [30] Enroll within 21 days & complete as directed
by ____ [7] vacated [8] in lieu of ____ [9] Contact by ____ | [31] MODDP re-referral [A] DL-104 2nd offender re-referral
[10] Seek & maintain employment or enroll in educational program | [32] Referred to Orenda Center Alcohol/Other Drug Assessment
Do not [11] harm, harass, or annoy victim [A] molest, attack, strike, stalk, | Program w/in 30 days & pay $100 assessment fee
threaten, sexually assault, batter, & do not disturb victim's peace | [33] License suspended per DMV regulations
[12] Do not contact victim directly or indirectly | After Admin Per Se action, for ____ months defendant's license is
[13] Do not congregate/frequent locations or associate with gang | [34] suspended [35] revoked [36] restricted to & from [A] employment
members or wear gang attire or colors | [B] seminar [C] during course of employment [D] other ____
[14] Be of good conduct & obey all laws [15] Abide by any protective orders | [37] Interlock [A] advisement given [B] to be installed
[16] Register per [A] 290 PC [B] 11590 H&S [17] HIV test ordered | [C] waived, not in the Interest of Justice
Defendant to submit to warrantless search & seizure of [18] person, | [38] DL-309 Habitual Traf. Offender [39] DL310 Verbal suspension ntc.
property, vehicle any time of day or night [A] residence any time of day or | [40] Traffic Violator School by ____ [41] Court monitored suspension
reasonable hour of the night by any Probation or Law Enforcement Officer | DUI Conviction involves [42] Commercial vehicle [43] HAZMAT
[19] Submit to random chemical tests [A] as directed by Orenda Center | [44] Corrected abstract [45] Declaration per 23212 & 23103.5 VC filed
for ____ months | [46] Attend _____ Awareness Program by ____
Do not possess or use any [20] alcohol [21] controlled substances or | Court Costs to Clerk's Office forthwith [47] AIDS class through DAAC
associated paraphernalia without valid prescription

| [J] | AMOUNT | FINE AND/OR FEE | DUE DATE | | | |
|---|---|---|---|---|---|---|
| [1]$ | ____ | Court Costs | [B] _____ | [A] Susp. | [18] Fine | $ ____ |
| [2]$ | ____ | FTA Fine | [B] _____ | [A] Susp. | [19] Previous Balance | $ ____ |
| [3]$ | ____ | Alcohol Prevention Fee | [B] _____ | [A] Waived | [20] Vacate | $ ____ |
| [4]$ | ____ | Drug Prevention Fee | [B] _____ | [A] Waived | [21] Suspend | $ ____ |
| [5]$ | ____ | AIDS Educ. Fee to Pub. Health | [B] _____ | [A] Waived | Payable [A] by ____ [B] at $ ____ mo. beg | |
| [6]$ | ____ | AIDS Fund Fee | [B] _____ | [A] Waived | plus processing fee thru [C] Clerk's Office [D] Probation | |
| [7]$ | ____ | Battered Women's Shelter Fee | [B] _____ | [A] Waived | [E] Contact the collection unit re: payment of delinquent fine. | |
| [8]$ | 100 | Restitution fine per 1202.4(b)PC | [B] 11-19-03 | [A] Waived | [23] Bail to apply with authorization by ____ | |
| | | | | | [24] Fine reduced to $ ____ with proof of license & insurance | |
| [9]$ | ____ | Restitution fine per 294 PC | [B] _____ | [A] Reserved | [25] Vehicle to be released upon payment of impound & tow | |
| [10]$ | ____ | Supervision Fee | [B] _____ | [A] Waived | fees ____ | |
| [11]$ | ____ | RPO Fees | [B] _____ | [A] Waived | DMV hold to be released [26] forthwith [27] ____ | |
| [12]$ | ____ | Dom. Viol. Fee per 1203.097 PC | [B] _____ | [A] Waived | [28] Fines/fees stayed pending successful completion of probation | |

$ ____ fee for [13] Appointed Counsel [14] P.D. [B] _____    [29] T/6 REGISTER [30] Booking fee $ ____
payable through Central Collections    (A) PER 290

[17]$ ____ Diversion Rest. Fee per 1001.90 PC ____

Restitution [31] in an amount & manner to be determined by the Probation Dept [32] issue reserved [33] jointly & severally liable with co-defendant(s)
[34] $ ____ [A] at $ ____ per mo. beginning ____ [B] as directed by Probation Officer [35] 10% Administrative fee will be assessed
[36] Def. advised of right to restitution hrg per 1214 PC (Cervantes) w/in 90 days [37] Deemed a civil judgment [38] Due to victim by ____

[M] JAIL SECTION [ ] Defendant sentenced to serve _____
_____ in Sonoma County Jail [ ] in any penal institution
[ ] All but ____ suspended [ ] Consecutive to [ ] Concurrent with ____
[ ] Jail time of ____ suspended [ ] With credit for time served (CTS) of ____ days (____ actual + ____ conduct)
[ ] Stayed to ____ by ____ p.m. [ ] Surrender to NCDF [ ] forthwith [ ] previously imposed [ ] Defendant given credit for time served
Refer to [ ] Work release - contact within 10 days [ ] Work furlough [ ] Supervised Electronic Confinement [ ] consecutive 48 hour periods
[ ] Day for day credits allowed while in residential treatment program [ ] Release to program representative when bed space becomes available
[ ] Sentenced to jail time on ____ cases this date [ ] Jail alternative programs denied

Defendant's Signature Jose Guido    Phone 707 545 6969
Address: 1542 SONOMA dr
City: SANTA ROSA State CA Zip 95401    JUDGE Raima Ballinger

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SONOMA**

COUNTY OF SONOMA, DEPARTMENT _____ 2 _____

**RENUNCIA DE LOS DERECHOS CONSTITUCIONALES DEL ACUSADO ANTES DE DECLARARSE CULPABLE O NO ME OPONGO**

NOMBRE DEL ACUSADO: _____ Jose Guido Ruis _____ CASO NO. MCR-422457

NOMBRE DEL ABOGADO: _____ Joseph R. Passalacqua _____ (Acusado, esbriba sus iniciales despues de leer)

