1  Robert B. Jobe (Cal. State Bar #133089)
   Chelsea E. HaleyNelson (Cal. State Bar #238113)
2  LAW OFFICE OF ROBERT B. JOBE
   550 Kearny Street, Suite 200
3  San Francisco, CA 94108
   (415) 956-5513 (phone)
4  (415) 840-0308 (fax)

5  Attorneys for Petitioner,
   Jose Guido.

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO DIVISION

10

11  JOSE GUIDO,                    )    No.    C 07-03873 CW
                                   )
12        Petitioner,              )
                                   )
13        v.                       )
                                   )
14  LT. DAVID SEPULVEDA, JAIL      )
    ADMINISTRATOR, SANTA CLARA     )
15  COUNTY DEPARTMENT OF           )    PETITIONER'S RESPONSE
    CORRECTION; ET AL.,            )    TO ORDER SETTING BRIEFING
16                                 )    SCHEDULE
          Respondents.             )
17  _____)

18        On March 19, 2008, this Court issued an order requiring Petitioner's attorney to file a

19  brief response explaining Petitioner's current status, and its effect on the merits of the instant

20  habeas petition.

21        On November 30, 2007, at 2:30 p.m., Petitioner, Jose Guido ("Mr. Guido"), moved the

22  Ninth Circuit Court of Appeals for a stay of removal. *See* Att. 1 (Petition for Review; Motion for

23  Stay of Removal).  At approximately 3:00 p.m. that same day, Mr. Guido's counsel notified the

24  Immigration and Customs Enforcement ("ICE") office in San Francisco by phone and fax of the

25  filing of the motion, and that a temporary stay was in effect as of the filing of the motion for a

26  stay of removal. *See* Att. 2 (Facsimile Transmittal Sheet); Att. 3 (Cover Letter to ICE); Att. 4

27

28  PETITIONER'S RESPONSE TO ORDER SETTING BRIEFING SCHEDULE
    C 07-3873 CW

1  (Declaration of Chelsea E. HaleyNelson).  Mr. Guido was removed from the United States that

2  same day, although the Department of Homeland Security ("DHS") has not yet informed the

3  Court or Mr. Guido's counsel of the time his removal occurred.  Mr. Guido is presently in

4  custody at the Metropolitan Correctional Center in San Diego, California pending criminal

5  charges for violation of 8 U.S.C. § 1326.

6       Mr. Guido's removal and alleged unlawful reentry do not render his petition for writ of

7  habeas corpus moot.  *See Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003); *Spencer v.*

8  *Kemna*, 523 U.S. 1 (1998).  To present a live case or controversy, and therefore avoid mootness,

9  Mr. Guido "must continue to have a 'personal stake in the outcome' of the lawsuit."  *Lewis v.*

10  *Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990), *quoting Los Angeles v. Lyons*, 461 U.S. 95, 101

11  (1983).  This means that Mr. Guido "must have suffered or be threatened with, an actual injury

12  traceable to the [government] and likely to be redressed by a favorable judicial decision."

13  *Spencer v. Kemna*, 118 U.S. 978, 983 (1998), *quoting Lewis*, 494 U.S. at 477.  Although Mr.

14  Guido is presently in criminal custody, it is virtually certain that at the end of his criminal

15  custody, he will be promptly taken back into immigration custody.[1]

16       Mr. Guido's habeas petition concerns the proper scope of § 236(c) of the Immigration and

17  Nationality Act ("INA"), 8 U.S.C. § 1226(c), "commonly known as the INA's 'mandatory

18  detention' provision," and its application to him.  *Tijani v. Willis*, 430 F.3d 1241, 1244 (9th Cir.

