JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSE GUIDO RUIZ, ) | No. C07-3873 CW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPLY BRIEF |
| ) | |
| LT. DAVID SEPULVEDA, Jail ) | |
| Administrator, Santa Clara County ) | |
| Department of Correction; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pursuant to the Court's order dated March 19, 2008, Respondents respectfully submit this reply brief.

**DISCUSSION**

A. <u>PETITIONER'S HABEAS PETITION IS MOOT</u>

Petitioner contends that his current criminal custody status[1] does not render his habeas petition moot. Petitioner's Response to Order, p. 2. He asserts that the Court may still direct Respondents to give him "either a bond hearing or a <u>Matter of Joseph</u> hearing under [8 U.S.C. § 1226(c)] that comports with due process." <u>Id.</u>, pp. 2-3. However, once the administrative

---

[1] On March 5, 2008, a grand jury in the Southern District of California indicted Petitioner of violating 18 U.S.C. § 1326(a) and (b) (attempted illegal reentry), as well as 18 U.S.C. § 1546(a) (misuse of an entry document). <u>See</u> Exh. N.

REPLY BRIEF
No. C07-3873 CW

1  proceedings are complete, neither the Board of Immigration Appeals ("BIA") nor the Immigration
2  Court have jurisdiction to make custody decisions. 8 C.F.R. § 1236.1(d). Moreover, section 1226,
3  Title 8, United States Code, "provides that once the agency's removal proceedings are 'complete,'
4  procedures regarding detention and release of alien's are controlled by [8 U.S.C. § 1231]."
5  Verdugo-Gonzalez v. Ridge, No. 07cv0402 LAB, 2008 WL 170018, at *2-3 (S.D. Cal.
6  Jan. 17, 2008). Accordingly, contrary to Petitioner's arguments, when the BIA denied Petitioner's
7  appeal, the basis of his detention shifted from 8 U.S.C. § 1226 to § 1231. Regardless, under either
8  statute, Petitioner's claims are now moot.

9  Under § 1231, the agency must endeavor to remove the alien within ninety days after the
10 start of the removal period. 8 U.S.C. § 1231(a)(1)(A). Here, the agency removed Petitioner just
11 four days after the BIA dismissed his appeal. Respondents' Status Report, Electronic Docket No.
12 12, Exh. J. That event mooted the instant habeas petition. Abdala v. INS, 488 F.3d 1061, 1064 (9th
13 Cir. 2007); see also Cruz-Celaya v. Gonzales, No. C 07-3470 MJJ, slip op. (N.D. Cal. Apr. 1, 2008)
14 (dismissing habeas petition as moot in light of the petitioner's removal) (attached as Exh. O);
15 Shamim v. Chertoff, No. C 07-4308 SI, 2008 WL 509335, at *3 (N.D. Cal. Feb. 22, 2008) (". . . a
16 habeas petition challenging only the length of the pre-removal detention, not the lawfulness of the
17 deportation order, becomes when the petitioner is removed and released from custody.").

18 In Abdala, the alien filed a habeas petition challenging the length of his post-order detention
19 under § 1231(a). Abdala, 488 F.3d at 1061. One month after filing the habeas petition, he sought
20 a temporary restraining order and a preliminary injunction enjoining his removal. Id. at 1063.
21 Before the district court ruled on the motion, the government deported the alien. Id. The district
22 court denied the motion two days later. Id. The alien sought leave to amend his habeas petition.
23 Id. The district court denied the motion, and held that the habeas petition was moot. Id. On appeal,
24 the Ninth Circuit Court of Appeals explained:

25 > For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining "collateral consequence"
26 > that may be redressed by success on the petition.

27 Id. at 1064 (citations omitted). The appellate court further distinguished Zegarra-Gomez v. INS, 314
28 F.3d 1124 (9th Cir. 2003), because there, the habeas petitioner sought relief from deportation under

former 8 U.S.C. § 1182(c).[2] Abdala, 488 F.3d at 1064. In contrast, in Abdala, because the petitioner identified no collateral consequences arising from his deportation, the district court properly dismissed his habeas petition as moot. Id. at 1065. Here, as in Abdala, Petitioner has failed to identify any "collateral consequences of deportation that his original petition could have redressed."[3] Id.

B. ANY CHALLENGE TO THE DETAINER IS A NEW CLAIM THAT DOES NOT RELATE BACK TO THE FIRST HABEAS PETITION

Petitioner argues that because he reentered the United States, was arrested, and is now under an immigration detainer, he "continues to be 'threatened with . . . an actual injury traceable to' the BIA's [] conclusion that he is subject to mandatory detention." Petitioner's Response, p. 3. Contrary to Petitioner's assertion, the detainer has no relation to whether there is a decision by the Board of Immigration Appeals. A detainer "serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). Thus, a detainer relates only to the fact that the person in custody might be removable. A detainer has been filed in the instant case. See Exh. P.

