IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE GUIDO,

       Petitioner,

   v.

LT. DAVID SEPULVEDA, Jail Administrator, Santa Clara County Department of Correction, et al.,

       Respondents.

                       /

No. C 07-3873 CW

ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS

    Petitioner Jose Guido brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his former detention by U.S. Immigration and Customs Enforcement (ICE) was based on an incorrect interpretation of the Immigration and Nationality Act (INA). Respondents David Sepulveda, Edward Flores, Anthony M. Aiello, Julie Myers, Michael Chertoff and Michael Mukasey[1] oppose the petition. The matter was taken under submission on the papers. Having considered all of the papers

---

[1] The petition names Peter D. Keisler as a Respondent in his capacity as Attorney General of the United States. Because Michael Mukasey is now the Attorney General, he is automatically substituted for Mr. Keisler. See Fed. R. Civ. P. 25(d)(1) (if a public officer who is a party to a lawsuit ceases to hold office, the officer's successor is automatically substituted as a party).

submitted by the parties, the Court denies the petition as moot.

BACKGROUND

Petitioner is a Mexican national. He entered the United States in 1987 and became a lawful permanent resident in 1989. In 1992, Petitioner plead guilty to a felony violation of California Penal Code § 288(a) for committing a lewd and lascivious act upon a child under the age of fourteen. He was sentenced to nine months of incarceration, three years of probation, counseling and community service. He was also ordered to register as a sex offender pursuant to California Penal Code § 290. In 2003, Petitioner was convicted of a misdemeanor for failing to register as a sex offender. He was given a suspended sentence and placed on probation for twenty-four months.

In March, 2007, U.S. Immigration and Customs Enforcement (ICE) initiated removal proceedings against Petitioner, charging him with being removable as an alien convicted of an aggravated felony. ICE also determined that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) and took him into custody, holding him without bond. Petitioner moved for a bond re-determination hearing. On April 20, 2007, an Immigration Judge (IJ) denied Petitioner's motion, agreeing with the government that he was subject to mandatory detention. Petitioner appealed this decision to the Board of Immigration Appeals (BIA). The BIA denied the appeal on May 22, 2007.

On July 6, 2007, an IJ ordered Petitioner removed to Mexico. Petitioner appealed this decision to the BIA as well. On July 27, 2007, while his appeal was pending, he filed the present habeas

action.  The petition charges Respondents with incorrectly interpreting 8 U.S.C. § 1226(c) as imposing mandatory detention on Petitioner.  It also asserts that the procedures governing Petitioner's bond hearing did not comport with due process.  The petition seeks an order requiring Respondents to conduct a new bond hearing that affords him due process and relies upon a correct interpretation of 8 U.S.C. § 1226(c).

On November 26, 2007, the BIA denied Petitioner's appeal of his removal order.  On November 30, 2007 at approximately 2:30 p.m., Petitioner moved the Court of Appeals for the Ninth Circuit for a stay of removal.  Thirty minutes later, Petitioner's counsel notified ICE that Petitioner had moved for a stay, and that a temporary stay was therefore in effect.  That same day, however, Petitioner was removed to Mexico.  It is not clear at what time the removal took place.

On or about January 28, 2008, Petitioner allegedly attempted to re-enter the United States illegally.  He was arrested and is now in custody at the Metropolitan Correctional Center in San Diego, California.  On March 5, 2008, a grand jury indicted Petitioner of attempting to re-enter the United States after being removed and of impersonating another when applying for entry into the United States.

## DISCUSSION

Respondents argue that Petitioner's removal renders the petition moot.  Although being deported after filing a habeas petition does not necessarily moot a petitioner's claim, "[f]or a habeas petition to continue to present a live controversy after the

3

1 petitioner's release or deportation, . . . there must be some
2 remaining 'collateral consequence'" arising from the deportation
3 that "may be redressed by success on the petition." Abdala v. INS,
4 488 F.3d 1061, 1064 (9th Cir. 2007).

5     While Petitioner's removal may have collateral consequences,
6 such as a bar on his re-entry into the United States, those
7 consequences cannot be redressed by the relief he seeks here.  This
8 action does not challenge the validity of Petitioner's removal
9 order, as do the proceedings underway in the Ninth Circuit.  It
10 challenges only the validity of ICE's assertion that Petitioner's
11 previous confinement was required under the mandatory detention
12 provision, 8 U.S.C. § 1226(c).  The most Petitioner could hope to
13 gain from the relief he seeks -- a new bond hearing -- would be his
14 release from ICE custody pending a determination on whether he was
15 removable.  But Petitioner is no longer in ICE custody and has
16 already been removed.  Thus, the petition is moot.  See id. at 1065
17 (finding habeas petition moot where the petitioner had been removed
18 and the petition challenged only the length of his previous
19 confinement).

20     Petitioner maintains that when he is released from his current
21 criminal confinement, he will likely be handed over to ICE and will
22 again be detained.  Supporting this contention is the fact that ICE
23 has filed a detainer letter with the Metropolitan Correction
24 Center.  But the Court cannot address the legality of Petitioner's
25 potential future detention when the factual and legal bases for
26 that detention are not yet known.  For example, it is not clear
27 that the detention would be governed by 8 U.S.C. § 1226(c), which

4

appears to apply only to aliens who have not yet been ordered removed, rather than 8 U.S.C. § 1231(a)(2), which provides for mandatory detention of aliens already ordered removed.  Yet the petition addresses only ICE's allegedly incorrect interpretation of the former statute.  If the latter statute applies, the bond hearing Petitioner seeks would be inapposite and would provide no effective relief.  In addition, it is not clear that the events that have occurred since the petition was filed would not permit Petitioner's detention on some other basis.  In short, the circumstances surrounding any future detention are not sufficiently developed to permit the lawfulness of such detention to be adjudicated on the present petition.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED as moot.  If, at some future time, it appears that Petitioner is being detained unlawfully, he may file another habeas petition at that time.  The clerk shall enter judgment and close the file.  Each party shall bear his or her own costs.

IT IS SO ORDERED.

Dated: 5/8/08

CLAUDIA WILKEN
United States District Judge

5