1. ENTIENDO QUE SE ME ACUSA DEL DELITO DE _____ P.C. 5 290 (a)(1)(d) _____
AL CUAL ME DECLARO (CULPABLE) (NO LO CONTENDERE -"no me opongo") Y,
LIBREY VOLUNTARIAMENTE RENUNCIO A CADA UNO DE MIS DERECHOS A CONTINUACION:

   a. De ser representado por un abogado de mi seleccion, o si no tengo los medios para pagar un abogado, que el tribunal me asigne uno, sujeto, sin embargo, a la posibilidad de que el tribunal pueda, al terminar estas actuaciones en mi contra, exigir que yo pague el costo o una parte de el, basado en mi capacidad economica para ese entonces. _____ UC _____

   b. A un juicio sin demora, es decir: Dentro de 30 dias de la instruccion de cargos si estoy encarcelado, o dentro de 45 dias si no estoy encarcelado y, si no se me celebra juicio, que los cargos contra me sean retirados. _____ JG _____

   c. A un juicio publico ante la corte o por jurado segun mi seleccion. _____ JG _____

   d. A encarar los testigos en mi contra durante el juicio y de contra-interrogarlos a traves de mi o de mi abogado. _____ JG _____

   e. De citar, sin costo alguno, testigos a mi favor. _____ JG _____

   f. De testificar a mi favor _____ JG _____

   g. De rehusar a testificar si asi lo deseo, y asimismo, de rehusar a dar pruebas que puedan ser usadas en mi contra. _____ JG _____

   h. De la presuncion de inocencia hasta que la parte acusadora me haya probado culpable sin que quede ninguna duda razonable. _____ JG _____

2. Comprendo la naturaleza y elementos de los cargos en mi contra y tambien las declaraciones y defensas disponibles que puedo usar para los mismos. _____ JG _____

3. Comprendo que la sentencia maxima y las sentencia minima obligatoria para esto delito son las siguientes: _____ JG _____

4. Estoy de acuerdo con la probabilidad de que este caso pueda ser escuchado por un comisionado de la corte y/o que la sentencia pueda ser impuesta por el mismo. _____ JG _____

5. Comprendo que si soy acusado y condenado por un delito similar en el futuro, la declaracion de (culpable) (no me opongo) que hoy presento podria usarse para aumentar mi castigo, cuyas consecuencias me han sido explicadas (incluida aqui la "Pagina 2"). _____ JG _____

6. Tambien comprendo que si recibo libertad condicional y no cumplo con alguno de sus terminos, puedo ser regresado a la corte y

FILED
AUG 2 1 2003
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By _____

Deputy Clerk
By _____
County of Sonoma
Clerk of the Superior Court of California

ATTEST:    JUN 2 6 2007

THE WITHIN INSTRUMENT IS A CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE.

EXHIBIT C

U.S. Department of Justice

Immigration and Naturalization Service

# Warrant for Arrest of Alien

Case No: SFR0603001220

File No. A041 840 419

Date: ~~March 28, 2006~~
19, 2007

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Jose GUIDO-Ruiz
                      (Full name of alien)

an alien who entered the United States at or near San Ysidro, California                    on
                                                      (Port)

August 12, 1987                is within the country in violation of the immigration laws and is
            (Date)

therefore *liable* to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

Mitchell Rios
(Signature of authorized INS official)

Mitchell Rios
(Print name of official)

Group Supervisor
(Title)

---

### Certificate of Service

Served by me at 630 SANSOME ST.      on 03/19/07      at 14:20      .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

Saravam M. venjen
(Signature of officer serving warrant)

SPECIAL AGENT
(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

U. S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A041 840 419
Case No: SFR0603001220

In the Matter of:

Respondent: **Jose GUIDO-Ruiz** _____ currently residing at:

**none provided** _____

(Number, street, city state and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____

(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** at **a time to be set** to show why you should not be removed from the United States based on the

(Date)         (Time)

charge(s) set forth above.

Date: 3/19/07

_Michell Ros_
_Group Supervisor_
(Signature and Title of Issuing Officer)

_Oakland California_
(City and State)

**See reverse for important information**

Form I-862 (Rev. 3/22/99)N

| Alien's Name | File Number | Date |
|---|---|---|
| Jose GUIDO-Ruiz | Case No: SFR0603001220<br>A041 840 419 | 3/19/07 |

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of MEXICO and a citizen of MEXICO;

3) You were admitted to the United States at San Ysidro, California on or about
   August 12, 1987 as a permanent resident on a conditional basis, under section
   201 (b);

4) Your status was adjusted to that of an IR1 - Lawful permanent resident on August
   1, 1989.

5) You were, on April 30, 1992, convicted in the in the Superior Court of
   California, in and for the County of Sonoma, for the offense of Lewd and
   Lascivious Acts with a Child Under 14 Years of Age, in violation of Section
   288(A) of the Penal Code.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as
amended, in that, at any time after admission, you have been convicted of an
aggravated felony as defined in section 101(a)(43)(A) of the Act, a law relating
to Sexual Abuse of a Minor.

| Signature | Title |
|---|---|
| michell Ri_ | Group Supervisor |

Form I-831 Continuation Page (Rev. 6/12/92)

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_REFUSED TO SIGN_
(Signature of Respondent)

Before: _Wm. Vujev_ SPECIAL AGENT          Date: _03/19/2007_
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _03/19/07_ , in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

[X] in person        [ ] by certified mail, return receipt requested        [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[ ] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_REFUSED TO SIGN_
(Signature of Respondent if Personally Served)

_B. Vujev_ SPECIAL AGENT
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

EXHIBIT D

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Custody Determination

Jose GUIDO-Ruiz

No Address Provided

Case No: SFR0603001220
File No: A041 840 419

Date: ~~03/28/2006~~

3/19/2007

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.   NO BOND

☐ released under bond in the amount of $_____.

☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

237(a)(2)(A)(iii)

_Mitchell Ros_
(Signature of authorized officer)

_Group Supervisor_
(Title of authorized officer)

_Oakland, California_
(INS office location)

☐ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.

☐ I acknowledge receipt of this notification.

REFUSED TO SIGN
(Signature of respondent)

03/19/07
(Date)

1420
(Time)

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ District Director     ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:

☐ No change - Original determination upheld.       ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.               ☐ Release-Personal Recognizance
☐ Bond amount reset to _____             ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Rights and Request for Disposition

|  | FIN #: | **Case No:** SFR0603001220 |
|---|---|---|
|  |  | File No: A041 840 419 |

Name: __Jose GUIDO-Ruiz__

---

## NOTICE OF RIGHTS

You have been arrested because immigration officers believe that you are illegally in the United States. You have the right to a hearing before the Immigration Court to determine whether you may remain in the United States. If you request a hearing, you may be detained in custody or you may be eligible to be released on bond, until your hearing date. In the alternative, you may request to return to your country as soon as possible, without a hearing.