19  2005)(Tahsima, J., concurring).  Petitioner has requested that this Court declare the Board of

20  Immigration Appeals ("BIA") erred in concluding that Mr. Guido is subject to mandatory

21  detention, and issue a writ of habeas corpus directing Respondent to give Petitioner either a bond

22  ───────────────

23       [1] In fact, undersigned counsel believes that DHS has already placed an immigration
     detainer on Mr. Guido.  A Petitioner is deemed to be "in custody" for habeas purposes where
24   DHS had issued a warrant of arrest and lodge a detainer against him.  *See Chung Young Chew v.*
     *Boyd*, 309 F.2d 857 (9th Cir. 1962) ("Where . . . a warrant is obtained by the [DHS] while the
25   person named is in a penal institution, the [DHS] gains immediate technical custody.  This is
     retained until the individual is released from the institution at which time actual custody is
26   obtained.").  DHS should be required to inform the Court of whether or not a detainer has been
     placed against Mr. Guido.
27

28   PETITIONER'S RESPONSE TO ORDER SETTING BRIEFING SCHEDULE
     C 07-3873 CW

1  or *Joseph* hearing under INA § 236(c) that comports with due process.  The fact that Mr. Guido

2  will almost certainly be transferred back into immigration custody means that Mr. Guido

3  continues to be "threatened with . . . an actual injury traceable to" the BIA's legally erroneous

4  conclusion he is subject to mandatory detention.  Moreover, this Court has the power to redress

5  the injury with which Mr. Guido is threatened as it can order that, once back in immigration

6  custody, Mr. Guido be provided with either a bond or *Joseph* hearing under INA § 236(c) that

7  comports with due process.

8      Additionally, Mr. Guido continues to have a live case or controversy in the petition filed

9  with the United States Court of Appeals for the Ninth Circuit Court on November 30, 2007.  Mr.

10  Guido challenges the determination by the Immigration Judge that his conviction for violation of

11  California Penal Code § 290 constitutes a crime involving moral turpitude ("CIMT"), and

12  challenges the underlying charge of removability under INA § 237(a)(2)(A)(ii), 8 U.S.C. §

13  1227(a)(2)(A)(ii).  *Id.*  Recently, the Ninth Circuit has made clear "that the mere failure to

14  register as a sex offender cannot constitute morally turpitudinous behavior." *Plasencia-Ayala v.*

15  *Mukasey*, __ F.3d __, 2008 WL 323406 *8 (9th Cir. Feb. 7, 2008).  Rejecting the Board's

16  reasoning in *Matter of Tobar-Lobo*, 24 I & N Dec. 143, 146-47 (BIA 2007), the Court said:

17      In *Matter of Tobar-Lobo,* the BIA identified the harm caused by failure to register as a
    "breach owed to society" because it prevents law enforcement authorities and others from
18      becoming "aware of the potential danger posed by such an offender."  24 I. & N. Dec. at
    147. "However, commission of *any* crime, by definition, runs contrary to *some* duty owed
19      to society. If this were the sole benchmark for a crime involving moral turpitude, every
    crime would involve moral turpitude." *Navarro-Lopez [v. Gonzales,* 503 F.3d 1063,
20      1070-71 (9th Cir. 2007)](emphasis in original). While a sex offender's breach of the duty
    to notify may deprive law enforcement and others of valuable information, it does not
21      demonstrate moral depravity.

22      The IJ and BIA correctly observed that the recent proliferation of sex offender registration
    laws reflects our society's increasing outrage with sexual offenses. But it is the sexual
23      offense that is reprehensible, not the failure to register. Registration statutes can serve
    important purposes by helping to prevent future sex crimes, and assisting law
24      enforcement in apprehending recidivist offenders. But registration is not itself a socially
    desirable good. *See Fong v. INS,* 308 F.2d 191, 195 (9th Cir.1962) (holding that an alien
25      who was deportable for failing to register with the Attorney General had committed "only
    a minor infraction" and that his record showed "no moral turpitude whatever"). 
26      Therefore, we hold that the mere failure to register as a sex offender cannot constitute
    morally turpitudinous behavior.

27

28  PETITIONER'S RESPONSE TO ORDER SETTING BRIEFING SCHEDULE
    C 07-3873 CW

1   *Id.* at *8.