The Ninth Circuit has rejected the notion that a detainer letter suffices to place an alien in immigration custody.[4] Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995); see also Martinez v. Mukasey, No. 06-56458, 2008 WL 152653, at *1 (9th Cir. Jan. 17, 2008) ("Habeas corpus is not

---

[2] As noted in the Government's Return, on May 11, 2005, the district court's review of habeas petitions was confined to issues of detention. Return, Electronic Docket No. 7, p. 3. Thus, decisions such as those at issue in Zegarra-Gomez, 314 F.3d 1124, are now beyond the Court's jurisdiction. REAL ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231.

[3] Petitioner's arguments regarding the live case or controversy presented by his Ninth Circuit petition for review are irrelevant to the issues in the case at hand.

[4] Respondents acknowledge this Court's recent decision in Vi v. Alcantar, C 07-5527 CW, slip op. (N.D. Cal. April 4, 2007), that is to the contrary, but note that there, the Court found it important that a final order of deportation accompanied the detainer. Id., at 5. Here, Petitioner's order of removal has already been executed. Respondents' Status Report, Electronic Docket No. 12, Exh. J. Furthermore, as noted on the detainer itself, an "[i]vestigation has been initiated to determine whether [Petitioner] is subject to removal from the United States." See Exh. P. The detainer is not accompanied by a notice to appear, a warrant of arrest, or an order of removal. Id. Accordingly, Petitioner challenges a letter of detainer that stands alone.

REPLY BRIEF
No. C07-3873 CW                    3

available to challenge the detainer."); Prasad v. INS, No. C 00-4755 SI, 2001 WL 1256852, at *2 (N.D. Cal. Oct. 17, 2001) (dismissing habeas petition brought by alien in custody pursuant to state conviction, and not pursuant to action by immigration officials, notwithstanding existence of a detainer).

Moreover, any challenge to the detainer does not relate to the instant habeas petition. Amendments to habeas petitions must follow the rules of civil procedure.[5] 28 U.S.C. § 2242. Thus, Fed. R. Civ. P. 15 governs Petitioner's new claim. Rule 15(c) provides that:

> An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed. R. Civ. P. 15(c). The U.S. Supreme Court has addressed the meaning of the words "conduct, transaction, or occurrence" as they apply to amendments to habeas petitions. Mayle v. Felix, 545 U.S. 644 (2005).

In Mayle, both the petitioner's initial and amended habeas petitions challenged alleged errors in his criminal trial. Id. at 651-52. The petitioner's first habeas petition, filed within the one-year limitation period on federal habeas corpus petitioners imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, targeted admission of videotaped witness testimony. Id. at 651. His amended petition, filed five months after the expiration of the time limit, targeted admission of his pretrial statements. Id. at 651-52. The petitioner argued that because both claims challenged the constitutionality of the same criminal conviction, the new claim arose out of the "conduct, transaction, or occurrence set forth...in the original pleading," and thus fell within the applicable one year limitation period. Id. at 652 (citation omitted). The district court dismissed the new claim as time barred; however, the Ninth Circuit reversed and remanded. Id. at 653.

///

---

[5] The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(2).

REPLY BRIEF
No. C07-3873 CW                    4

The U.S. Supreme Court granted certiorari "to resolve the conflict among Courts of Appeals on relation back of habeas petition amendments." Id. The Court noted that under the Ninth Circuit's interpretation of Rule 15, "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." Id. at 656-57. The Court rejected the petitioner's "translation of same 'conduct transaction, or occurrence' to mean same 'trial, conviction, or sentence.'" Id. at 664. Accordingly, the Court held that an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that <u>differ in both time and type</u> from those the original pleading set forth." Id. at 649 (emphasis added).

Here, Petitioner apparently now challenges a detainer that was issued well after he filed the instant habeas petition, and which bears no relation to his previous custody status. See Exh. P. Thus, because this challenge differs in both time and type from the original habeas petition, it does not relate back and must be raised in a new pleading. Mayle, 545 U.S. at 649; see also Iasu v. Smith, 511 F.3d 881, 888-89 (9th Cir. 2007) (affirming district court decision that amended habeas petition raising a new claim did not relate back to the original petition, which had been mooted by the petitioner's release from custody). Moreover, the detainer against Petitioner was issued by immigration authorities in San Diego, California, id., and Petitioner is in custody in the federal correctional facility there. Respondents' Status Report, Electronic Docket No. 12, Exh. M. Accordingly, Petitioner's new challenge, if allowed at all, must be brought against the proper respondent in San Diego. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Santiago v. INS, 134 F. Supp. 2d 1102, 1104 (N.D. Cal. 2001).

///
///
///
///
///
///

REPLY BRIEF
No. C07-3873 CW                                    5

**CONCLUSION**

The instant habeas petition was mooted on November 30, 2007, when Petitioner was removed from the United States.  Respondents respectfully request the Court to dismiss the petition.