You have the right to contact an attorney or other legal representative to represent you at your hearing, or to answer any questions regarding your legal rights in the United States. Upon your request, the officer who gave you this notice will provide you with a list of legal organizations that may represent you for free or for a small fee. You have the right to communicate with the consular or diplomatic officers from your country. You may use a telephone to call a lawyer, other legal representative, or consular officer at any time prior to your departure from the United States.

---

## REQUEST FOR DISPOSITION

_____ ☐ I request a hearing before the Immigration Court to determine whether or not I may remain in the
Initials     United States.

_____ ☐ I believe I face harm if I return to my country. My case will be referred to the Immigration Court
Initials     for a hearing.

_____ ☐ I admit that I am in the United States illegally, and I believe I do not face harm if I return to my
Initials     country. I give up my right to a hearing before the Immigration Court. I wish to return to my
country as soon as arrangements can be made to effect my departure. I understand that I may be
held in detention until my departure.

REFUSED TO SIGN                           03/19/07
_____           _____
Signature of Subject                        Date

---

## CERTIFICATION OF SERVICE

☐ Notice read by subject
☒ Notice read to subject by_____, in the_____ language.


_____           _____
Name of Service Officer (Print)              Name of Interpreter (Print)


_____           _____
Signature of Officer                         Date and Time of Service

Form I-826 (4/1/97)N

EXHIBIT E

*TA's copy*

Gloria G. Lopez, Esq.,
703 Market St., Suite 306
San Francisco, CA 94103
Tel. (415)227-2144

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW

| | |
|---|---|
| In the Matter of: | ) |
| | ) A 41 840 419 |
| Jose Guido Ruis | ) |
| | ) MOTION FOR BOND |
| | ) RE-DETERMINATION HEARING |
| Respondent | ) |
| | ) |

### I. MOTION

Respondent Jose Guido Ruis, through his Attorney Gloria Lopez, hereby respectfully request a bond re-determination hearing. The Respondent will be seeking relief under Section 212(c ) and re-adjustment based on a Relative petition.

### II. CONCLUSION

For these reasons, and those in the accompanying brief and documents, the Respondent respectfully requests the granting of this motion.

Dated: 3/20/07

GLORIA LOPEZ
Attorney for Respondent

1  GLORIA LOPEZ, ESQ.
   LAW OFFICES OF GLORIA LOPEZ
2  703 MARKET ST, Ste 306
   SAN FRANCISCO, CA  94103
3  TELEPHONE:  (415)  227-2144

4  ATTORNEY FOR RESPONDENT

5
                    EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
6

7  IN THE MATTER OF:              )
                                 )    A 41 840 419
8  Jose Guido Ruis              )
                                 )    BRIEF IN SUPPORT OF
9       Respondent              )    MOTION FOR BOND
                                 )    REDETERMINATION
10                                )
                                 )
11  _____     )
                                 )
12

13                      I.    POINTS AND AUTHORITIES

14          A.    STATEMENT OF FACTS

15      The  Respondent  is  a  native  and  citizen  of  Mexico.  He  became  a

16  Lawful  permanent  resident  in  1987.  He  permanently  resides  in  the  San

17  Francisco, CA area.

18          B.    THE   IMMIGRATION   COURT   SHOULD   RE-DETERMINE   HIS   BOND

19  ELIGIBILITY TO AVOID EXTREME HARDSHIP ON RESPONDENT'S FAMILY.

20

21      The  Respondent  supports  5  minor  US  citizen  children.   The

22  children's  mother  is  unemployed  and  barely  surviving  on  her  own.  If  he

23  is  not  allowed  to  be  released  on  bond  his  family  will  be  extremely

24  affected  without  his  income.  If  he  is  released  on  a  low  bond  he  will

25  be  able  to  work  and  keep  supporting  his  family  and  pay  for  his  legal

26  defense.  Furthermore,  the  Respondent  does  not  present  a  danger  to  the

27  community,  as  he  has  not  committed  an  offense  in  several  years.   His

28  most  serious  conviction  occurred  in  1991.   His  adult  USC  son  will  sign

   for  his  release  from  DHS  custody  and  will  ensure  he  presents  himself

   to all hearings.

                                    -1-

C. ELIGIBILITY FOR RELIEF

The Respondent will seek 212(c ) relief. He will be re-adjusting based on an immediate relative petition from his adult USC son.

D. THE IMMIGRATION COURT SHOULD RE-DETERMINE THE BOND STATUS IN CONSIDERATION OF THE FAVORABLE EQUITIES IN RESPONDENT'S CASE.

1. Family Ties:  The Respondent's ~~common law wife, and~~ children are U.S. citizens.

2. Employment:  Before he was placed in custody, the Respondent had regular employment in San Francisco, and he will continue working to provide for his family.

3. The Respondent does not present any risk to society, as his most serious conviction occurred more than 15 years ago. After that he has only had 2 minor offenses. His family strongly believes he will be a law-abiding person.

E.   CONCLUSION

For the above reason Respondent respectfully requests that his bond status be re-determined.

Dated: 3/20/07

GLORIA LOPEZ, Attorney
Attorney for Respondent

-2-

# PROOF OF SERVICE

I, the undersigned, declare:

That I am an employee of _____ **Law Offices of Gloria Lopez**
~~703 Market St Suite 306~~
and my business address is _____ **San Francisco, CA 94103**

_____

I served the original/true copy of the attached: _Motion For Bond Hearing_
in person/by placing said original/true copy in an envelope, which was then sealed, with postage
fully paid thereon, and was this day addressed as follows:

## PLEASE CHECK ONLY ONE OF THE BELOW

    ❑    Immigration Court (delivered in person)
             120 Montgomery Street, Suite 800
             San Francisco, CA 94104

    ❑    Immigration Court (delivered by mail)
             120 Montgomery Street, Suite 800
             San Francisco, CA 94104

    ☒    Department of Homeland Security (delivered in person)
             Office of the Chief Counsel
             120 Montgomery Street, Suite 200
             San Francisco, CA 94104

    ❑    Department of Homeland·Security (delivered by mail)
             Office of the Chief Counsel
             P.O. Box 26449
             San Francisco, CA 94104

Signature: _____    Date: _3/20/07_

updated 10-5-06

EXHIBIT F

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA



U. ... ...
... OF THE CHIEF COUNSEL
... F...NCISCO, CA.

2007 APR 23  A 10: 23

GLORIA LOPEZ
LAW OFFICE OF GLORIA LOPEZ
703 MARKET ST.   SUITE 306
SAN FRANCISCO   CA 94103

Date: Apr 20, 2007

File A41-840-419

In the Matter of:
GUIDO-RUIZ, JOSE

_____ Attached is a copy of the written decision of the Immigration Judge.
This decision is final unless an appeal is taken to the Board of
Immigration Appeals.  The enclosed copies of FORM EOIR 26,
Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or
Representative, properly executed, must be filed with the Board of
Immigration Appeals on or before _____.
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief
to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a
brief in opposition to the appeal.