2   Under *Plasencia-Ayala*, the IJ's characterization of Mr. Guido's conviction as a CIMT is clearly

3   erroneous.  It logically follows that the IJ's determination that Mr. Guido was deportable for that

4   conviction, and therefore, subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), is also

5   legally erroneous.

6        Mr. Guido's removal from the United States does not deprive the Ninth Circuit of

7   jurisdiction over Mr. Guido's petition.  *See Zazueta*, 322 F.3d at 1171 ("We now may entertain a

8   petition after the alien has departed."); *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 878 (9th Cir.

9   2003) (jurisdiction to review habeas petition when petitioner was deported after the petition was

10  filed); *Zegarra-Gomez v. INS*, 314 F.3d 1124 (9th Cir. 2003)(same); *Hor v. Gonzales*, 421 F.3d

11  497 (7th Cir. 2005)(reviewing asylum denial following petitioner's departure); *Weng v. U.S. Att'y*

12  *Gen.*, 287 F.3d 1335, 1337 (11th Cir. 2002)("[E]ven if a petition for review is filed, IIRIRA

13  permits the INS to remove aliens immediately following a BIA decision, and allows aliens to

14  continue their appeals from abroad."); *Chong v. District Director, INS*, 264 F.3d 378, 385-86 (3d

15  Cir. 2001)(removal does not render moot petitioner's challenge to denial of withholding of

16  removal).

17       Finally, unless Mr. Guido is in fact convicted on new criminal charges or the Department

18  of Homeland Security lodges additional charges of removability against Mr. Guido, either of

19  which subject Mr. Guido to mandatory detention, Petitioner's current pending criminal charges

20  and custody at the Metropolitan Correctional Center in San Diego, California should have no

21  effect on the merits of the instant writ of habeas corpus.

22  //

23  //

24  //

25  //

26  //

27

28  PETITIONER'S RESPONSE TO ORDER SETTING BRIEFING SCHEDULE
    C 07-3873 CW

1  DATED: April 2, 2008                    Respectfully submitted,

2                                          LAW OFFICE OF ROBERT B. JOBE

3                                                /s/

4                                          _____
                                           Chelsea E. HaleyNelson
5                                          Attorneys for Petitioner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PETITIONER'S RESPONSE TO ORDER SETTING BRIEFING SCHEDULE
    C 07-3873 CW

# Attachment 1



Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513

Attorney for Petitioners.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Jose GUIDO-RUIZ,                    )
                                   )    No.   **07-74694**
                                   )    A    41-840-419
    Petitioner,                    )
                                   )
    v.                             )
                                   )
MICHAEL B. MUKASEY,                )    **PETITION FOR REVIEW;**
U.S. Attorney General,             )    **MOTION FOR STAY OF**
                                   )    **REMOVAL**
    Respondent.                    )
                                   )
                                   )
_____    )    <u>Detained-Imminent Deportation</u>

Petitioner Jose Guido-Ruiz ("Mr. Ruiz") through his undersigned counsel,

petitions this Court for review of an order of the Board of Immigration Appeals

entered on November 26, 2007.  *See attached BIA Decision.*  Petitioner

simultaneously moves the Court to stay his removal during the pendency of these

proceedings.[1]

The petition for judicial review filed by Petitioner is timely. 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.") The Court has jurisdiction under 8 U.S.C. §§ 1252(a)(1) and 1252(d). Venue is based on the fact that Petitioner's removal hearing took place in San Francisco, California. 8 U.S.C. §1252(b)(2) ("The petition for judicial review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings").

For the reasons set forth in the attached brief filed in support of Mr. Guido's appeal to the Board, there are serious legal questions that deserve to be litigated. *See Attached Brief.* Moreover, the balance of hardships tips sharply in Mr. Guido's favor as he has resided in the United States for a lengthy period of time and he currently faces imminent deportation should the Court deny this motion for a stay of removal.

//

//

//

//

---

[1] Petitioner will file a supplement to his request for a stay of removal within seven days of this filing, or by December 7, 2007.