Dated: April 8, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

 /s/
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Respondents

EXHIBIT N

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED

08 MAR -5 PM 2:58

DEPUTY

08 CR 0623  LAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| Plaintiff, ) | **I N D I C T M E N T** |
| v. ) | Title 8, U.S.C., Secs. 1326(a) and (b) - Attempted Entry After Deportation; Title 18, U.S.C., Sec. 1546(a) - Misuse of Entry Document |
| JOSE GUIDO-RUIZ, ) | |
| Defendant. ) | |

The grand jury charges:

Count 1

On or about January 28, 2008, within the Southern District of California, defendant JOSE GUIDO-RUIZ, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States to Mexico, and not having obtained said express consent to reapply for admission thereto; and committed an overt act to wit, crossing the border from Mexico into the United States,

WDK:fer:San Diego
3/4/08

1  that was a substantial step toward committing the offense, all in
2  violation of Title 8, United States Code, Sections 1326(a) and (b).
3  It is further alleged that defendant JOSE GUIDO-RUIZ was removed
4  from the United States subsequent to August 21, 2003.

### Count 2

6  On or about January 28, 2008, within the Southern District of
7  California, defendant JOSE GUIDO-RUIZ, when applying for entry into
8  the United States at the Port of Entry, San Ysidro, California, did
9  personate another by presenting to a United States Department of
10 Homeland Security Customs and Border Protection Officer, a document
11 of entry, to wit, a DSP-150, Border Crossing card, bearing the name
12 of Jose Rosario Osuna-Camacho, in order to gain admission into the
13 United States; in violation of Title 18, United States Code,
14 Section 1546(a).

15 DATED: March 5, 2008.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
DOUGLAS KEEHN
Assistant U.S. Attorney

2

EXHIBIT O

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ZOILA CRUZ-CELAYA, | No. C07-03470 MJJ |
| Plaintiff, | **ORDER DISMISSING HABEAS PETITION AS MOOT** |
| v. | |
| ALBERTO GONZALES, | |
| Defendant. | |

On July 3, 2007, Petitioner Maria Zoila Cruz-Celaya ("Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her detention by the Department of Homeland Security.

On February 19, 2008, Respondents filed a notice of removal and supporting declaration, indicating that Petitioner had been removed from the United States on February 15, 2008 and is no longer in the custody of Respondents. Respondents requested that the petition be dismissed in light of this development. On March 24, 2008, Petitioner, through counsel, filed a statement indicating that she does not oppose dismissal of the petition, in light of the removal of Petitioner.

Good cause appearing therefor, the Court **DISMISSES AS MOOT** the habeas petition. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 1, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
6      Telephone: (415) 436-6730
       FAX: (415) 436-7169
7
   Attorneys for Respondents
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                          SAN FRANCISCO DIVISION

12
   JOSE GUIDO,                          )   No. C07-3873 CW
13                                      )
                    Petitioner,         )
14                                      )
            v.                          )   DECLARATION OF MELANIE PROCTOR
15                                      )
   LT. DAVID SEPULVEDA, Jail            )
16 Administrator, Santa Clara County    )
   Department of Correction; et al.,    )
17                                      )
                    Respondents.        )
18 _____ )

19 I, Melanie Proctor, declare and state as follows:

20     1.    I am employed by the United States Attorney's Office, Northern District of

21 California, as an Assistant United States Attorney. My current employment address is 450 Golden

22 Gate Avenue, Box 36055, San Francisco, California, 94102. I am the attorney assigned to the

23 above-captioned matter.

24     2.    Immigration and Customs Enforcement, San Diego, provided me with the copy of

25 the detainer attached hereto as Exhibit P.

26 ///

27 ///

28 ///

PROCTOR DECLARATION
No. C07-3873 CW

1  A true copy of said documents accompanies the Government's Reply in this case.
2  Signed this 8th day of April, 2008, in San Francisco, California.

                                        /s/
                                    MELANIE L. PROCTOR

PROCTOR DECLARATION
No. C07-3873 CW                        2

# EXHIBIT P

# Immigration Detainer – Notice of Action

| | |
|---|---|
| File No. | A41 840 419 |
| Event #: | SYS-08-01-052 |
| Date: | 01/29/08 |

**To:** (Name of Institution) or Any Subsequent Law Enforcement Agency)
WARDEN, Metropolitan Correction Center
808 Union Street
SAN DIEGO    California 92101

**From:** (INS office address)
U.S. CBP, District Office
880 Front Street
San Ysidro, CA    92101

**Name of Alien:** Jose GUIDO-Ruiz  ****Defendant****

**Date of birth:** ███████    **Nationality:** Mexico    **Sex:** Male
**FBI #:** 449443PA5    **SID #:** CA/09920547

You are advised that the action taken below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution.

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____
  (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
  (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment, which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for CBP assume custody of the alien. You may notify CBP by calling (619) 557-5044 during business hours or (619) 690-8887 after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of the form and return it to this office ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to _____
  (Area code and phone number)

Return Fax to the attention of _____, at _____

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____

_____    CBP Enforcement Officer, #7542
(Signature of CBP official)    (Title of CBP official / Star #)

**Receipt acknowledged:**

Date of latest conviction: _____    Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev 4-1-97)N