__X__ Enclosed is a copy of the order/decision of the Immigration Judge.  *Amended Memo*

All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,

NMC
Immigration Court Clerk                        UL

cc: SPALETTA, PATRICIA
    630 SANSOME STREET, 9TH FLOOR
    SAN FRANCISCO, CA  94111
NMC

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

In re:                              )
                                    )
   Jose Guido Ruiz,                 )        **File Number:  A 41 840 419** .
                                    )
     Respondent.                  )        <u>In Bond Proceedings</u>
                                    )
_____)

<u>On Behalf of the Respondent:</u>              <u>On Behalf of DHS:</u>
Gloria Lopez, Esq.                       Patricia Spaletta, Esq.
703 Market Street, Suite 306             Office of the Chief Counsel, DHS
San Francisco, CA 94103                  P.O. Box 26449
                                         San Francisco, CA 94126-6449


<u>**AMENDED MEMORANDUM AND ORDER**</u>

     The Memorandum and Order entered on April 16, 2007 is **WITHDRAWN**.  The following is substituted for that disposition.

     The respondent is charged as a native and citizen of Mexico who entered the United States in 1987 and who became a lawful permanent resident in 1989.  In 1992 respondent was convicted for Lewd and Lascivious Acts with a Child Under 14 Years of Age in violation of California Penal Code section 288(a).  This crime is categorically an aggravated felony under INA section 101(a)(43)(A).  He does not contest that he was arrested and convicted in 2003 for Failure to Register as a Sex Offender in violation of California Penal Code section 290.  *See* Bond Exhibit 2;  Respondent's Brief Regarding Bond Eligibility.  The government seeks removal under INA 237(a)(2)(A)(iii) (conviction for an aggravated felony).  Respondent has moved for bond while proceedings are pending.

     The government's position is that the respondent has committed two crimes of moral turpitude, one of which occurred after the expiration of the Transition Period Custody Rules (TPCR) on October 8, 1998 and he is therefore subject to mandatory detention under INA 236(c)(1)(B).  The respondent's position is that section 290 does noes does not describe a crime of moral turpitude, and that as a result respondent's release from custody for committing that offense does not bring him within the ambit of section 236(c).

1

1. The court cannot agree with the government that, under California law, failure to register as a sex offender is a crime of moral turpitude. In *People v. Barker*, 34 Cal 4th 345, 18 Cal. Rptr. 3d 260 (2004), the California Supreme Court held that a defendant cannot assert as a defense to a section 290 charge that he forgot to register. In substance the court held that some things are so important that the failure to take steps to ensure that they are done is itself a crime. By eliminating the defense of forgetfulness, the court held that forgetting to register is a "willful" violation of section 290. *Id.* at 352-53.

The California Supreme Court could have held that a jury could properly infer an intent not to register from the combination of notice of the registration requirement and the fact of the failure to register. But the actual holding of the case embraces a kind of strict liability for failing to register unless, perhaps, a person is physically or mentally incapable of doing so. *Id.* at 358 n.3.

While it is reprehensible for a sex offender to fail to take steps to ensure that he registers as required by law, forgetting to take those steps does not necessarily require evil intent, a corrupt mind, or a willingness to commit acts of baseness or depravity. Thus, the full range of conduct prohibited by the statute is broader than conduct that would be turpitudinous.

2. The court also cannot agree with the respondent that the circumstances of his release from criminal custody exempt him from mandatory detention. Section 236(c), as modified by the TPCR, directs that aliens who have committed specified criminal offenses be taken into custody and detained pending removal proceedings. This is to be done, among other things, "without regard to whether the alien may be arrested or imprisoned for the same offense." Under the Double Jeopardy Clause and the Due Process Clause of the federal constitution a person cannot be lawfully arrested and imprisoned a second time for an offense after a conviction for that same offense. Thus, section 236(c) appears to contemplate detention for a person who has committed an enumerated offense in the past and who, after the TPCR, has been arrested, not convicted, and released. If that is true, it is immaterial whether the subsequent arrest relates to a removable offense, and immaterial what proceedings take place in state court. The dispositive question becomes simply whether the respondent was in the physical custody of the state on criminal charges after the expiration of the TPCR.

The BIA has noted that in enacting section 236(c) "Congress was frustrated with the ability of aliens, and particularly criminal aliens, to avoid deportation if they were not actually in service custody when their proceedings were completed" and that "Congress was not simply concerned with detaining and removing aliens coming directly out of criminal custody; it was concerned with detaining and removing *all* criminal aliens." *In re Rojas*, 23 I&N Dec. 117, 122 (BIA 2001) (emphasis in original). The Board has also held that the word "release" in the context of section 236(c) "can also refer to release from physical custody following arrest. . . ." *In re West*, 22 I&N Dec. 1405, 1410 (BIA 200); *see also In re Kotilar*, 24 I&N Dec.124 (BIA 2007).

Because respondent has been convicted of a crime specified in INA 236(c)(1)(B), and he was

2

lawfully arrested and released from criminal custody after the expiration of the Transition Period Custody Rules, he is subject to mandatory detention.

Respondent's motion for bond redetermination is **DENIED**.

Dated: April 20, 2007

Anthony S. Murry
Immigration Judge

EXHIBIT G

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal from a Decision of an Immigration Judge**

Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.

| | |
|---|---|
| **1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):<br><br>Jose Guido Ruis    A41 840 419 | **For Official Use Only** |

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1.

**2.** I am the ☑ Respondent/Applicant ☐ INS *(Mark only one box.)*

**3.** I am ☑ DETAINED ☐ NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at ——— San Francisco CA ——— *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated ———————————— .

☑ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
——— 4/5/07 ——— .

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated ———————————— .