Dated:       November 30, 2007        Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

Robert B. Jobe
Chelsea E. HaleyNelson
Counsel for Petitioner

## PROOF OF SERVICE BY MAIL AND PERSONAL DELIVERY
### *Guido-Ruiz v. Mukasey, A 41-840-419*

I, Chelsea E. HaleyNelson, declare:

I am employed in the City and County of San Francisco California.  My

business address is 550 Kearny St., Suite 200,  San Francisco, CA, 94108.  I am

over the age of 18 and not a party to the above named action.

On November 30, 2007, I served a true copy of the following:

**Petition for Review; Motion for Stay of Removal**

on each of the interested parties, by mail or personal delivery, at:

| | |
|---|---|
| Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>BY MAIL | Michael B. Mukasey<br>U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>BY MAIL |
| ICE Deportation Unit<br>630 Sansome Street<br>San Francisco, CA 94111<br>BY MAIL | Office of the Chief Counsel<br>Department of Homeland Security<br>120 Montgomery St., Ste. 200<br>San Francisco, CA 94104<br>PERSONAL DELIVERY |

I declare under penalty of perjury under the laws of the United States that

the foregoing is true and correct and that this declaration, made in conformity with

28 U.S.C. § 1746, was executed at San Francisco, California on November 30,

2007.

_____
Chelsea E. HaleyNelson

# ATTACHMENT

# A

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A41 840 419 - San Francisco, CA

Date:

NOV 2 6 2007

In re:  JOSE GUIDO-RUIZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Robert B. Jobe, Esquire

CHARGE:

Notice:  Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

APPLICATION:   Adjustment of status; waivers of inadmissibility

ORDER:

PER CURIAM.  The respondent's appeal of the Immigration Judge's July 6, 2007, decision denying his application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, and finding him ineligible for a waiver of his inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h), is dismissed.

The respondent, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1989 (Exh. 1).  On April 30, 1992, the respondent was convicted in the Superior Court of California, Sonoma County, for the offense of lewd and lascivious acts with a child under 14 years of age in violation of California Penal Code section 288(a), an aggravated felony as that term is defined in section 101(a)(43)(A) of the Act, 8 U.S.C. § 1101(a)(43)(A) (I.J. at 1; Exh. 10). *See United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999).  Subsequently, on August 21, 2003, the respondent was convicted in the Superior Court of California, Sonoma County, for the offense of failure to register as a sex offender in violation of California Penal Code section 290 (I.J. at 2; Exh. 11).  Based upon his 1992 conviction, the respondent was placed into the instant proceedings with the issuance of the Notice to Appear on March 19, 2007 (Exh. 1).  During his proceedings, the respondent applied for adjustment of status and a waiver of his inadmissibility under section 212(c) of the Act.[1]  The Immigration Judge denied the respondent's application for adjustment of status finding that his 2003 conviction, a crime involving moral turpitude, required

---

[1] The record reflects that the Immigration Judge initially issued a decision on July 3, 2007, finding the respondent ineligible for a waiver under section 212(h) of the Act.  Upon request of the respondent who asserted that he did not file for a waiver under section 212(h) of the Act, the Immigration Judge withdrew the July 3, 2007, decision and issued his July 6, 2007, decision.

A41 840 419

a waiver under section 212(h), for which the lawful permanent resident respondent was not eligible due to his conviction for an aggravated felony (I.J. at 2). *See Matter of Tobar-Lobo*, 24 I&N Dec. 143 (BIA 2007) (a conviction for willfully failing to register as a sex offender in violation of California Penal Code section 290 is a crime involving moral turpitude).