*(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Jose Guido Ruis |
| (Name) |
| |
| (Street Address) |
| IN custody |
| (Apartment or Room Number) |
| |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| Gloria Lopez, Esq. |
| (Name) |
| 703 Market St. ☎ |
| (Street Address) |
| Ste 306 |
| (Suite or Room Number) |
| San Francisco CA 94103 |
| (City, State, Zip Code) |
| 415 227-2144 |
| (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address. You must use an alien's Change of Address Form (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

## PROOF OF SERVICE
### (You Must Complete This)

I ___Gloria Lopez___ mailed or delivered a copy of this Notice of Appeal
                (Name)

on ___4/6/07___ to ___DHS___
        (Date)              (Opposing Party)

at ___120 Montgomery St. Ste 200 San Francisco CA 94104___
                    (Address of Opposing Party)

🖎 **SIGN HERE** ➡ X _____ Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

☑ Read all of the General Instructions
☑ Provided all of the requested information
☑ Completed this form in English
☑ Provided a certified English translation
   for all non-English attachments

**HAVE YOU?**

☑ Signed the form
☑ Served a copy of this form and all attachments
   on the opposing party
☑ Completed and signed the Proof of Service
☑ Attached the required fee or Fee Waiver Request

Form EOIR-26
Revised Sept. 2002

Gloria G. Lopez, Esq.
703 Market St., Suite 306
San Francisco, CA 94103
Tel. (415)227-2144

## UNITED STATES DEPARTMENT OF JUSTICE
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VA

| | |
|---|---|
| In the Matter of: | ) |
| | ) A 41 840 419 |
| Jose Guido Ruis | ) |
| | ) RESPONDENT'S BRIEF |
| | ) IN SUPPORT OF APPEAL |
| Respondent | ) |
| | ) |

Respondent Jose Guido Ruis, through his Attorney Gloria Lopez, hereby respectfully request that the Board of Immigrations Appeals reverses the Immigration Judge's decision based on abuse of discretion.

## I. STATEMENT OF THE CASE

### A. Preliminary Statement

The Respondent is currently scheduled for a Merits hearing for May 29, 2007. He has submitted an application for re-adjustment, based on a petition from his USC son, and a 212c waiver, which he will pursue in Court. At a bond hearing on 4/5/07, he sought bond determination, which the Immigration Judge denied stating that the Court does not have jurisdiction because of a conviction from 2003. Respondent now appeals that denial of bond.

### B. Statement of Facts

The Respondent became a lawful permanent resident on 08/13/87. He has resided in the United continuously since then. Because ICE went to look at his home and missed him while he was in Mexico, he felt he should surrender into custody and reapply for adjustment of status, based on a petition from his USC son and a 212c waiver. The Respondent was convicted under PC288(A) on 4/30/92. On 8/21/03 Respondent was convicted under PC290(A)(1)(D).

## II.    ARGUMENT

### A. RESPONDENT IS ELIGIBLE FOR BOND

The Immigration Judge abused his discretion by denying setting of a bond in this case. At the bond hearing, the government's argument was that the PC290 conviction is a CIMT and that therefore his release from imprisonment after 1998 (in 2003) brings the Respondent within INA Section 236(c)(1), for multiple CIMTs. Because the PC290 conviction is not a CIMT, INA Section 236(c)(1) is not applicable, since the 1992 offense is pre-1998. A violation of PC290 is not a CIMT because it is a regulatory offense (malum prohibitum), and no more.

The PC290 conviction is not a CIMT:

Respondent should not be subject to mandatory detention because the 2003 PC290 conviction cannot be said to be a CIMT. A conviction under PC290, failure to register as a sex offender, is an offense that can be committed by merely forgetting to register and it therefore does not constitute a crime involving moral turpitude. See *People v. Barker*, 34 Cal.4th 345, 18 Cal.Rptr.3d 260 (2004). This approaches strict liability, and the mental state required for conviction of this offense is insufficient to constitute a conviction of a crime of moral turpitude. *Matter of Ly*, No. A23-784-354 (BIA Oct. 27, 2005)(unpublished).

A conviction of failing to register as a sex offender, under Penal Code § 290, is the classic example of a non-CMT regulatory offense. Crimes that are merely *malum prohibitum*, rather than *malum in se*, are not considered crimes involving moral turpitude. *Coykendall v. Skrmetta*, 22 F.2d 120 (5th Cir. 1927) (ordinarily the phrase crime involving moral turpitude does not include conduct which was not generally regarded as morally wrong or corrupt, nor as offensive to the moral sense as ordinarily developed, before it was criminalized); *United States ex rel. Andreacchi v. Curran*, 38 F.2d 498 (D.N.Y. 1926); *Matter of B*, 2 I. & N. Dec. 617 (BIA 1946); *Matter of H*, 1 I. & N. Dec. 394 (BIA 1943). The fact that conduct violates a criminal law, standing alone, is an insufficient basis on which to conclude that the conviction constitutes a CMT. *Skrmetta v. Coykendall*, 16 F.2d 783 (D. Ga.), affd, 22 F.2d 120 (5th Cir. 1927); *United States v. Carrollo*, 30 F.Supp. 3 (D. Mo. 1939).

Intent to Break the Law is Insufficient to constitute a CIMT.

Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically

wrong or *malum in se*, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. *Matter of P*, 6 I. & N. Dec. 795, 798 (BIA 1955). Thus, an intentional violation of the law, standing alone, is insufficient to constitute a crime involving moral turpitude, since nearly every criminal offense violation requires this form of general criminal intent, yet only some of them are CIMTs, while others are not. As the Supreme Court has stated: No moral turpitude is involved [where] intentional violation is sufficient to constitute guilt. *Braden v. United States*, 365 U.S. 431, 437, 81 S.Ct. 584, 5 L.Ed.2d 653 (1961).