On appeal, the respondent contends that his 2003 conviction is not one for a crime involving moral turpitude. *See* Respondent's Brief at 2-5. In this regard, the respondent asks that the Board to reconsider its decision in *Matter of Tobar-Lobo*, *supra*, based upon the subsequent decisions issued by the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, in *Navarro-Lopez v. Gonzales*, ___ F.3d ___, 2007 WL 2713211 (9th Cir. Sept. 19, 2007), and *Quintero-Salazar v. Keisler*, ___ F.3d ___, 2007 WL 2916172 (9th Cir. Oct. 9, 2007). *See* Respondent's Brief at 2-5. We decline to do so. Neither case cited by the respondent overrules and/or contradicts the Board's decision in *Matter of Tobar-Lobo*, *supra*, which carefully considered the precedent of the Ninth Circuit. Therefore, the decision is binding on this case. The respondent makes no other arguments on appeal. As a result, we find no reason to disturb the Immigration Judge's decision.

Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

2

# Attachment
# B

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513

Attorney for Respondent.

UNITED STATES DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

BOARD OF IMMIGRATION APPEALS

FALLS CHURCH, VA

| | | |
|---|---|---|
| In the Matter of: | ) | A# 41-840-419 |
| | ) | |
| | ) | |
| JOSE GUIDO, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| | ) | **RESPONDENT'S APPEAL** |
| Respondent, | ) | |
| | ) | |
| | ) | |
| | ) | |
| In Removal Proceedings. | ) | |

**<u>INTRODUCTION</u>**

Relying on the Board's decision in *Matter of Tobar-Lobo*, 24 I & N Dec. 143 (BIA 2007),

the immigration judge ("IJ") determined that Mr. Guido's conviction for failing to maintain his

registration as a sex offender under Cal. Penal Code § 290 is a crime involving moral turpitude

("CIMT") and that Mr. Guido is, therefore, statutorily ineligible for adjustment of status with an

accompanying waiver under former Immigration and Nationality Act ("INA") § 212(c).  For the

reasons set forth below, the Board should hold that its decision in *Tobar-Lobo* has been

1

undermined by the Ninth Circuit's decisions in *Navarro-Lopez v. Gonzales*, __ F.3d __,, 2007 WL 2713211 (9th Cir. Sept. 19, 2007), and *Quintero-Salazar v. Keisler*, __ F.3d __, 2007 WL 2916172 (9th Cir. Oct. 9, 2007), and that Mr. Guido's conviction under Cal. Penal Code § 290 cannot be characterized as a CIMT. In the alternative, the Board should convene an *en banc* panel and overrule its decision in *Tobar-Lobo.*

## ARGUMENT

### I.  MR. GUIDO'S CONVICTION FOR FAILING TO MAINTAIN HIS REGISTRATION UNDER CAL. PENAL CODE § 290 CANNOT BE CHARACTERIZED AS A CIMT.

In *Navarro-Lopez, supra*, the Ninth Circuit clarified that there are two types of CIMTs: (1) offenses that categorically involve an intent to defraud and (2) offenses that are so base, vile, and depraved that "they offend society's most fundamental values" or "shock society's conscience." 2007 WL 2713211 at * 9-10 (Reinhardt, J., concurring).[1] "To be considered a crime involving moral turpitude, a crime other than fraud must be more than serious; it must offend the most fundamental values of society, or as some would say, 'shock the public conscience.'" *Id.* at *9, *quoting Medina v. United States*, 259 F.3d 220, 227 (4th Cir. 2001)(*quoting Matter of Danesh*, 19 I & N Dec. 669, 670 (BIA 1988)). Because "[n]ot all serious crimes" rise to the level of involving moral turpitude, the Court stressed that in determining whether a particular offense involves moral turpitude, it is appropriate to "compare a crime's depravity with that of crimes [the Ninth Circuit has] previously determined to be base, vile, and depraved – crimes such as murder, rape, and incest." *Id.* To emphasize the high bar the

---

[1] Although cast as a concurrence, Judge Reinhardt's opinion garnered a majority (8 of 15) of the judges on the *en banc* panel.

2

Court had set for a crime to qualify as a CIMT, both Judge Pregerson's opinion for the Court and Judge Reinhard's concurrence (which was supported by a majority of the Court) noted that even some very serious crimes like "assault with a deadly weapon" do not rise to the level of involving moral turpitude. *Id.* at *5, 9, *citing Carr v. Gonzales*, 86 F.3d 949, 951 (9th Cir. 1996).