There are a number of analogous circumstances that point out to the conclusion that a conviction under PC290 should not be considered a CIMT. For instance, even false Statements have been held not to be CIMTs. *Matter of C*, 1 I. & N. Dec. 14 (BIA, AG 1940) (false statements under Alien Registration Act of 1940 held not to involve moral turpitude, since there is no indication that fraud was involved). *Matter of S*, 2 I. & N. Dec. 353, 1945 WL 5570 (BIA 1945) (admission of knowingly making false statements in an application for registration as a noncitizen, in violation of 36(c) of the Alien Registration Act of 1940, 8 U.S.C. 457 (c), is not a crime which involves moral turpitude and is distinguishable from the offense of perjury since it lacks the essential elements of guilty intent and materiality). Failure to register under the alien registration act was held not to be a CIMT. *Fong v. INS*, 308 F.2d 191, 195 (9th Cir. 1962) (conviction for failure to furnish notification of address or other information, as required by INA 265, 8 U.S.C. 1305, held not to involve moral turpitude). *Matter of O*, 8 I. & N. Dec. 291 (BIA 1960) (conspiracy to violate the Foreign Agents Registration Act does not involve moral turpitude, since the substantive offense does not involve moral turpitude).
<u>Convictions for violation of regulatory statutes generally are not considered to involve moral turpitude.</u>

Because there is nothing inherently wrong with engaging in the particular activity, except that someone has passed a law against it. Convictions for violating the following laws do not involve moral turpitude, unless the statute violated has fraud or evil intent as an essential element. *Chaunt v. United States*, 81 S.Ct. 147, 5 L.Ed.2d 120 (1960) (conviction of distributing handbills in violation of city ordinance, concealed in the course of a naturalization proceeding, held not to be a crime involving moral turpitude); *Eyoum v. INS*, 125 F.3d 889 (5th Cir. 1997) (importation

of pancake turtles in violation of 18 U.S.C. 545 did not involve moral turpitude because it was illegal only because the defendant failed to complete the proper paperwork); *United States v. Carrollo*, 30 F.Supp. 3 (W.D. Mo. 1939) (conducting a lottery was not considered CMT where intent to defraud was not a necessary element of the offense); *Matter of Mahmoud*, File No. A24-883-732, 14 Immigr. Rep. B1-14 (BIA 1994) (possession of altered food stamps with knowledge that they were altered, but without use or intent to use them unlawfully); *Matter of S*, 9 I. & N. Dec. 688 (BIA 1962) (violation of gambling laws); *Matter of K*, 8 I. & N. Dec. 310 (BIA 1959) (ration law violation); *Matter of P*, 6 I. & N. Dec. 795 (BIA 1955) (sale of oleo margarine labeled as butter with intent to deceive and mislead in violation of a federal statute was held to be a crime which necessarily involved moral turpitude, since the offense was inherently wrong and morally reprehensible, not merely prohibited by statute of recent origin); *Matter of B*, 6 I. & N. Dec. 98, 1954 WL 7824 (BIA 1954) (conviction of conspiracy to violate New York Banking Law 340 (which prohibits the conduct of a small loan business without a license) and 357 (which prohibits a non-licensee from charging more than 6 percent interest) (usury) is not a crime involving moral turpitude since those sections are only a licensing and regulatory enactment, and do not require any criminal intent, as negligent overcollection of interest is sufficient for conviction); *Matter of P*, 5 I. & N. Dec. 582 (BIA 1953) (ration law violation); *Matter of J*, 4 I. & N. Dec. 512, 1951 WL 7052 (BIA 1951) (conviction of attempt to escape from reformatory in violation of Chapter 268, 16 of the Annotated Laws of Massachusetts is *malum prohibitum* and does not involve moral turpitude, since escape is not defined by statute and the wording of the statute does not require a specific criminal intent). Liquor law violations have generally been considered regulatory only, and not to involve moral turpitude, except for liquor law violations that deprive the government of revenue. *Matter of J*, 2 I. & N. Dec. 99 (BIA 1944) (selling liquor to Native Americans).

As in the above wide range of regulatory offense scenarios, Respondent's failure to register in the instant case cannot be said to be a CIMT. The Respondent's 2003 conviction under PC290 for failure to register is a classic regulatory offense, with no intent required other than willfulness to commit the act of not registering, which is not sufficient by itself to be a CIMT. Indeed, in the instant case, the Respondent missed his date of registration because from 1992 to 2003 he was never aware that he had to register, and when suddenly he received a notice in 2003

he did not understand it. His failure to register was therefore an innocent oversight due to his failure to understand. Thus, because the PC290 conviction is not a CIMT, Respondent's release from imprisonment after 1998, (in 2003) for that conviction does not bring the Respondent within 236(c)(1). Because the PC290 conviction is not a CIMT, then 236(c)(1) is not applicable, since the 1992 offense is pre-1998.

Distinguished from *Kotliar*:

Moreover, unlike in *In Re Roman Kotliar*, 24 I&N Dec 124 (BIA 2007), Interim Decision 3558, the Respondent in the instant case does not have multiple CIMTs. The Respondent in *Kotliar* had multiple CIMT convictions. The Respondent in the present case does not have any CIMTs from after 1998. As stated in *Kotliar*, Congressional intent in 236(c)(1) was to ensure the Respondent will appear to his hearings and that he will not commit more crimes. Here, the Respondent has turned himself-in, basically voluntarily. He has submitted applications showing prima-facie eligibility for re-adjustment and for 212c relief with supporting documentation showing that his friends, acquaintances, family and neighbors all regard him as a hardworking and law-abiding person who supports his family and helps anyone he can. He has not committed any serious crimes since 1991, for 16 years. He failed one time, in 2003, to register. Unlike the Respondent in *Kotliar*, the Respondent here does not have a CIMT after 1998, and he is not a habitual criminal as the Respondent in *Kotliar*.

## III. CONCLUSION

For these reasons, the Respondent respectfully requests that the BIA reverse the Immigration Judge's decision and that the case be remanded to the Judge for bond setting.

Dated: 4/05/07

GLORIA LOPEZ

Attorney for Respondent

EXHIBIT H

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
120 MONTGOMERY ST., SUITE 800
SAN FRANCISCO, CA 94104


LOPEZ, GLORIA
703 MARKET ST. SUITE 306
SAN FRANCISCO, CA 94103


Date: Jul 6, 2007

File A41-840-419

In the Matter of:
GUIDO-RUIZ, JOSE

_X_ Attached is a copy of the written decision of the Immigration Judge.
This decision is final unless an appeal is taken to the Board of
Immigration Appeals. The enclosed copies of FORM EOIR 26,
Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or
Representative, properly executed, must be filed with the Board of
Immigration Appeals on or before _____.
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief
to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a
brief in opposition to the appeal.