In determining whether Mr. Guido's conviction under Cal. Penal Code § 290 qualifies as a CIMT, the Board must apply the "categorical" approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159,1163 (9th Cir. 2006), *citing Cuevas-Gaspar v. Gonzales,* 430 F.3d 1013, 1017 (9th Cir. 2005). Under the categorical approach, the Board must "make a categorical comparison of the elements of the statute of conviction to the generic definition [of a "crime involving moral turpitude"] and decide whether the conduct proscribed [by the state statute] is broader than, and so does not categorically fall within, this generic definition." *Huerta-Guevara v. Ashcroft,* 321 F.3d 883, 887 (9th Cir. 2003). Under this approach, "[t]he issue is not whether the actual conduct constitutes a crime involving moral turpitude, but rather, whether the full range of conduct encompassed by the statute constitutes a crime of moral turpitude." *Fernandez-Ruiz*, 468 F.3d at 1163, *quoting Cuevas-Gaspar*, 430 F.3d at 1017.

Under the high bar set by the Ninth Circuit in *Navarro-Lopez*, Cal. Penal Code § 290 simply cannot be characterized categorically as a CIMT. As Board Member Filppu correctly noted in his dissenting opinion in *Tobar-Lobo*:

> The statute is extraordinarily broad. As interpreted by the California courts, it includes instances in which an individual fails to register for reasons that do not involve evil intent or a corrupt mind. *See, e.g., People v. Barker*, 96 P.3d 507 (Cal. 2004). Among those with the least culpable conduct necessary for a conviction would be a defendant who was previously advised of the requirement to register, who had not moved since the last

3

annual registration, but who simply forgot to reregister within 5 days of his or her last birthday, as required under the statute. *See People v. Moss*, 120 P.3d 1050 (Cal. 2005) (vacating a court of appeals decision in light of *People v. Barker, supra,* which the appellate court subsequently found in an unpublished order required the rejection of a forgetfulness defense for a defendant who went to the police department 6 working days late to update his registration); *see also People v. Cox*, 115 Cal. Rptr. 2d 123 (Cal. Ct. App. 2002); section 290(a)(1)(D) of the California Penal Code. No harm to any person need be shown, nor any intent to cause harm, nor even a level of deviousness.

*Tobar-Lobo*, 24 I & N Dec. at 148-49 (Filppu, J., dissenting).

Although the IJ gave great weight to the fact that Mr. Guido pled guilty to a "willful" violation of § 290, "the presence of willful conduct alone does not mean that a crime is turpitudinous." *Id.* at 148. Rather, "it is *the combination* of the base or depraved act *and* the willfulness of the action that makes [a] crime one of moral turpitude." *Fernandez-Ruiz*, 468 F.3d at 1165 (*quoting Grageda v. U.S. INS*, 12 F.3d 919, 922 (9th Cir. 1993). Because forgetting to register simply cannot be characterized as conduct which "shocks the conscience," convictions under § 290 cannot be categorically characterized as CIMTs. Quite the contrary: "the California statute at issue is a 'regulatory offense,'" the kind of offense which has "traditionally been viewed as lacking the baseness or evil intent needed to find moral turpitude." *Tobar-Lobo*, 24 I & N Dec. at 149 (Filppu, J., dissenting), *citing Matter of L-V-C-*, 22 I&N Dec. 594 (BIA 1999).

Finally, it must be noted that the Board's decision in *Tobar-Lobo* leads to an absurd result. Although unlawful sexual intercourse with a minor is not a CIMT. *Quintero-Salazar, supra,* an individual convicted of such an offense may be required to register under Cal. Penal Code § 290, *see People v. Hofsheier*, 37 Cal.4th 1185 (2006), and under *Tobar-Lobo*, if such an individual forgets to register and is convicted under § 290, he must be considered to have been convicted of a CIMT even though the crime that led to the registration requirement was not

4

turpitudinous. In *Navarro-Lopez*, the Ninth Circuit cautioned against just this type of irrational decision-making, and the Board must, therefore, conclude that, in light of *Navarro-Lopez* and *Quintero-Salazar*, Mr. Guido's conviction under Cal. Penal Code § 290 is not a CIMT.