_____ Enclosed is a copy of the order/decision of the Immigration Judge.

All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,

_____
Immigration Court Clerk        UL

cc: SPALETTA, PATRICIA
    630 SANSOME STREET, 9TH FLOOR
    SAN FRANCISCO, CA 941110000

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CALIFORNIA

2007 JUL -6  P 3: 55

| | |
|---|---|
| In re: | ) |
| | ) |
| Jose Guido Ruiz, | ) **File Number: A 41 840 419** |
| | ) |
| Respondent. | ) <u>In Removal Proceedings</u> |
| | ) |
| | ) |

<u>On Behalf of the Respondent:</u>
Gloria Lopez, Esq.
703 Market Street, Suite 306
San Francisco, CA 94103

<u>On Behalf of DHS:</u>
Kim B. Wong, Esq.
Office of the Chief Counsel, DHS
P.O. Box 26449
San Francisco, CA 94126-6449

## <u>MEMORANDUM AND ORDER</u>

The order issued July 3, 2007 is **WITHDRAWN**. The following is issued in its place.

The respondent is a native and citizen of Mexico who entered the United States in 1987 and who became a lawful permanent resident in 1989. In 1992 respondent was convicted for Lewd and Lascivious Acts with a Child Under 14 Years of Age in violation of California Penal Code section 288(a). This crime is categorically an aggravated felony under INA section 101(a)(43)(A). He admits that he was convicted in 2003 for Failure to Register as a Sex Offender in violation of California Penal Code section 290. The government seeks removal under INA 237(a)(2)(A)(iii) (conviction for an aggravated felony).[1]

---

[1] Exhibits in the record are as follows: Ex. 1, the notice to appear; Ex.2 respondent's form I-191, application for a section 212(c) waiver; Ex. 3, form I-212, application for permission to reapply for admission; Ex. 4, application to adjust status; Ex. 5, affidavit of support from Epitacio Arejalo; Ex. 6, affidavit of support from Abel Guido; Ex. 7, petition for alien relative filed by Abel Guido; Ex. 8, notice of action on petition for alien relative; Ex. 9, all supporting documents file by respondent in support of his petitions and applications; Ex. 10, conviction documents filed by DHS regarding the violation of Cal. Penal Code §288; Ex. 11 conviction documents filed by DHS regarding the violation of Cal. Penal Code §290 which ere attached to the government's June 25, 2007 motion to pretermit..

1

Respondent seeks to adjust his status based on a pending petition for alien relative filed by his U.S. citizen son, Abel. *See* Ex. 7. That petition has been received by DHS but not yet approved. *See* Ex. 8. He also seeks a concurrent waiver of inadmissibility under former INA section 212(c) with respect to the 1992 conviction. *See* Ex. 2; *Matter of Azurin*, 23 I&N Dec. 695 (BIA 2005). If otherwise eligible, he would need a waiver under INA 212(h) for his 2003 conviction, which is a crime of moral turpitude. *Matter of Tobar-Lobo*, 24 I&N Dec. 143 (BIA 2007). He has also filed an application for permission to reapply for admission after deportation or removal under 8 C.F.R. §212.2, although the government has not asserted that he was previously deported or removed.

The respondent is ineligible to adjust his status at this time because his son's alien relative petition has not been approved. In addition, even if the petition were to be approved, respondent cannot obtain a section 212(h) waiver because, under the explicit language of that section, the waiver cannot be granted where, as is the case here, the applicant has previously been admitted for lawful permanent residence and after admission has committed an aggravated felony. He therefore is ineligible to adjust his status. Respondent's application for permission to reapply for admission after deportation or removal is denied. First, the government is not contending respondent was previously removed. Second, even if the respondent needed this permission and obtained it, he would remain ineligible to adjust his status.

The respondent's claim that *Matter of Tobar-Lobo, supra,* does not apply to him because he might not have known about the registration requirement is unavailing. Section 290 of the California Penal Code criminalizes the willful failure of a sex offender to register. The complaint filed against the respondent charged that he "did willfully and unlawfully violate the provision of Penal Code section 290 requiring an annual update of registration [as a sex offender]." By pleading guilty, respondent conclusively established the truth of the allegations in the criminal complaint. *United States v. Velasco-Medina*, 305 F.3d 839, 852-53 (9th Cir. 2002). The court cannot look behind the conviction, but must accept the fact that respondent admitted to a willful failure to file. Finally, this court is bound by the BIA's determination that a violation of Cal. Penal Code §290 is categorically a crime of moral turpitude. *Matter of Tobar-Lobo, supra.*

The respondent's applications for adjustment of status, a waiver of inadmissibility under former section 212(c), and for permission to reapply for admission after deportation or removal are denied. There being no other applications for relief on file, the respondent is ordered removed to Mexico. Respondent has reserved appeal.

Dated:  July 6, 2007

Anthony S. Murry
Immigration Judge

2

EXHIBIT I

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10    JUAN CARLOS VALDEZ BERNAL,        )   Civil No. 06CV2184 JAH (POR)
                                        )
11                     Petitioner,      )   **ORDER DENYING PETITIONER'S**
          v.                            )   **WRIT OF HABEAS CORPUS**
12                                      )
      MICHELLE CHERTOFF, Secretary of   )   **[Doc. No. 12]**
13    the Department of Homeland Security, )
      et al.                            )
14                                      )
                       Respondents.     )
15    _____ )

16          Now pending before this Court is Petitioner Juan Carlos Valdez Bernal ("Petitioner")

17    petition for writ of habeas corpus under 28 U.S.C. § 2241.  The petition has been fully briefed

18    by the parties.  After a careful consideration of the pleadings and relevant exhibits submitted,

19    and for the reasons set forth below, this Court DENIES the petition in its entirety.

20                              **BACKGROUND**

21          Petitioner, a native and citizen of Mexico, entered the United States in February 1968.

22    On August 8, 2001, Petitioner was convicted in the San Diego County Superior Court of

23    possession of heroin under Cal. Health and Safety Code § 11350(a), and was sentenced to 5

24    years in custody.  Resp., Exh. at 1-2.  On April 15, 2005, the Department of Homeland

25    Security's ("DHS") Immigration and Customs Enforcement ("ICE"), took custody of Petitioner

26    and placed him in removal proceedings, charging him with deportability under 8 U.S.C.

27    § 1227(a)(2)(B)(I).  *See* Resp., Exh. at 2.  Petitioner was held by DHS under the mandatory

28    detention provisions of 8 U.S.C. § 1226(c)(1)(B).

1

2          Petitioner appeared before the immigration judge on April 19, 2005.  The immigration

3   judge issued an order on October 6, 2005, specifically finding that the Petitioner admitted all

4   of the allegations against him, but testified that he was the son of a U.S. citizen.  Resp., Exh.