## CONCLUSION

For the foregoing reasons, the Board should hold that its decision in *Tobar-Lobo* has been undermined by the Ninth Circuit's decisions in *Navarro-Lopez* and *Quintero-Salazar*, and that Mr. Guido's conviction under Cal. Penal Code § 290 cannot be characterized as a CIMT. In the alternative, the Board should convene an *en banc* panel and overrule its decision in *Tobar-Lobo*. Moreover, because Mr. Guido's conviction under § 290 cannot be characterized as a CIMT, the Board should remand this case to the IJ in order to allow Mr. Guido an opportunity to seek adjustment of status with an accompanying waiver under former § 212(c).[2]

Dated: October 23, 2007

Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

Robert B. Jobe
Attorney for Respondent

---

[2] Because Mr. Guido is *prima facie* eligible for adjustment of status, the IJ plainly abused his discretion – and violated Mr. Guido's right to a fundamentally fair hearing – in refusing to continue Mr. Guido's proceedings for the brief period that it would take the USCIS to adjudicate the visa petition that Mr. Guido's son had filed on Mr. Guido's behalf. In any event, the IJ's refusal to briefly continue Mr. Guido's proceedings was inextricably tied to the IJ's belief that Mr. Guido was statutorily ineligible for relief. Thus, if the Board determines that Mr. Guido's conviction under § 290 is not a CIMT, it should remand this case to the IJ for further proceedings on Mr. Guido's applications for relief.

5

# Attachment 2

v OFFICE OF ROBERT B JOBE
550 KEARNY STREET STE 200
SAN FRANCISCO CA 94108
(415) 956-5513
FAX: (415) 956-0850
WWW.JOBELAW.COM

## FACSIMILE TRANSMITTAL SHEET

TO:

**Officer De Leon**

FROM:

**Chelsea HaleyNelson, Law Office of Robert B. Jobe**

DATE: **November 30, 2007**

**FAX: (415)844-5511**

TOTAL NO. OF PAGES INCLUDING COVER:

RE:

**Jose Guidoe Ruiz** A 41-840-419

[X] URGENT    [X] FOR REVIEW    [ ] PLEASE COMMENT    [ ] PLEASE REPLY    [ ] PLEASE RECYCLE

NOTES/COMMENTS:

Officer De Leon,

Please see attached stay motion filed in the Ninth Circuit today, along with Petition for Review.

Sincerely,

Chelsea E. HaleyNelson
Attorney at Law
Law Office of Robert B. Jobe
550 Kearny Street, Suite 200
San Francisco, CA 94108
**(415) 956-5513 x 121**
FAX: (415) 956-0850
chelsea@jobelaw.com

# Attachment 3

# LAW OFFICE OF ROBERT B. JOBE

550 KEARNY STREET, SUITE 200
SAN FRANCISCO, CA 94108
415.956.5513 (PHONE)
415.956.0850 (FAX)

ROBERT B. JOBE
MARIROSE PICIUCCO
CHELSEA HALEYNELSON
ARWEN SWINK
STEPHANIE C. SMITH

CECILY E. CLEMENTS
SARAH AIRD
SARA COPPIN
CHRISTINE L. LIN
SHOSHANA O'KEEFE
KATHERINE M. LEWIS

November 30, 2007

*via fax*
ICE Deportation
Department of Homeland Security
630 Sansome Street
Att; Officer De Leon
San Francisco, CA

     re:    **Jose GUIDO-RUIZ, A 41-840-419**

Dear Immigration Officer,

     Attached is a copy of Mr. Guido-Ruizs's motion for stay of removal, which was filed with the U.S. Court of Appeals for the Ninth Circuit today. **Please note that the filing of this motion stays Mr. Guido-Ruizs's deportation until the Court rules on that motion.** *See De Leon v. INS*, 115 F.3d 643, 644 (9th Cir. 1997)("The filing of a motion for stay or a request for a stay . . . will stay a petitioner's deportation temporarily until the court rules on the stay motion."). *See also* attached Ninth Circuit General Order 6.4(c)("Upon the filing of a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the court.").