5   at 7-19.  The immigration judge found that Petitioner was not a United States citizen.  Id. at

6   7-10.  The immigration judge also denied Petitioner's application for cancellation of removal

7   under 8 U.S.C. § 1229b(a) and his application for voluntary departure under 8 U.S.C. §

8   1129c(b).  As such, on October 6, 2005, Petitioner was ordered removed to Mexico.  Id. at 6,

9   18.  Petitioner appealed to the Board of Immigration Appeals ("BIA") on February 28, 2006,

10  which upheld the immigration judge's decision.  Resp., Exh. at 22-23.

11         On March 13, 2006, Petitioner filed a petition with the Ninth Circuit Court of Appeals

12  for review of the removal decision, and requested a stay of removal pending his appeal.  On June

13  19, 2006 Petitioner's stay motion was granted.  Resp., Exh. at 26.  Pending the appeal, DHS

14  performed a custody review.  On June 27, 2006, DHS issued a decision to continue detention

15  based on a determination that Petitioner failed to prove that he was not a flight risk.  Resp., Exh.

16  at 31.  DHS accordingly denied Petitioner's release pending a decision on his appeal.  Id.  On

17  October 20, 2006, Petitioner requested an extension of time to file his appellate brief from

18  October 30, 2006 to December 15, 2006.  Resp., Exh. at 27.  The motion was granted.  Id.

19         Petitioner filed the instant habeas petition on October 2, 2006.  Doc. No. 1.  Respondent

20  filed a return to the petition on March 8, 2007.  Doc. No. 8.  Petitioner filed a traverse on June

21  1, 2007.  Doc. No. 10.  On July 17, 2007, Petitioner submitted a status request.

22         Petitioner complains of his prolonged detention since March 13, 2006, the date he filed

23  his appeal to the Ninth Circuit.  Pending appeal or further order of the Ninth Circuit Court of

24  Appeals, Petitioner's removal is stayed.

25

26

27

28

06cv2184

1

2                                    **DISCUSSION**

3           Petitioner seeks release from DHS custody arguing that his prolonged detention is not

4    statutorily authorized. *See* Pet. at 2; Trav. at 2.   Petitioner further argues that pursuing his

5    judicial appeal in Mexico is far more difficult than pursuing it in the United States which is why

6    he requested to stay his removal proceedings.   Respondents, in their return to the petition,

7    contend that Petitioner's detention is lawful.   First, there have been no inordinate delays.

8    Second, Petitioner is being voluntarily detained after he sought, and received, a stay of removal

9    pending appeal of his final removal order.   Third, Petitioner's claim to United States citizenship

10   or an application for certificate of citizenship can be pursued from Mexico, Petitioner's

11   homeland.   Therefore, Respondent argues, Petitioner's habeas petition should be denied.

12   **I.      Legal Standard**

13          On May 11, 2005, Public Law 109-13 (the "REAL ID Act") was signed into law.

14   Section 106 of the REAL ID Act amends portions of the Immigration and Nationality Act,

15   8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders by mandating that

16   the exclusive means for review of challenges to a final order of removal, deportation or exclusion

17   is through a petition for review to the appropriate court of appeal.   *See* Publ.Law 109-13

18   § 106(a).   Thus, the REAL ID Act only allows the district court to conduct habeas review to an

19   alien's detention based on challenges that are independent of the issues surrounding removal.

20   *See* H.R.Rep. No. 109-72 (2005) ("section 106 would not preclude habeas review over challenges

21   to detention that are independent of challenges to removal orders.").   This Court finds it is not

22   precluded from determining whether Petitioner's detention pending his appeal to the Ninth

23   Circuit is lawful because such a determination is independent of a removability challenge.

24   **II.     Analysis**

25          The Ninth Circuit has determined that an appellant, such as Petitioner,  was voluntarily

26   detained when he requested stay of removal pending his appeal of his final removal order.   <u>Cruz-</u>

27

28

<u>Ortiz v. Gonzales</u>, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. 2007). Petitioner's case can

06cv2184

1    be distinguished from the cases he cites in his petition, and his situation is unique in that his

2    continued detention is a result of his own actions. Petitioner sought stay of his removal and

3    now seeks to be released from detention. The relevant cases cited by Petitioner can be readily

4    distinguished here. In <u>Nadaraja v. Gonzales</u>, 443 F.3d 1069, 1071 (9th Cir. 2006), the

5    immigration judge awarded the Sri Lankan national relief and the decision was affirmed by the

6    Board of Immigration Appeals. The national was not charged with a crime and despite having

7    prevailed on every administrative level of review, the government continued to detain him. In

8    another Ninth Circuit case, <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005), the alien was

9    detained for two years and eight months during removal proceedings while the courts continued

10    to sort out whether his offenses actually fell within the reach of the mandatory detention statute.

11

12       Here, Petitioner's administrative proceeding has been completed. It lasted ten months

13    and was completed over one year ago. Instead, he is awaiting his pending judicial appeal–an

14    appeal that he has chosen to pursue in the United States. Because it was Petitioner's own doing

15    that he is still in detention here, there is no "detention by default" as it was in <u>Tijani</u>. <u>Id.</u> at

16    1244.

17       Petitioner further supports his argument citing <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001),

18    a case which is also readily distinguishable from Petitioner's case. The Court finds that the case

19    of <u>Zadvydas</u> case, is not analogous. In <u>Zadvydas</u>, again, it was the government's own actions

20    that resulted in the failure to deport the alien, <u>id.</u> at 678, whereas in the instant case it is

21    Petitioner's own actions that have resulted in his continued detention, i.e. Petitioner's request

22    to stay removal and request for extensions on his initial brief. Petitioner had the opportunity

23    to bring his suit in Mexico, but instead chose to litigate his case in the United States and now

24    requests that he be released from detention.

25       This Court undoubtedly recognizes that freedom from government custody lies at the

26    heart of individual liberty, <u>id.</u> at 690, and that immigrants, as well as citizens, are protected by

27    the Due Process Clause. However, the Court also finds that Petitioner has not been deprived

28

06cv2184

of individual liberty in the instant case where he chose to stay his removal proceedings. The argument raised by Petitioner that it is more difficult to litigate his case from Mexico than in the United States does not mitigate the fact that Petitioner has nevertheless voluntarily chosen to be detained in a country while pursuing appeal. Accordingly, following the Ninth Circuit decision in <u>Cruz-Ortiz</u>, this Court finds that Petitioner's detention is voluntary.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus regarding Petitioner's release is **DENIED**.

DATED:  August 22, 2007

HON. JOHN A. HOUSTON
United States District Judge

5