     Please contact me if you have any questions.

Sincerely yours,

LAW OFFICE OF ROBERT B. JOBE

Chelsea E. HaleyNelson
Attorney at Law

# Attachment 4

## DECLARATION OF CHELSEA E. HALEYNELSON

I, Chelsea E. HaleyNelson, declare:

1.     I am an attorney and a member in good standing of the bar of the State of California.  I am an associate in the Law Office of Robert B. Jobe.  Our office represents Jose Guido-Ruiz ("Mr. Guido"), A 41-840-419 in his immigration proceedings.

2.     On November 30, 2007, our office received a phone call from Mr. Guido that his removal was imminent. At 2:32 p.m. that same day, I filed a Petition for Review and a Motion for a Stay of Removal with the Ninth Circuit Court of Appeals. *See* Attachment A (*Petition for Review and Motion for Stay of Removal*).

3.     At approximately 2:43 p.m., I received the file-stamped copy of Mr. Guido's Motion for Stay of Removal from the Ninth Circuit.  I immediately called the San Francisco Office of Immigration and Customs Enforcement ("ICE"), Detention and Removal ("DRO") to communicate that a stay had been filed on Mr. Guido's behalf and that his removal should be halted.

4.     I called the ICE DRO main deportation line, (415) 844-5512 and spoke to an ICE officer in person. Although I did not record the officer's name, I explained to her that our office represented Jose Guido Ruiz, A 41-840-419, that his removal was imminent, that a stay of removal had been filed on Mr. Guido's behalf and therefore, his removal should be immediately halted.  I asked to speak directly to the officer in charge of overseeing Mr. Guido's removal.  The answering ICE officer confirmed Mr. Guido's A number and indicated that Officer De Leon was in charge of overseeing his removal.

5.     I then confirmed with the ICE officer that the fax number for the ICE DRO, and the best fax number for Officer De Leon, was (415) 844-5511.  I told the ICE officer that I would be immediately faxing over the filed motion and that it was essential that the faxed stay got to Officer De Leon promptly.

6.     At approximately 2:51 p.m., I faxed a copy of the file-stamped Petition for Review and Motion for a Stay of Removal to (415) 844-5511, to Officer De Leon's attention.  A cover letter explaining that the filing of a Motion for a Stay of Removal immediately stayed Mr. Guido's deportation until the Ninth

Circuit ruled on his request for a stay accompanied the fax. *See* Attachment B (*Fax Transmittal with Cover Letter*).

7.      At approximately 2:57 p.m. I again called ICE DRO's Deportation main line ((415) 844-5511) and confirmed with the answering ICE officer that Mr. Guido's stay had been successfully faxed. I verbally confirmed that Officer De Leon was personally in receipt of Mr. Guido's stay motion. I then asked to speak directly to Officer De Leon, but was transferred to his voicemail. I did not leave a message because I wanted to communicate directly with him regarding Mr. Guido's stay.

8.      Frustrated at being unable to speak with Officer De Leon in person, I again called the ICE Deportation main line and explained to the answering officer that the call related to an emergency stay which had been granted, that it was insufficient to transfer the call to voicemail and that an officer needed to respond in person. I requested to speak  directly to Officer De Leon or a Supervising ICE Officer. I was immediately transferred to Officer De Leon's voicemail again. I left a message informing Officer De Leon of the stay and requesting that he promptly respond to verify his receipt of the stay.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability and that this declaration, made in conformity with 28 U.S.C. 1746, was executed in San Francisco, California, on December 5, 2007.

Chelsea E. HaleyNelson
Attorney at Law